# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>    Defendants. | § § § § § § § § § § § § § § | Case No. 7:21-cv-00272 |
| THE STATE OF MISSOURI, and<br><br>THE STATE OF TEXAS,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>    Defendants. | § § § § § § § § § § § § § § § | Case No. 7:21-cv-00420<br>(formerly 6:21-cv-00052) |

**PLAINTIFF STATES' RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE**

## INTRODUCTION

Plaintiff States of Missouri and Texas respectfully request that the Court deny Defendants' motion to consolidate No. 7:21-cv-00272, *General Land Office of the State of Texas v. Biden* ("*GLO*"), and No. 7:21-cv-00420 (formerly No. 6:21-cv-00052), *Missouri and Texas v. Biden* ("*Missouri")*. ECF 20

The federal government used this same tactic earlier this year. In *Texas v. United States*, 2021 WL 3171958 (S.D. Tex. July 26, 2021) (Tipton, J.), Texas and Louisiana sued the federal government over changes in certain immigration-enforcement policies. *Id.* at *1. After fully briefing a preliminary injunction motion, a group of plaintiffs filed suit over the same policies in a different division of the Southern District of Texas; the federal government there, as here, then moved to consolidate the two actions. *See id.* at *1-*2. The district court denied the motion, finding that not a single factor justified consolidation. *See id.* at *2-*5.

This Court should do the same. There is little difference between Plaintiff States' suit and *Texas*. Here, as in *Texas*, consolidation is inappropriate. In both cases, none of the factors that courts consider when determining whether to consolidate actions weigh in favor of Defendants' request. Plaintiffs in *GLO* have no authority to maintain their suit on behalf of the State of Texas. Furthermore, given the pending motion to dismiss in *GLO*, consolidation is premature at the very least, if not prejudicial and inefficient. Finally, Plaintiff States have advanced their case to being closer to trial on the merits, moving for preliminary-injunctive relief within a month after filing suit, whereas the plaintiffs in *GLO* have not after four months of sitting on the Court's docket. The Court should deny Defendants' motion to consolidate.

## ARGUMENT

Fed. R. Civ. P. 42(a) permits consolidation of actions that "involve a common question of law or fact." As the party seeking consolidation, Defendants have the burden of establishing that consolidation is appropriate. *See Dynaenergetics Eur. GmbH v. Hunting Titan, Inc.*, 2021 WL 3022435, at *5 (S.D. Tex. July 15, 2021) (Lake, J.).

> Courts consider several factors in weighing whether to consolidate cases, including (1) whether the actions are pending in the same court; (2) whether the actions involve a common party; (3) whether there are common questions of law or fact; (4) whether consolidation poses risk of prejudice or confusion and, if so, whether that risk is outweighed by the risk of inconsistent adjudications of common factual or legal questions if the cases are tried separately; and (5) whether consolidation will conserve judicial resources by reducing the time and cost of trying the cases separately.

*Id.* "Another factor is whether the cases are at the same stage of preparation for trial." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.).

Ultimately, consolidation seeks to balance judicial efficiency with the rights of the parties. *See*, *e.g.*, *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018); *Walker v. Loop Fish & Oyster Co.*, 211 F.2d 277, 780-81 (5th Cir. 1954). Thus, consolidation is always inappropriate "[w]here prejudice to the rights of the parties obviously results from the order of consolidation." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966). It is also inappropriate where there is minimal efficiency from consolidation, especially if there is a risk, even a small one, of prejudice. *See Weir-Cove Moving & Storage Co. v. Fleet Owners Ins. Fund*, 2019 WL 266422, at *3 (N.D. Ohio Jan. 18, 2019) (noting the risk of complications and the minimal gain in efficiency militated against consolidation). All of these factors weigh against consolidation for several reasons.

2

**I.       That *Missouri* and *GLO* are pending in the same judicial district does not, by itself, justify consolidation.**

"The first factor a court considers in determining whether consolidation of cases is appropriate is whether the actions were filed in the same court. Courts have interpreted 'same court' as the same district." *Texas*, 2021 WL 3171958, at *2 (citing *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, No. 2:19-CV-300, 2020 WL 6749943, *2 (S.D. Tex. Mar. 3, 2020) (Morales, J.)).[1] A court, however, "still retains broad discretion to consolidate [or not consolidate] even when cases 'are pending in the same district.' " *Id.* (quoting *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989)).

Although *GLO* and *Missouri* were both filed in the Southern District of Texas, that alone does not justify consolidation. Indeed, it is only the "first factor" the Court considers. *Id.*

**II.      Key differences between the parties to the two suits make consolidation inappropriate.**

"The second factor is whether the two cases involve common parties." *Id.* at *3. This factor weighs against consolidation because the parties are different. *First*, while there is some overlap in defendants between *GLO* and *Missouri*, *Missouri* includes, as the federal government concedes (at 6), additional defendants: "the United States, Acting Director Miller and CBP[.]"

