Case 7:21-cv-00272 Document 23 Filed on 11/29/21 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE TEXAS GENERAL LAND OFFICE; and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office,<br><br>Plaintiffs,<br><br>VS.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 7:21-cv-00272 |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS,<br><br>Plaintiffs,<br><br>VS.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of United States Customs and Border Protection; and UNITED | §§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 7:21-cv-00420<br><br>(Formerly<br>CIVIL ACTION NO. 6:21-cv-00052) |

| | |
|---|---|
| STATES CUSTOMS AND BORDER PROTECTION, | § § § |
| Defendants. | § § |

## OPINION AND ORDER ON CONSOLIDATION

The Court now considers "Defendants' Motion to Consolidate Related Cases"[1] and "Plaintiff States' Response to Defendants' Motion to Consolidate,"[2] which is timely pursuant to the Court's November 3, 2021 order.[3] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendants' motion and orders consolidation of these related cases.

### I. BACKGROUND AND PROCEDURAL HISTORY

These cases under consideration involve challenges to the federal government's border policies. On July 13, 2021, Commissioner George P. Bush of the General Land Office of the State of Texas (and the General Land Office itself) sued President Joe Biden, Secretary of Homeland Security Alejandro Mayorkas in his official capacity, and the U.S. Department of Homeland Security (these three Defendants will be referred to collectively, in shorthand, as DHS) regarding DHS's policies respecting the United States–Mexico southern international border.[4] The case, *Bush v. Biden*, was originally filed in the McAllen Division of this Court, before United States District Judge Micaela Alvarez. On October 21, 2021, the States of Missouri and Texas, via their respective Attorneys General, sued Defendants President Biden, Secretary Mayorkas, the Department of Homeland Security, and the United States of America, Acting Commissioner Troy A. Miller of U.S. Customs and Border Protection, and U.S. Customs and Border Protection

---

[1] Dkt. No. 20. All references are to the filings in *Bush v. Biden*, No. 7:21-cv-272 (S.D. Tex. 2021) (Alvarez, J.) unless otherwise noted.
[2] Dkt. No. 22.
[3] Dkt. No. 21.
[4] Dkt. No. 1.

(collectively, the Government) regarding the Government's policies respecting the United States–Mexico southern international border.[5] The latter case, *Missouri v. Biden*, was originally filed in the Victoria Division before United States District Judge Drew B. Tipton. Following the *Bush v. Biden* Defendants' (DHS's) October 25, 2021 motion to consolidate,[6] Judges Alvarez and Tipton recognized the similarities between *Bush v. Biden* and *Missouri v. Biden* and ordered *Missouri v. Biden* transferred from Judge Tipton to Judge Alvarez's docket.[7] This Court subsequently issued an order regarding scheduling and deadlines in both cases, including ordering Plaintiffs Missouri and Texas to respond to DHS's motion to consolidate in *Bush v. Biden* because the *Bush v. Biden* Plaintiffs did not oppose consolidation.[8] Now DHS's motion to consolidate the two cases is ripe for consideration. The Court turns to its analysis.

## II. Discussion

### a. Legal Standard

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."[9] The party seeking consolidation bears the burden of showing that the cases should be consolidated,[10] but "'[a] trial court has broad discretion in determining whether to consolidate

---

[5] *Missouri v. Biden*, No. 7:21-cv-420 (S.D. Tex. Oct. 21, 2021), Dkt. No. 1.
[6] Dkt. No. 20.
[7] *Missouri v. Biden*, No. 7:21-cv-420 (S.D. Tex. Nov. 2, 2021), Dkt. No. 12.
[8] Dkt. No. 21.
[9] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).
[10] *Dynaenergetics Eur. GmbH v. Hunting Titan, Inc.*, No. 4:17-cv-3784, 2021 WL 3022435, at *5 (S.D. Tex. July 15, 2021) (Lake, J.) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).

a case pending before it.' . . . Consolidation permits district courts 'to expedite the trial and eliminate unnecessary repetition and confusion.'"[11]

> Factors for the district court to consider in deciding if consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.[12]

Under the first factor, "[c]ourts have interpreted 'same court' as the same [judicial] district."[13] Under the second factor, courts will often consolidate cases when different plaintiffs are seeking the same relief in separate actions.[14] Under the third factor, courts favor consolidation "to avoid inconsistent rulings."[15] Consolidation may be ordered despite opposition and even though the parties differ between cases, but consolidation is "improper if it would prejudice the rights of the parties"[16] and "may properly be denied in instances where the cases are at different stages of preparedness for trial."[17] There is an emphatic importance "of *not* intermingling consolidated

