## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office,<br><br>      Plaintiffs,<br>v.<br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br>      Defendants. | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI, and THE STATE OF TEXAS,<br>      Plaintiffs,<br>v.<br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br>      Defendants. | Civil Action No. 7:21-cv-00420 (formerly 6:21-cv-00052) |

## UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS THE GLO PLAINTIFFS' AMENDED COMPLAINT

Matt A. Crapo
Christopher J. Hajec
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@pm.me
litigation@irli.org

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

1.      Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI")

respectfully requests this Court's leave to file the accompanying brief as *amicus curiae* in

opposition to Defendants' motion to dismiss the GLO Plaintiffs' amended complaint.

Pursuant to Local Rules 7.1 and 7.2, IRLI's counsel has conferred with counsel for the

parties; neither Plaintiffs nor Defendants object to the filing of the attached *amicus* brief.

Therefore, this motion is unopposed.

2.      IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating

immigration-related cases in the interests of United States citizens and to assisting courts

in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs

in a wide variety of immigration-related cases. For more than twenty years the Board of

Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from

the Federation for American Immigration Reform, of which IRLI is a supporting

organization.

3.      "'The extent, if any, to which an *amicus curiae* should be permitted to participate

in a pending action is solely within the broad discretion of the district court.'" *Sierra

Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex.

Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36

(M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules

applicable here do not specifically address amicus briefs. Nonetheless, IRLI looks to the

appellate rules' criteria for granting leave to file amicus briefs to support their motion

here. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that

"[t]he amended rule … requires that the motion state the relevance of the matters asserted

1

to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

4.    IRLI respectfully submits that its proffered brief will bring the following relevant matters to the Court's attention:

- Showing how the GLO Plaintiffs' Take Care claim is not only plausible but meritorious because DHS's actions frustrate Congress's goal of securing the border and therefore violate the Executive Branch's duty faithfully to enforce the law.

- Demonstrating that violations of the Take Care Clause are actionable independently of the Administrative Procedure Act (or other statutes).

2

These issues are relevant to this Court's decision on the Defendants' motion to dismiss, and movant IRLI respectfully submits that its brief may aid the Court.

5.     For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated:  February 3, 2022                     Respectfully submitted,

                                             /s/ Matt Crapo
                                             MATT A. CRAPO
                                             Immigration Reform Law Institute
                                             25 Massachusetts Ave., NW, Suite 335
                                             Washington, DC 20001
                                             matt.crapo@pm.me
                                             litigation@irli.org

                                             Counsel for *Amicus Curiae*
                                             Immigration Reform Law Institute

## DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1, *amicus curiae* Immigration Reform Law Institute makes the following disclosures as a non-governmental corporate party:

1) All parent corporations: None.

2) All publicly held companies that hold 10% or more of the party's stock:  None.

/s/ Matt Crapo
MATT A. CRAPO


## CERTIFICATE OF CONFERENCE

I hereby certify that on February 2, 2022, I conferred with counsel for both Plaintiffs and Defendants regarding this motion. Both parties informed me that they do not oppose the filing of the attached *amicus* brief in opposition to Defendants' motion.

/s/ Matt Crapo
MATT A. CRAPO


## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ Matt Crapo
MATT A. CRAPO