United States District Court
Southern District of Texas
**ENTERED**
February 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE TEXAS GENERAL LAND OFFICE; and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security, | § § § § § § § § § § § | CIVIL ACTION NO. 7:21-cv-00272 |
| Defendants. | § | |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS, | § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of United States Customs and Border Protection; and UNITED | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:21-cv-00420<br><br>(Formerly<br>CIVIL ACTION NO. 6:21-cv-00052) |

| | |
|---|---|
| STATES CUSTOMS AND BORDER PROTECTION, | § § § § |
| Defendants. | |

## **ORDER**

The Court now considers the "Unopposed Motion of Immigration Reform Law Institute for Leave to File a Brief as *Amicus Curiae* in Opposition to the Defendants' Motion [sic] to Dismiss the GLO Plaintiffs' Amended Complaint."[1] Because the motion is unopposed, the Court considers it as soon as practicable.[2]

Because no statute or controlling precedent governs whether the district court permits an interested party to file an amicus brief, whether to grant leave is wholly within this Court's discretion.[3] The Court may look to Federal Rule of Appellate Procedure 29 and its caselaw for guidance.[4] In general, an amicus curiae must indicate the amicus's interest and state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."[5] "The [amicus] brief should avoid the repetition of facts or legal arguments contained in the principal brief and should focus on points either not made or not adequately discussed in those briefs."[6] "Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned, and adds value or additional analysis or perspectives."[7] "The role of *amici* is to help in this process" of reaching the correct legal disposition "by elaborating upon arguments made by the parties *and* presenting

---

[1] Dkt. No. 40.
[2] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[3] *Sierra Club v. FEMA*, No. 4:07-cv-0608, 2007 WL 3472851, at *1–2 (S.D. Tex. Nov. 14, 2007) (Rosenthal, J.).
[4] *Id.*
[5] FED. R. APP. P. 29(a)(3).
[6] 5TH CIR. R. 29.2.
[7] ERIC J. MAGNUSON & DAVID F. HERR, FEDERAL APPEALS JURISDICTION AND PRACTICE § 12:20 (Dec. 2020); *accord Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

arguments of their own that bear upon the issues raised by the parties themselves."[8] When a proposed amicus brief is helpful as outlined above, district courts will generally permit its filing.[9]

Here, the Immigration Reform Law Institute proposes to strengthen Plaintiffs George P. Bush's and the Texas General Land Office's arguments under the Take Care Clause.[10] However, amicus has already filed an amicus brief making substantially similar arguments and citing substantially similar authorities.[11] The Court already has the benefit of amicus's views on the Take Care Clause. The Court therefore does not find that yet another amicus brief will be helpful. The Immigration Reform Law Institute's motion to file an amicus brief is **DENIED**.[12]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of February 2022.

                                                    Micaela Alvarez
                                                    United States District Judge

---

[8] *Eldred v. Ashcroft*, 255 F.3d 849, 852 (D.C. Cir. 2001) (Sentelle, J., dissenting).
[9] *See Sierra Club*, 2007 WL 3472851, at *2–3.
[10] Dkt. No. 40 at 3, ¶ 5.
[11] *Compare* Dkt. No. 40-1, *with Missouri v. Biden*, No. 7:20-cv-00420 (S.D. Tex. Nov. 22, 2021), Dkt. No. 27-1.
[12] Dkt. No. 40.