IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSOURI, and<br><br>THE STATE OF TEXAS,<br><br>   Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052)<br>(consolidated with No. 7:21-cv-00272)<br><br>Expedited Ruling Requested by<br>March 16, 2022 |

## PLAINTIFF STATES' OPPOSED MOTION FOR INJUNCTION PENDING APPEAL

Plaintiffs, the States of Missouri and Texas ("Plaintiff States"), hereby move for an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C). Defendants oppose this motion.

1.  In October 2021, Plaintiff States challenged the Biden Administration's point-blank refusal to spend funds that Congress appropriated for the "construction of barrier system along the southwest border." ECF 1, *Missouri v. Biden*, No. 7:21-cv-00420. The action was filed promptly after the Department of Homeland Security announced earlier that same month that it would be terminating all remaining contracts for border wall construction and would not be engaging in "any construction of new border barrier or permanent land acquisition." ECF 19-1, App.055 (collectively

with President Biden's statements on the same topic, referred to as the "January 20 Proclamation").

2. On November 8, 2021, Plaintiff States also promptly sought a preliminary injunction to redress this violation of law. ECF 19. As explained in that Motion, Plaintiff States are being irreparably harmed for each day that Defendants' violation of law persist. That is well-established under this Circuit's case law, because this case is materially indistinguishable from *Texas v. Biden*, 20 F.4th 928 (5th Cir. 2021), *cert. granted*, 2022 WL 497412 (U.S. Feb. 18, 2022), where the Fifth Circuit concluded that these same Plaintiff States were irreparably harmed by Defendants' similar failure to enforce federal law at the border.

3. As Defendants have conceded, construction of border infrastructure— such as a barrier system—is "necessary to deter and prevent illegal entry on the southern border[.]" ECF 24-3, at 3. *Cf. Texas*, 20 F.4th at 966 (upholding reliance on "DHS's own publications" in determining that the "termination of MPP has increased the total number of aliens paroled into the United States").

4. Plaintiff States are irreparably harmed here, just like in *Texas*, because, among other things, they subsidize driver's license and healthcare costs for aliens that unlawfully cross the border on account of Defendants' failure to enforce and apply federal law. *See id.* at 968-69; *see also* ECF 19-1, App.003, 064-83, 098-163.

5. Indeed, the federal government has previously "concede[d] the obvious— that *if* the total number of in-State aliens increases, the States will spend more on" these items. *Texas*, 20 F. 4th at 969. Termination of border wall construction thus

imposes unrecoverable increased costs on the States, thereby causing "imminent and actual harm" to the States' fisc. *Id.* at 975, 1001-02.

6. On February 22, 2022, this Court *sua sponte* stayed proceedings pending the Supreme Court's ruling in *Biden v. Texas*. ECF 43. That stay, however, is functionally a constructive denial of Plaintiff States' motion for preliminary injunction, and Plaintiff States are treating it as such. That is because the effect of the stay will be to withhold the relief Plaintiff States requested for at a minimum multiple months, with the concomitant result that Plaintiff States will incur additional irreparable harm during that period. *Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169, 171 (5th Cir. 1988) (stay order appealable under 28 U.S.C. § 1292(a)(1) when it constitutes effective denial of preliminary injunction). The stay order, however, did not address the merits of Plaintiff States' request for a preliminary injunction. Plaintiff States have docketed an appeal of that order.

7. For the same reasons stated in Plaintiff States' motion for preliminary injunction, ECF 19; 30, this Court should enter an injunction pending appeal. A proposed order is attached.

8. In addition, the reasons offered for the stay order do not counsel against withholding relief. This Court premised the stay order on the rationale that the Supreme Court's ruling in *Biden v. Texas* may offer additional guidance on Plaintiff States' standing and judicial reviewability of their claims. The Supreme Court, however, granted certiorari only on two discrete merits questions that *do not pertain to either standing or reviewability*. Pet. for Writ of Cert., *Biden v. Texas*, 2021 WL

3

6206109, at I. The Supreme Court's cert. grant solely on merits questions and not jurisdiction is consistent with its August 2021 ruling denying the federal government's application for a stay of the district court's permanent injunction. There, the Court reviewed the merits and expressly noted that the government had "failed to show a likelihood of success on the claim that the memorandum rescinding the Migrant Protection Protocols was not arbitrary and capricious." *Biden v. Texas*, 142 S. Ct. 926 (2021) (citing *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020)). Plaintiff States' standing, and the judicial reviewability of their claims, therefore do not appear to be in reasonable dispute.

9. This Court's stay order was also premised on the possibility that the Supreme Court's ruling in *Biden v. Texas* will offer guidance on general "administrative law." But the administrative law arguments in Plaintiff States' motion for preliminary injunction are based on well-established principles developed through decades of case law. In addition, both the Supreme Court and the Fifth Circuit issue multiple opinions every year addressing cutting-edge administrative law questions. If the pendency of those opinions and the possibility that they could change the law were enough to justify withholding temporary injunctive relief, then countless motions for injunctive relief would be consigned to a judicial purgatory with no clear timetable for relief. That cannot be the law.

10. For the foregoing reasons and the reasons stated in Plaintiff States' motion for preliminary injunction, ECF 19; 30, this Court should enter an injunction pending appeal that (1) prohibits Defendants from implementing the January 20

4

Proclamation, as applied to DHS's 2020 and 2021 appropriations, during the pendency of the appeal; and (2) orders Defendants to enforce and implement the "construction of barrier system along the southwest border" *in good faith* during the pendency of the appeal. *Cf. Texas v. Biden*, 10 F.4th 538, 559 (5th Cir. 2021) (per curiam) (denying stay of permanent injunction requiring "good faith [compliance] while the appeal proceeds"), *denying stay pending appeal*, 142 S. Ct. at 927. A proposed order is attached.

11. Plaintiff States respectfully request that the Court enter relief on this motion **by March 16, 2022**, so that Plaintiff States can expeditiously proceed with appellate review while they are incurring irreparable harm.

| | |
|---|---|
| Date: March 14, 2022 | Respectfully submitted, |
| ERIC S. SCHMITT<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| D. JOHN SAUER, #58720MO*<br>Solicitor General | BRENT WEBSTER<br>First Assistant Attorney General |
| /s/ *Jesus A. Osete*<br>JESUS A. OSETE, #69267MO*<br>Deputy Attorney General<br>for Special Litigation | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| MADDIE M. GREEN, #73724MO*<br>Assistant Attorney General<br>for Special Litigation | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>John.Sauer@ago.mo.gov<br>Jesus.Osete@ago.mo.gov<br>Maddie.Green@ago.mo.gov | AARON F. REITZ<br>Deputy Attorney General for Legal Strategy<br>Texas Bar No. 24105704<br>Southern Dist. of Texas Bar No. 3653771<br><br>/s/ *Ryan D. Walters*<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Special Counsel, Special Litigation Unit<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185 |
| *Counsel for Plaintiff State of Missouri* | |
| *Admitted pro hac vice | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>aaron.reitz@oag.texas.gov<br>ryan.walters@oag.texas.gov<br><br>*Counsel for Plaintiff State of Texas* |

6

## **CERTIFICATE OF CONFERENCE**

I certify that, on March 14, 2022, I conferred with Defendants' counsel, who represented that Defendants oppose this motion.

/s/ *Jesus A. Osete*
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on March 14, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ *Jesus A. Osete*
Counsel for Plaintiffs