United States District Court
Southern District of Texas
**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE TEXAS GENERAL LAND OFFICE; and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office, <br><br> Plaintiffs, <br><br> VS. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security, <br><br> Defendants. | CIVIL ACTION NO. 7:21-cv-00272 |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS, <br><br> Plaintiffs, <br><br> VS. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of United States Customs and Border Protection; and UNITED | CIVIL ACTION NO. 7:21-cv-00420 <br><br> (Formerly CIVIL ACTION NO. 6:21-cv-00052) |

| | |
|---|---|
| STATES CUSTOMS AND BORDER PROTECTION, | § § § |
| Defendants. | § § |

# **OPINION AND ORDER**

The Court now considers "Plaintiff States' Opposed Motion for Injunction Pending Appeal."[1] Although the motion is opposed, the Court exercises its discretion under Local Rule 7.8 to consider the motion now.

Plaintiffs States of Missouri and Texas filed a motion for preliminary injunction on November 8, 2021.[2] Before the Court adjudicated the motion, Defendants moved to dismiss their complaint on December 28, 2021.[3] Days later, Defendants also moved to dismiss the complaint in the consolidated lead case, *Bush v. Biden*.[4] Four days after briefing was completed on all of the motions,[5] the United States Supreme Court granted a writ of certiorari in *Biden v. Texas*.[6] This Court held that the Supreme Court's eventual opinion in *Biden v. Texas* will heavily impact this case, and therefore stayed its consideration of the pending motions and all other pretrial deadlines "until after the Supreme Court issues its opinion in *Biden v. Texas* or further order of this Court."[7] Treating the order of stay as denial of their motion for a preliminary injunction, Plaintiffs Missouri and Texas promptly noticed an appeal,[8] which is now pending in the Fifth Circuit.[9]

In the interim, Plaintiffs have moved in this Court under Federal Rule of Appellate Procedure 8(a)(1)(C) for an order granting Plaintiffs their sought preliminary injunction while the appeal is pending.[10] The basis for the interim preliminary injunction does not differ from the

---

[1] Dkt. No. 46.
[2] *Missouri v. Biden*, No. 7:21-cv-420 (S.D. Tex. Nov. 8, 2021), Dkt. No. 19.
[3] Dkt. No. 35.
[4] Dkt. No. 36.
[5] Dkt. No. 42.
[6] No. 21-954, 2022 WL 497412 (U.S. Feb. 18, 2022).
[7] Dkt. No. 43.
[8] Dkt. No. 44.
[9] *See* Dkt. No. 45.
[10] Dkt. No. 46.

motion for preliminary injunction upon which the Court stayed its consideration.[11] However, Plaintiffs add that the Supreme Court's February 2022 grant of a writ of certiorari in *Biden v. Texas*, considered together with its August 2021 opinion denying stay of the district court's injunction against rescinding the Migrant Protection Protocols, indicates that the Supreme Court will not adjudge any constitutional standing or judicial reviewability of administrative action issues in *Biden v. Texas* that pertain to this case.[12] The Court disagrees. The Supreme Court's August 2021 opinion is a single paragraph denying a stay and hardly expounds the Supreme Court's views on standing and reviewability that likely pertain to this case.[13] Moreover, the Supreme Court's February 2022 grant of a writ of certiorari does not demonstrate that the Supreme Court is unconcerned with and does not intend to issue an opinion on such threshold issues when deciding *Biden v. Texas*.[14]

The Court holds that it must adjudicate threshold issues of standing and administrative reviewability before reaching the merits question of whether Plaintiffs are entitled to a preliminary injunction that could force the Federal Government to resume border barrier construction against the present policy choices of the Executive Branch. The Court holds that a stay on such adjudication is still warranted. Accordingly, the Court **DENIES** Plaintiffs Missouri's and Texas's motion for an injunction pending appeal,[15] without prejudice to Plaintiffs' pending motion for a preliminary injunction.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[11] *Id.* at 3, ¶ 7 ("For the same reasons stated in Plaintiff States' motion for preliminary injunction, ECF 19; 30, this Court should enter an injunction pending appeal.").
[12] *Id.* at 3–4, ¶ 8.
[13] *See Biden v. Texas*, 142 S. Ct. 926, 926–27 (2021).
[14] *See Biden v. Texas*, No. 21-954, 2022 WL 497412, at *1 (U.S. Feb. 18, 2022).
[15] Dkt. No. 46.