# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 29, 2022
Lyle W. Cayce
Clerk

No. 22-40110

———

The General Land Office of the State of Texas, et al.,

*Plaintiffs*,

*versus*

President Joseph R. Biden, et al.,

*Defendants*,

———————————————

State of Missouri; State of Texas,

*Plaintiffs—Appellants*,

*versus*

Joseph R. Biden, Jr., *in his official capacity as* President of the United States of America; United States of America; Alejandro Mayorkas, *in his official capacity as* Secretary of the United States Department of Homeland Security; United States Department of Homeland Security; Troy A. Miller, *in his official capacity as* Acting Commissioner of the United States Customs and Border Protection; United States Customs and Border Protection,

*Defendants—Appellees*.

No. 22-40110

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CV-272
USDC No. 7:21-CV-420

---

Before HIGGINBOTHAM, DENNIS, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

In October 2021, Missouri and Texas (collectively, the "States") filed a lawsuit challenging an announcement by the Department of Homeland Security (DHS) of new spending priorities for certain funds Congress allocated to construct a barrier system along the nation's southwest border. Specifically, the States alleged that DHS's plan to conduct environmental reviews, engage in stakeholder consultation, and study how to minimize the use of eminent domain violated the terms of Congress's appropriations statutes, the Administrative Procedure Act, the Impoundment Control Act, and the Constitution. The States moved for a preliminary injunction, the case was consolidated with a similar one filed by the Texas General Land Office, and the defendants filed a motion to dismiss. Once briefing was complete, the district court stayed the case until the Supreme Court ruled in *Biden v. Texas*, No. 21-954. The States sought to immediately appeal the stay, characterizing it as a practical denial of their motion for a preliminary injunction. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). They also moved in this court for an injunction pending appeal which a motions panel carried with the case.

After an expedited hearing before this court and while the case was under advisement, the Supreme Court issued its opinion in *Biden v. Texas*, No. 21-954 (June 30, 2022). By its own terms the district court's stay order

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-40110

expired. The parties submitted post-stay briefing in the district court, and based on the docket activity below, the district court is currently considering the States' pending motion for a preliminary injunction.

In light of the stay's expiration, we directed the parties to submit supplemental briefing or motions addressing whether the States' appeal was moot. The defendants filed a motion to dismiss, arguing that though there never was appellate jurisdiction in this case, the case is also now moot because we cannot grant any effective relief as to an order that is no longer in effect. The States maintain that the district court as a practical matter denied them a preliminary injunction, even without the stay in place, and thus we can grant them effective relief by "reversing" the district court's *de facto* denial of their motion and entering a preliminary injunction ourselves. At the same time, the States are urging the district court to grant their pending motion for a preliminary injunction—the same injunction which they tell us has already been denied.

\* \* \*

"An interlocutory appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal." *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 5 (2d Cir. 1996). "With the conditions underlying the stay having now passed, there is no relief for us to order[.]" *Meierhenry Sargent LLP v. Williams*, 992 F.3d 661, 664 (8th Cir. 2021); *see also 303 Creative LLC v. Elenis*, 746 F. App'x 709, 711–12 (10th Cir. 2018) (unpublished) (appeal from stay assumed to have practical effect of denying injunction moot once stay was lifted); *Muscolino v. Turner*, 104 F. App'x 422, 423 (5th Cir. 2004) (unpublished, per curiam) (appeal from order holding case in abeyance moot because order is no longer in effect). As demonstrated by both the district court's original order and the States'

No. 22-40110

actions in the district court, the district court's stay is no longer in effect. We can therefore grant no relief with respect to the expired order. Nor can we review a decision on the States' preliminary injunction that the district court has yet to make. It is clear that the district court will rule on the States' motion in due course, at which point they may seek to appeal any adverse ruling.

We GRANT the defendants' motion and DISMISS AS MOOT the States' appeal. We DENY the States' motion for an injunction pending appeal. THE MANDATE SHALL ISSUE FORTHWITH.