IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | No. 7:21-cv-00272<br>Hon. Micaela Alvarez |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER CIVIL RULE 26(f)**

Pursuant to the Court's orders of August 3, 2022, the parties submit the following case management and discovery plan under Civil Rule 26(f).

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   The parties conferred about scheduling matters by telephone on Friday, August 26. Plaintiffs were represented by Cory Liu and Austin Nimocks, Ashcroft Sutton Reyes LLC. Defendants were represented by Michael J. Gerardi and Andrew I. Warden, Department of Justice, Civil Division, Federal Programs Branch. The parties also exchanged emails during the week of August 22 and August 29 to prepare this plan.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The parties have not exchanged initial disclosures. Plaintiffs' position is that this case cannot be decided by mere review of an administrative record and that initial disclosures are required.

Plaintiffs discuss this issue in greater depth below in response to question 11.

Defendants' position is that this case is exempt from initial disclosures because the remaining claims in this case (Counts 7 & 8 of the Amended Complaint) alleging violations of the Administrative Procedure Act ("APA") are based on review of an administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) ("The following proceedings are exempt from initial disclosure: (i) an action for review on an administrative record;"). In reviewing challenges to agency action under the APA, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Courts have interpreted this APA provision to require judicial review of agency action to be undertaken "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Dep't of Commerce*, 139 S. Ct. at 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."); *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (when reviewing agency action under the APA, "the general presumption [is] that review is limited to the record compiled by the agency").

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

*Missouri, et al. v. Biden, et al.*, No. 6:21-cv-00052 (S.D. Tex. filed Oct. 21, 2021), *appeal filed* (5th Cir. Aug. 8, 2022). Defendants state that this is a separate challenge to the federal government's statutory and constitutional authority to effect a change of policy with respect to the construction of a southern border wall.

*Sierra Club v. Biden*, No. 4:19-cv-00892-HSG (N.D. Cal.) (formerly *Sierra Club v. Trump*). Plaintiffs state that this case involves a challenge to the federal government's decision to allocate funds to construct a southern border wall in which the Department of Justice submitted sworn testimony, ECF No. 64-2, ECF No. 236-3, attesting to the importance of constructing a southern border wall to deter crime, terrorism, and illegal immigration.

4. **Briefly describe what this case is about.**

This case involves a challenge by the Texas General Land Office and its Commissioner

(collectively "GLO") to the federal government's spending policies for barrier infrastructure along the southern border of the United States. On the first day of his Administration, President Biden signed a Proclamation titled *Termination of Emergency with Respect to the Southern Boarder of the United States and Redirection of Funds Diverted to the Boarder Wall Construction*, Proclamation No. 10142, 86 Fed. Reg. 7225, 7225 (Jan. 20, 2021). The Department of Homeland Security ("DHS") completed its plan to implement the Proclamation in June 2021, and DHS amended its plan in July 2022. The Court's Opinion and Order dated August 3, 2022 (ECF No. 57) sets forth additional background and procedural history of this case.

Plaintiffs' nine-count amended complaint alleges that the Biden Administration's change of policy with respect to the southern border wall violates the federal Constitution, federal statutes, and the APA. Plaintiffs contend the federal government has unlawfully refused to fund and construct a border barrier on a 3099-acre farm owned by the State of Texas in Starr County that is administered by the GLO ("GLO Farm"). These alleged violations not only "created a national security, public health, and humanitarian crisis at a scale never before been seen at the border," as alleged by Plaintiffs, but also created "a superhighway of illegal activity" across the GLO Farm.

In an order dated August 3, 2022, this Court dismissed all but the APA claims from the case. *See* ECF No. 57 at 40, 61.