*Second*, and "[m]ost notably, the two cases have different plaintiffs" that are represented by different counsel. *Texas*, 2021 WL 3171958, at *3. The State of Missouri is not a party in *GLO*. Nor is the State of Texas. *See id.* (plaintiffs in one lawsuit were States of Louisiana and Texas, whereas the plaintiffs in the other lawsuit were local officials). The attorneys general representing these States in *Missouri* are not representing any of the plaintiffs in *GLO*. Thus, in light of these "key differences," the "second factor weighs against consolidation." *Id.*

---

[1] Following Judge Tipton's transfer Order to this Court, Defendants' concern (at 6) for allowing the two cases to proceed in front of "multiple judges of this Court," lacks merit.

3

Contrary to Defendants' assertions (at 5-7), the GLO and the Land Commissioner are *not* the State of Texas and cannot bring suit on the State's behalf. Instead, "either the Attorney General or a county or district attorney may represent the State in a particular situation, but these are *the only choices*." *Hill v. Tex. Water Quality Bd.*, 568 S.W.2d 738, 741 (Tex. Civ. App. 1978) (emphasis added); *see also* TEX. CONST. art. IV, § 22; TEX. GOV'T CODE §§ 402.021, .0212. Thus, the GLO and the Land Commissioner cannot bring suit on behalf of Texas—as it appears they purport to do by raising *parens patriae* claims. *See GLO*, ECF 1, ¶ 9. Only the Texas Attorney General may do so, and he has done so only in *Missouri*. *Missouri* is thus, as Defendants argue (at 4-5), not a suit involving a "component[] of the State of Texas[.]" It is a suit involving the State itself. *GLO* is not.

Further underscoring the impropriety of consolidation here is that consolidation would offend Texas's sovereignty. Texas has a sovereign right to determine who will bring suit on its behalf. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982) ("[T]he exercise of sovereign power over individuals and entities within the relevant jurisdiction … involves the power to create and enforce a legal code."); *cf. Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949) ("[T]he sovereign can act only through agents."). "In matters of litigation," that person is the Attorney General of Texas; he "is the officer authorized by law to protect the interests of the State, and even in matters of bringing suit the Attorney General 'must exercise judgment and discretion, which will not be controlled by other authorities.'" *Bullock v. Tex. Skating Ass'n*, 583 S.W.2d 888, 894 (Tex. Civ. App. 1979) (quoting *Charles Scribner's Sons v. Marrs*, 262 S.W. 722, 727 (Tex. 1924)).

Consolidating *Missouri* and *GLO* would effectively mean the Land Commissioner's decisions as to where and when to sue on behalf of the State of Texas overrides those of the

4

Attorney General in this case—in direct contradiction with Texas's sovereign choices vesting that decision in the Attorney General. Respect for Texas's sovereignty—and principles of federalism more generally—thus militate strongly against consolidating *Missouri* and *GLO*. *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

**III. The number of different, significant factual and legal issues make consolidation inappropriate.**

"The third factor is whether there are common questions of law and fact." *Texas*, 2021 WL 3171958, at *3. This factor too weighs against consolidation.

Defendants are simply wrong to claim (at 5-6) that there is enough factual and legal commonality to justify consolidation. While it is true that there is overlap in the legal theories between the two cases, there are also significant differences. For example, the complaint in *Missouri* alleges that Defendants violated the Impoundment Control Act, ECF 1, ¶¶ 96-114; there is no such claim in *GLO*. The *Missouri* complaint raises numerous, unique theories about why Defendants' decision to terminate contracts to build the border wall was arbitrary and capricious under the APA that are absent in *GLO*—for example, that Defendants failed to consider the States' reliance interests. *See id.* ¶¶ 128–32. As discussed above, the GLO and the Land Commissioner cannot sue on behalf of Texas, and so—logically—they do not raise that claim in *GLO*.

Indeed, that GLO and the Land Commissioner cannot represent the State of Texas is, in and of itself, a major difference between the two cases. It raises questions about the scope of remedies. The factual center of gravity of *GLO* is the effect the federal government's decision not to build a wall on the southwest border has on the agency's farm. *See, e.g.*, *GLO*, ECF 1, ¶¶ 6-7, 65-67. That suggests the GLO and the Land Commissioner cannot obtain relief beyond walling off the GLO Farm. By contrast, Texas and Missouri are entitled to broader relief—indeed, they are likely entitled to a nationwide injunction. *See Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015).

5

That the scope of relief is vastly different between the two lawsuits is another reason to deny consolidation. *See Texas*, 2012 WL 3171958, at *4 (noting that differences in remedies justify denying consolidation).