---

[11] *Tex. Dep't of Transp. v. Canal Barge Co.*, No. 4:20-cv-00868, 2020 WL 4335787, at *2 (S.D. Tex. July 28, 2020) (Edison, J.) (alteration in original) (first quoting *Alley v. Chrysler Credit Corp.,* 767 F.2d 138, 140 (5th Cir. 1985); and then quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)).
[12] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 4:01-cv-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.) (citing *Frazier*, 980 F.2d at 1531–32).
[13] *Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) (Tipton, J.) (citing *Wharton v. U.S. Dep't of Hous. & Urb. Dev.*, No. 2:19-cv-00300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020) (Morales, J.) ("In the instant matter, the first factor is satisfied. Though pending in different divisions, both cases are before the United States District Court for the Southern District of Texas.")).
[14] 9A ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2384 & n.12 (3d ed. 1998 & Supp. Apr. 2021) (footnote omitted) ("Consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical consideration, as in other contexts under the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together . . . .").
[15] *PEMEX Exploración y Producción v. BASF Corp.*, No. 4:10-cv-1997, 2011 WL 13134611, at *4 (S.D. Tex. Oct. 4, 2011) (Lake, J.).
[16] *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989–90 (5th Cir. 1983); *see Dupont*, 366 F.2d at 196 (holding that the district court must "make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case. Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error.").
[17] *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989).

claims," that is, consolidated cases must retain their independent identities and preserve the rights of the parties.[18]

The Court makes one aside to note that Plaintiffs Missouri and Texas repeatedly harp on one district court case, *Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958 (S.D. Tex. July 26, 2021) (Tipton, J.) to support their response opposing consolidation.[19] This opinion by Judge Tipton (or any other district judge's opinion) is not binding.[20]

**b. Analysis**

*1. Whether the Actions are Pending Before the Same Court*

There is little dispute about this first factor.[21] Obviously, both cases were originally filed in the United States District Court for the Southern District of Texas, and are now pending before the same judge. This factor weighs in favor of consolidation.

*2. Whether Common Parties are Involved*

DHS points out that all Defendants named in *Bush v. Biden* were also named in *Missouri v. Biden*, but *Missouri* included three additional Defendants, namely "the United States, Acting Director Miller and CBP."[22] DHS argues that the *Bush v. Biden* complaint, nevertheless, "implicates the actions and decisions of CBP officials."[23] Plaintiffs Missouri and Texas counter

---

[18] *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004); *accord Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) ("[W]e understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984); *see Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. Conservation of judicial resources is a laudable goal. However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.").
[19] *See, e.g.*, Dkt. No. 22 at 4, 6–8.
[20] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 134.02[1][d] (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").
[21] *Compare* Dkt. No. 20 at 5, ¶ 9, *with* Dkt. No. 22 at 4, § I.
[22] Dkt. No. 20 at 6, ¶ 14.
[23] *Id.* (citing Dkt. No. 1 at 4, ¶ 6 ("At the time of the Proclamation, Customs and Border Protection ("CBP"), which is an operational component of DHS, had already completed a wall segment on the property to the west of the GLO

that they are not involved in *Bush v. Biden*, that Plaintiffs George P. Bush and the Texas General Land Office do not represent the State of Texas and fundamentally differ from Plaintiff State of Texas, and that consolidation "would offend Texas's sovereignty."[24]

Between *Bush v. Biden* and *Missouri v. Biden*, it is apparent that the named Defendants in both cases are functionally identical, and Missouri and Texas do not argue otherwise.[25] The Defendants in both cases are the federal government authorities responsible for the enforcement vel non of federal border and immigration policies. With respect to the Plaintiffs, though the Texas General Land Office is an arm of the state entitled to sovereign immunity,[26] only the Attorney General of Texas (or a county or district attorney) may file suit on behalf of and represent Texas.[27] Plaintiff Texas General Land Office "sues to vindicate its interests as an agency of a sovereign state,"[28] but it is highly doubtful that the General Land Office can do so on Texas's behalf, or has any such assertable sovereign interests. Accordingly, the Court agrees with Plaintiffs Missouri and Texas that they are distinct from Plaintiffs Texas General Land Office and Commissioner George P. Bush. Plaintiffs are dissimilar. However, because Defendants are similar and all Plaintiffs' sought relief by their respective suits are markedly similar—namely, seeking to enjoin the federal