5. **Specify the allegation of federal jurisdiction.**

Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1331, 1361, 1651, and 2201, as well as 5 U.S.C. §§ 701–706 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See* Am. Compl., ECF No. 34, ¶ 15.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

Defendants contend that Plaintiffs (1) do not possess Article III standing and (2) have not pled APA claims over which the Court has jurisdiction, for reasons explained in greater detail in their motion to dismiss the complaint in this case. *See* Defs.' Mot. to Dismiss Am. Compl., ECF No. 36, at 17–20, 31–39. With respect to standing, GLO cannot rely on "mere allegations" at

summary judgment and "must set forth by affidavit or other evidence specific facts" to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations omitted). Defendants intend to seek jurisdictional discovery to probe the factual basis for GLO's standing. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

Defendants further contend that this case is moot because it no longer presents a live controversy. GLO's Amended Complaint states "completion of the wall on the GLO Farm would eliminate or drastically curtail the illegal border activity on the GLO Farm and redress the GLO's injuries." Am. Compl. ¶ 85. Public reports indicate that GLO has obtained this relief. The State of Texas recently announced the completion of a 1.7 mile steel bollard fence across the GLO Farm. *See* Texas Border Wall Construction Status, at www.tfc.texas.gov/wall (July 13, 2022). The subsequent construction of the wall on the GLO Farm raises serious questions about whether this case continues to present a live controversy under Article III. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Defendants accordingly intend to seek discovery about the wall on the GLO Farm and its impact on GLO's alleged injuries.

Plaintiffs have established (1) Article III standing, and (2) APA claims over which the Court has jurisdiction, as determined by the Court's ruling on August 3, 2022. *See* ECF No. 57. Plaintiffs also contend that the case is not moot because even after the construction of the Texas Border Wall on the property, there remains ongoing harm to the property from illegal immigration traceable to Defendants' conduct, to wit: the ongoing "superhighway of illegal activity" that continues across the GLO Farm as a direct result of Defendants' cessation of border barrier construction, the Proclamation, and the DHS Plan.

7. **List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.**

    The parties do not anticipate additional parties that should be included.

8. **List anticipated interventions.**

    The parties do not anticipate any interventions.

9. **Describe any class-action issues.**

   There are no class action issues in this case.

10. **Describe the discovery plan proposed by the parties, including:**

    **A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a);**

    Defendants' position is that this case is exempt from initial disclosures. *See supra* ¶ 2.

    **B. When and to whom the plaintiff anticipates it may send interrogatories;**

    GLO anticipates sending interrogatories to Defendants by no later than December 23, 2022.

    **C. When and to whom the defendant anticipates it may send interrogatories;**

    Discovery in this APA case should be limited only to jurisdictional issues concerning GLO's standing and whether this case is moot. Defendants anticipate sending initial interrogatories to GLO about these jurisdictional issues within 30 days of the commencement of jurisdictional discovery.

    **D. Of Whom and by when the plaintiff anticipates taking oral depositions;**

    GLO is unable to ascertain with certainty all witnesses who may need to be deposed at this time, as the government has not yet filed the administrative record, but for now GLO anticipates taking one or more oral depositions by March 17, 2023, of the following: (1) Paul Enriquez; (2) executive leaders of the U.S. Customs and Border Patrol; (3) Eric M. McFadden; (4) Loren Flossman; (5) Jerry B. Martin; (6) Paul Enriquez; (7) Rodney Scott; (8) Todd Owen; (9) Carla L. Provost; and (10) Manuel Padilla.

    **E. Of Whom and by when the defendant anticipates taking oral depositions;**

    Discovery in this APA case should be limited only to jurisdictional issues concerning GLO's standing and whether this case is moot. Defendants anticipate oral depositions of GLO pursuant to Federal Rule of Civil Procedure Rule 30(b)(b), and possibly other GLO officials, limited to the issues of standing and mootness issues. Additionally, Defendants reserve the right to take non-party depositions of other Texas state government agencies and officials about the border wall on the GLO Farm, including the Texas Facilities Commission and Texas Department of Public Safety. Oral depositions may also include the farming company that leases the GLO Farm and contractors involved in the construction and program management of the wall on the GLO Farm. Defendants anticipate commencing depositions no sooner than 30 days after the start of jurisdictional discovery.