Thus, "[i]n light of the many differences in the legal issues implicated, claims raised, and relief sought … the third factor weighs against consolidation." *Id.*

IV. **The procedural postures of *GLO* and *Missouri* make consolidation inappropriate since it prejudices the *Missouri* Plaintiffs, will not significantly increase judicial economy, and is not likely to result in inconsistent adjudications.**

"The fourth factor weighs the risk of prejudice against the risk of inconsistent adjudication." *Id.* at *4. And the "fifth and final factor is the effect of consolidation on judicial economy." *Id.* at *5. These factors weigh in favor of the States and against consolidation.

Consolidation is inappropriate because the different procedural postures of *GLO* and *Missouri* make any efficiency gains minimal while also increasing the risk of prejudice. Pending in *GLO* is a motion to dismiss. *See GLO*, ECF. 18. That motion is not ripe for decision, nor is it clear when it will be—the Court stayed briefing on it pending resolution of Defendants' consolidation request. *See GLO*, ECF 21, at 2. The *GLO* plaintiffs have not filed any motion for preliminary relief, or otherwise sought to expedite that litigation, despite filing their lawsuit in July. By contrast, Plaintiffs in *Missouri* filed a motion for a preliminary injunction, which will be fully briefed and ripe for decision less than two months after filing their lawsuit. *See Missouri*, ECF 24, at 2 (setting the briefing schedule after granting Defendants' request for an extension). That rapid movement will result in a concomitant acceleration of filing of the administrative record and judicial resolution.

The *Missouri* lawsuit is thus far ahead, procedurally, of *GLO*. Consolidation will thus not "expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Rather, it will delay resolution of the preliminary injunction

6

motion in *Missouri*, and thus delay resolution of that action generally. Such delay—especially given the urgency of the issues involved here, *see Missouri*, ECF 19, at 47–49 (discussing the irreparable harm Missouri and Texas have suffered and why the public interest justifies an injunction)—"reasonably could [lead] to the conclusion that" the two cases should be heard separately. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.3d 978, 990 (5th Cir. 1983); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."); *Dynaenergetics*, 2021 WL 3022435, at *8 (noting that the fact one case was "ready to proceed to discovery and trial" while the other was stayed cut against consolidation); *Moller-Maersk v. Safewater Lines*, 2017 WL 416296, at *5 n.9 (S.D. Tex. Jan. 31, 2017) (Harmon, J.) (collecting cases); *cf. Hall*, 138 S. Ct. at 1128 (forcing a party "to wait for other cases to conclude" would prejudice its rights).

That was the conclusion of the district court in *Texas v. United States*. To recap, the federal government in *Texas* sought to consolidate an older case with a ripe and fully briefed preliminary injunction motion with a just-filed action. 2021 WL 3171958, at *1. The district court noted that risk of prejudice from consolidation given the different posture of each case: "Consolidating the cases—and effectively pausing … consideration of the instant Motion to wait for further briefing … —would thus potentially prejudice the States in this case. This is especially true given that both sets of plaintiffs characterize their injuries as ongoing and irreparable." *Id.* at *5. The district court also noted that consolidation would not serve judicial economy. The differences between the cases "would likely" require, "at the very least, supplemental briefing" and more complex responses. *Id.* "Consolidation would [thus] undermine judicial economy by combining an already complex case before the Court with another complex case that has a different posture,

7

distinct standing issues, different claims, and unique requests for relief." *Id.*

The same is true here. Preliminary injunction briefing in *Missouri* will finish next month; indeed, the opening brief is already on file. The *GLO* plaintiffs are unlikely to have filed a response to Defendants' 70-page motion to dismiss. *See GLO*, ECF 18. To bring *GLO* up to *Missouri*'s procedural posture would take significant time, and during that time, Missouri and Texas would be suffering ongoing, irreparable harm—a fact Defendants (at 7) simply overlook. This would be on top of the prejudice to Texas's sovereign interests (discussed above) in ensuring that the Attorney General—not the Land Commissioner—controlled litigation done in the State's name. And while some of the issues between the two cases overlap, there are significant differences—as the Defendants acknowledge (at 5, conceding that the "complaints are not *completely* identical"). Specifically, there are "distinct standing issues, different claims," and the likelihood of different relief. *Texas*, 2021 WL 3171958, at *5. Those issues will require separate briefing and responses from the federal government.