---

Farm. CBP was in negotiations with the GLO to acquire 41 acres to extend the segment by two miles. The Proclamation halted those negotiations and CBP's plans to build a wall on the GLO Farm, permanently if one believes Biden's statements.") and Dkt. No. 1 at 19, ¶ 47 ("On August 13, 2020, CBP sent a letter to the GLO initiating negotiations to acquire 41.423 acres of the GLO farm for border wall construction, including a monetary offer. The GLO counter-offered, and negotiations continued during the following months, until Biden assumed office in January 2021. By that time, CBP had already completed a segment of the RGV-09 wall abutting the GLO Farm on the property directly to the west.")).
[24] Dkt. No. 22 at 4–5, § II.
[25] *See id.*
[26] *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 671–73 (5th Cir. 1994)).
[27] *Hill v. Tex. Water Quality Bd.*, 568 S.W.2d 738, 741 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.) (citing *Maud v. Terrell*, 200 S.W. 375, 376 (Tex. 1918)); *Bullock v. Tex. Skating Ass'n*, 583 S.W.2d 888, 894 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.) (emphasis added) (quoting *Charles Scribner's Sons v. Marrs*, 262 S.W. 722, 727 (Tex. 1924)) ("In matters of litigation the Attorney General is the officer authorized by law to protect the interests of the State, and even in matters of bringing suit the Attorney General 'must exercise judgment and discretion, *which will not be controlled by other authorities.*'").
[28] Dkt. No. 1 at 6, ¶ 9.

government's present border policies as unlawful[29]—this factor weighs slightly in favor of consolidation.[30]

### 3. Whether There are Common Questions of Law and Fact

DHS argues that numerous common questions of law and fact favor consolidation. Specifically, Plaintiffs in both cases claim that Defendants violated the United States Constitution "because the Executive Branch has allegedly usurped Congress's authority, as expressed in federal appropriations and budgetary statutes," and assert similar claims under the constitutional separation of powers and Take Care Clause, the Administrative Procedure Act, and the Consolidated Appropriations Acts of 2020 and 2021.[31] Plaintiffs Missouri and Texas respond that they assert a claim under the Impoundment Control Act, which is a claim not present in *Bush v. Biden*, and that they assert unique legal theories under the APA also not present in *Bush v. Biden*.[32]

The Court finds that there are significant common questions of law and fact that favor consolidation. The Court agrees with DHS that "[t]he fundamental questions in these two cases are the same: whether Defendants acted consistent with the Constitution in effecting a change of policy with respect to the construction of the border wall, whether Plaintiffs have viable equitable, statutory, or APA claims; and whether Defendants' decisions complied with the relevant appropriations laws."[33] If Missouri and Texas were correct that slight variations in legal claims and theories weighed against consolidation, it would be hard to imagine a non-identical case that weighed in favor of consolidation. The third factor favors consolidation.

### 4. Whether There is a Risk of Prejudice or Confusion

---

[29] *Compare* Dkt. No. 1 at 40–41, *with Missouri v. Biden*, No. 7:21-cv-00420 (S.D. Tex. Oct. 21, 2021), Dkt. No. 1 at 35–36.
[30] *See supra* note 14.
[31] Dkt. No. 20 at 5, ¶ 10.
[32] Dkt. No. 22 at 6, § III.
[33] Dkt. No. 20 at 6, ¶ 12.

DHS argues that there is no risk to either set of Plaintiffs in consolidating the cases because The State of Texas is effectively already participating in *Bush v. Biden*.[34] This argument is incorrect because it does not appear that the Texas General Land Office is entitled to file on behalf of, or assert the sovereign interests of, the State of Texas.[35] Plaintiffs Missouri and Texas, for their part, argue that the two cases are in fundamentally different procedural postures, specifically in that *Bush v. Biden* has been largely stagnant since its filing in July except for DHS's presently unripe motion to dismiss, whereas the *Missouri v. Biden* Plaintiffs have promptly filed a motion for preliminary injunction which will ripen in December.[36]

However, Missouri and Texas conflate the rate at which the cases are proceeding toward resolution with the cases' procedural posture. Both cases are in their initial stages, neither has proceeded to discovery, and both cases are presently concerned with preliminary issues such as the *Bush v. Biden* Plaintiffs' jurisdiction and the sufficiency of their complaint and a *preliminary* injunction in *Missouri v. Texas*. Furthermore, DHS filed their motion to dismiss in *Bush v. Biden* on October 18, 2021,[37] and Plaintiffs Missouri and Texas filed their motion for preliminary injunction on November 8, 2021.[38] The Court anticipates Plaintiffs' motion for a preliminary injunction to be fully briefed by December 17, 2021,[39] and the Court may order DHS's motion to dismiss fully briefed promptly thereafter. The Court is unpersuaded that the two cases are at significantly different stages of preparedness for trial,[40] and unpersuaded that consolidation would not expedite trial of both cases and eliminate unnecessary repetition and confusion.[41]

---

[34] Dkt. No. 20 at 7, ¶ 17.
[35] *See supra* note 27 and accompanying text.
[36] Dkt. No. 22 at 7, § IV.
[37] Dkt. No. 18.
[38] *Missouri v. Biden*, No. 7:20-cv-00420 (S.D. Tex. Nov. 8, 2021), Dkt. No. 19.
[39] *Id.*, Dkt. No. 24 at 2.
[40] *See supra* note 17.
[41] *See supra* note 9.