    **F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;**

    GLO does not intend to designate any experts at this time but reserves the right to

amend or supplement this response.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report);**

GLO does not intend to depose any experts other than those identified above as potential witnesses to be deposed at this time but reserves the right to amend or supplement this response.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report); and**

Defendants do not intend to designate any experts or take expert depositions at this time, but reserve the right to do so.

**I. All other matters raised in Rule 26(f).**

All issues raised in Rule 26(f) are addressed in this pleading.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement about the following discovery plan, except Defendants believe that discovery should be limited to jurisdictional issues and that GLO is not entitled to discovery related to the merits of its claims.

| Event | Deadline |
|---|---|
| Defendants file administrative record | October 14, 2022 |
| Plaintiffs' motion to challenge administrative record | November 14, 2022 |
| Discovery deadline | March 17, 2023 |
| Plaintiffs' motion for summary judgment | April 14, 2023 |
| Defendants' cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment | May 12, 2023 |
| Plaintiffs' reply in support of motion for summary judgment and opposition to Defendants' cross-motion for summary judgment | June 23, 2023 |
| Defendants' reply in support of cross-motion for summary judgment | July 21, 2023 |

The parties set forth their views as follows:

**Plaintiffs' Statement**

Discovery outside of the administrative record is permissible in APA cases "(1) when agency action is not adequately explained in the record before the court; (2) when looking to determine whether the agency considered all relevant factors; (3) when a record is incomplete; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues; (5) when evidence arising after the agency action shows whether the decision was correct or not; (6) in certain NEPA cases; (7) in preliminary injunction cases; and (8) when an agency acts in bad faith." *La Union del Puebo Entero v. FEMA*, 141 F. Supp. 3d 681, 694 (S.D. Tex. 2015).

At least one of these grounds for discovery outside of the administrative record exists. This case challenges not only President Biden's Proclamation and the DHS Plan, but also the conduct of Defendants in the cessation of border wall construction. *See* ECF No. 34 at ¶¶ 139-141 (challenging Defendants' *acts* in addition to the Proclamation and DHS Plan). There are factual questions as to whether DHS's claim of merely "pausing" construction is a bad-faith pretext for the unlawful cessation of all construction, to be accomplished through obstructive conduct that will make a resumption of construction impracticable. President Biden himself promised in public statements that there "will not be another foot of wall constructed." ECF No. 34 at ¶ 2.

Plaintiffs respectfully request that the Court adopt the above schedule, without entering an order that discovery be limited to jurisdiction. After Defendants file the administrative record and Plaintiffs have had an opportunity to review it, additional grounds for discovery outside of the administrative record may become apparent. At that point in time, the parties and the Court can revisit the issue of the proper scope of discovery. Plaintiffs do not intend to seek discovery prior to the agreed deadline for Defendants to file the administrative record (October 14, 2022).

**Defendants' Statement**

Judicial review under the APA is "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.,* 470 U.S. at 743-44. Indeed, "[i]t is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record." *Goonsuwan v. Ashcroft,* 252 F.3d 383, 390 n.15 (5th Cir. 2001). "The focal point for judicial review" of agency action is "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142 (1973).

Because a court's review of agency action under the APA is confined to the administrative record, discovery about the merits of challenged agency action typically is not permitted. *See, e.g., In re FDIC,* 58 F.3d 1055, 1062 (5th Cir. 1995) ("[C]ourts reviewing [agency] decisions normally may not require the agency officials who participated in that decision to give testimony explaining their action [.]") (quotations omitted); *Baker v. Bell,* 630 F.2d 1046, 1050-51 (5th Cir. 1980) (affirming district court that, in its review of APA claims, "considered the action solely upon the administrative record" and "refused to permit discovery by the plaintiff class").