Against the patent inefficiency and prejudice of consolidation is the low likelihood of inconsistent results. Indeed, the risk is so low that Defendants do not even quantify that risk or describe how it would eventuate, simply saying (at 6) that such a risk is a "possibility." In any event, that *Missouri* is moving forward much faster than *GLO* lessens the risk, as any decision in *GLO* will have the benefit of a considered order or judgment issued in *Missouri*. And query what practical significance any differences in judgments will be. All contrary judgments here mean that the federal government must build at least part of the border wall. That inconsistency is significantly less than that one would have in, for example, cases with significant third-party motions practice.

The upshot: consolidation "would not save judicial resources, and has the real possibility of

8

confusing the factual and legal issues at stake in both suits." *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590, at *3 (D. Nev. June 1, 2012) (denying consolidation where one case was at the summary judgment stage and the other had "not cleared the Motion to Dismiss hurdle"). At the same time, it would do little to prevent inconsistent results. As a result, consolidation is inappropriate.

**V.    At the very least, the procedural posture of the two cases makes consolidation premature.**

Ultimately, Defendants never analyze the key issue relating to consolidation—whether it will serve judicial economy and efficiency. They simply assert (at 7), with no analysis, that is the case. Besides being patently insufficient to carry their burden, Defendants' oversight highlights the fact that their motion is hopelessly premature.

That is because the pending motion to dismiss in *GLO* (and any motion to dismiss Defendants file in *Missouri*) may change the legal and factual issues, parties, and claims that make up the two lawsuits. To put it another way, if and how *Missouri* and *GLO* overlap and interplay is impossible to know at this juncture for it is impossible to know what each suit will look like after resolution of initial motions. Thus, when Defendants say (at 5-6), "the legal issues [in the two cases] are substantially similar," or that "the same parties would litigate the same issues," they are merely speculating. And their claim (at 6) that there is "the *potential* for inconsistent results," (emphasis added), is overstatement at best.

For these reasons, "[c]ourts have concluded that consolidation is premature when motions to dismiss are pending." *Benson v. Fischer*, 2019 WL 332434, at *2 (D. Minn. Jan. 25, 2019); *see Osman v. Weyker*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012); *Evans v. Int'l Paper Co.*, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011); *see also Dahhan v. OvaScience*, 2018 WL

9

3429901, at *3 (D. Mass. July 16, 2018) (denying consolidation due to a pending motion to dismiss in one case and lack of a responsive pleading in another case); *Thompson v. City of St. Peters*, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21, 2016) (denying consolidation "in light of the pending motions for judgment on the pleadings and for summary judgment"); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (Apr. 2021 update) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending."); *cf. Union Pac. R.R. Co. v. Harris County*, 2011 WL 13352048, at *2 (S.D. Tex. Mar. 4, 2011) (Lake, J.) (denying consolidation in part because of pending remand motions in some of the cases). "At this stage, it is too soon to ascertain the claims and parties which may remain in each case … [so] if the cases were consolidated prior to clarification of the legal claims, confusion and inconvenience could result." *Vickers v. Green Tree Servicing, LLC*, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015). As a result, "judicial efficiency would not be served by premature consolidation" and the Court should deny the Defendants' request. *Id.*[2]

## CONCLUSION

Plaintiff States respectfully request that the Court deny Defendants' motion to consolidate cases.

---

[2] This is not to say that consolidation is *per se* inappropriate at this stage. *See PEMEX Exploración Producción v. BASF Corp.*, 2011 WL 13134611, at *5 (S.D. Tex. Oct. 4, 2011) (Lake, J.). It is to say that it is not appropriate here, and that Defendants have not shown otherwise.

| | |
|---|---|
| Date: November 23, 2021 | Respectfully submitted, |
| ERIC S. SCHMITT<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| D. JOHN SAUER, #58720MO*<br>Solicitor General | BRENT WEBSTER<br>First Assistant Attorney General |
| /s/ *Jesus A. Osete*<br>JESUS A. OSETE, #69267MO*<br>Deputy Attorney General<br>for Special Litigation | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| MADDIE M. GREEN, #73724MO*<br>Assistant Attorney General<br>for Special Litigation | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>John.Sauer@ago.mo.gov<br>Jesus.Osete@ago.mo.gov<br>Maddie.Green@ago.mo.gov | AARON F. REITZ<br>Deputy Attorney General for Legal Strategy<br>Texas Bar No. 24105704<br>Southern Dist. of Texas Bar No. 3653771<br><br>/s/ *Ryan D. Walters*<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Special Counsel, Special Litigation Unit<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185 |
| *Counsel for Plaintiff State of Missouri*<br><br>*Admitted pro hac vice* in<br>Case No. 7:21-cv-00420 | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>aaron.reitz@oag.texas.gov<br>ryan.walters@oag.texas.gov<br><br>*Counsel for Plaintiff State of Texas* |

11

## CERTIFICATE OF SERVICE

I certify that on November 23, 2021, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ *Jesus A. Osete*
Counsel for Plaintiffs