If there is any prejudice to the parties, it is likely a mere matter of days while briefing is completed on the pending motions to dismiss and for a preliminary injunction. The Court further finds that confusion is likely to be reduced by consolidation, because the issues in the two motions overlap in that they chiefly concern the sufficiency vel non of Plaintiffs' complaints and their likelihood of success on the merits. The fourth factor weighs in favor of consolidation.

5. *Whether Consolidation Will Conserve Judicial Resources*

DHS argues that consolidation will be more efficient and judicially economical because there are common issues between *Bush v. Biden* and *Missouri v. Biden* that need not be litigated twice.[42] Plaintiffs Missouri and Texas respond that consolidation is premature before the *Bush v. Biden* motion to dismiss is resolved, because that motion "may change the legal and factual issues, parties, and claims that make up the two lawsuits."[43] Plaintiffs further argue that consolidation is premature when a motion to dismiss is pending, prior to clarification of the legal claims involved.[44]

Missouri and Texas are correct that many "courts have concluded that consolidation is premature when motions to dismiss are pending."[45] However, Missouri's and Texas's authorities concern trial court judges' opinions that the cases before them should not be consolidated because, in one case, there may be no claims that survive the defendants' qualified immunity[46] and in another, the cases under consideration involved insurance claims, a bankruptcy, Real Estate Settlement Procedures Act claims, and debt collection claims against numerous defendants that would result in confusion if the cases were consolidated before ascertaining which claims against

---

[42] Dkt. No. 20 at 7, ¶ 16.
[43] Dkt. No. 22 at 10, § V.
[44] *Id.* at 10–11 (citing, inter alia, *Osman v. Weyker*, No. CV 16-1012 (JNE/JSM), 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) & *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015)).
[45] 9A ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 1998 & Supp. Apr. 2021).
[46] *See Osman*, 2016 WL 10402791, at *3.

which defendants survived a motion to dismiss.[47] While this Court agrees that consolidation may, in some circumstances, be premature because claims are unlikely to survive a motion to dismiss or because intertwined claims against intertwined defendants may not be factually and legally similar after resolution of motions to dismiss, in this case, the Court finds that factual and legal issues will be markedly similar even in the face of a motion to dismiss. For example, even if only Plaintiff Texas General Land Office's claim under the Administrative Procedure Act survives DHS's motion to dismiss, then that APA claim will still share factual and legal similarities with Plaintiffs Missouri's and Texas's APA claim. The Court finds that judicial economy and resources are served by consolidation and that the fifth factor weighs in favor of consolidation.

### III. CONCLUSION AND HOLDING

Having found that all five factors favor consolidation of *Missouri v. Biden* with *Bush v. Biden* under Federal Rule of Civil Procedure 42(a) for the foregoing reasons, the Court holds that consolidation is warranted. The Court therefore **GRANTS** DHS's motion to consolidate.[48] Member case *Missouri v. Biden*, No. 7:21-cv-420, is now closed and all future filings shall be in consolidated lead case *Bush v. Biden*, No. 7:21-cv-272. The Court will treat all open matters and pending filings in the member case as part and parcel of the lead case.

The Court reminds parties that the Government's response to Missouri's and Texas's motion for a preliminary injunction is due on **December 8, 2021**. Missouri's and Texas's reply brief is due by **December 17th**. Plaintiffs Texas General Land Office and George P. Bush may file their own brief in reply to the Government's response to the motion for a preliminary injunction, or may file a joint reply with Plaintiffs Missouri and Texas, no later than **December 17th**. The Court further **ORDERS** that briefing on DHS's motion to dismiss resumes as follows:

---

[47] *See Vickers*, 2015 WL 7776880.
[48] Dkt. No. 20.

all Plaintiffs' response brief to DHS's motion to dismiss is due no later than **December 17th**; reply briefs must accord with Local Rule 7 and all Defendants are entitled to file a reply.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of November 2021.

_____
Micaela Alvarez
United States District Judge