In the event Plaintiffs seek to challenge the contents of the administrative record, any such challenge should be submitted to the Court by way of a motion after Defendants file the administrative record. *See, e.g., Dep't of Commerce*, 139 S. Ct. at 2564. GLO is not entitled under the Federal Rules of Civil Procedure or any other provision of law to take any merits discovery about the agency action under review in an APA case before the filing of the administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i), (f)(1). If, after reviewing the administrative record, GLO asks the Court to take the "unusual step" of "authoriz[ing] discovery outside the administrative record," GLO would need to make a "strong showing" necessary to justify such a "substantial intrusion into the workings of" the Executive Branch that "should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2573-74 (citation omitted). As the Fifth Circuit has explained, the Court may consider extra-record evidence only when a plaintiff shows that "unusual circumstances justify[] a departure from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (listing three circumstances

when "supplementation" of the administrative record "may be permitted"); *see Biden v. Texas*, 142 S. Ct. 2528, 2546 (2022) (stating that a "strong showing of bad faith or improper behavior on the part of the agency" is required to invoke the "narrow exception" to the record review rule) (internal quotations omitted). The Court would therefore have to find that GLO has satisfied this high bar before authorizing a departure from the normal rule that review of agency action is limited to the administrative record.

Based on these principles, the Court's scheduling order should adopt the parties' proposed schedule set forth above and limit the scope of any discovery solely to the issues of GLO's standing and mootness absent further order of the Court.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been taken to date by either party.

**13. State the date the planned discovery can reasonably be completed.**

Please see the parties' responses to questions 10 and 11, *supra*.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties state that, at this time, there does not appear to be a possibility for a prompt settlement or resolution of the case. GLO believes that Defendants' actions are unlawful and are causing ongoing harms to its property. Defendants believe that their actions are lawful and dispute GLO's factual assertions. The parties will promptly inform the Court if this assessment changes.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Not applicable.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties state that, at this time, there are no alternative dispute resolution techniques reasonably suitable to this case. The parties will promptly inform the Court if this assessment changes.

**17. Magistrate judges may now hear jury and non−jury trials. Indicate the parties'**

**joint position on a trial before a magistrate judge.**

The parties oppose trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

No jury demand has been made.

**19. Specify the number of hours it will take to present the evidence in this case.**

Not applicable.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

No pending motions at this time.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties note that it may be necessary for the Court to issue a protective order under Rule 26(c) governing the use and dissemination of potentially sensitive state and federal government information in this action. The parties agree to confer about such an order before bringing the matter to the Court's attention.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiffs filed a disclosure of interested parties on July 30, 2021. ECF No. 7. Defendants state that as governmental entities, they do not have a financial interest in the outcome of this litigation.

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| *For Plaintiffs* | *For Defendants* |
|---|---|
| CORY R. LIU | ANDREW I. WARDEN (IN Bar #23840-49) |
| Texas Bar No. 24098003 | Senior Trial Counsel |
| S.D. Tex. Bar No. 3047640 | 1100 L St, NW, #7506 |
| AUSTIN R. NIMOCKS | Washington, DC 20005 |
| Texas Bar No. 24002695 | Tel: (202) 616-5084 |
| S.D. Tex. Bar No. 2972032 | Fax: (202) 616-8470 |

ASHCROFT LAW FIRM LLC
919 Congress Ave., Ste. 1325
Austin, TX 78701
Phone: (512) 370-1800
Facsimile: (512) 727-8200
Email: cliu@ashcroftlawfirm.com
animocks@ashcroftlawfirm.com

DONATO D. RAMOS
Federal ID: 563276
State Bar No. 16508000
mrodriguez@ddrlex.com
DONATO D. RAMOS, JR.
Federal ID: 559771
State Bar No. 24041744
donatoramosjr@ddrlex.com
LAW OFFICES OF DONATO D.
RAMOS, PLLC
6721 McPherson Road, Suite 250
Laredo, Texas 78041
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

andrew.warden@usdoj.gov

MICHAEL J. GERARDI (DC Bar #1017949)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, No. 122212
Washington, D.C. 20005
Tel: (202) 616-0680
Fax:    (202) 616-8470
E-mail: michael.j.gerardi@usdoj.gov


/s/ Cory R. Liu

Counsel for Plaintiffs

9/2/2022

Date


/s/ Michael J. Gerardi

Counsel for Defendants

9/2/2022

Date