Case 7:21-cv-00272   Document 65   Filed on 09/08/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE TEXAS GENERAL LAND OFFICE; and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office,<br><br>　　Plaintiffs,<br><br>VS.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 7:21-cv-00272<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **OPINION AND ORDER**

The Court now considers the parties' "Joint Discovery/Case Management Plan Under F.R.C.P. 26(f)"[1] and joint motion to appear remotely for the initial pretrial and scheduling conference.[2] This case was originally brought to challenge the federal executive branch's southwest border policy for alleged violation of the constitutional separation of powers and certain express constitutional provisions, statutory violations of appropriations and other related statutes, and violation of the Administrative Procedure Act (APA).[3] It was later consolidated with Civil Action 7:21-cv-420, brought by Texas and Missouri alleging similar claims.[4] On August 3, 2022,

---

[1] Dkt. No. 62.
[2] Dkt. No. 63.
[3] Dkt. No. 34.
[4] Dkt. No. 23.

this Court granted in part Defendants' motion to dismiss, retaining only Plaintiffs' APA claims and dismissing Texas and Missouri from the lawsuit.[5] Texas and Missouri have appealed that decision.[6]

In the instant plan, the parties agree as to the schedule and deadlines for litigation of the APA claims, "except Defendants believe that discovery should be limited to jurisdictional issues and that GLO is not entitled to discovery related to the merits of its claim."[7]

## I. Scope of discovery

Plaintiffs seek discovery on the merits and outside the administrative record, even though only APA claims remain.[8] They argue that in this order, the Court should "adopt the [proposed] schedule, without entering an order that discovery be limited to jurisdiction" because at least one ground for allowing expanded discovery is present here.[9]

Defendants point out that judicial review of agency action is typically limited to the administrative record.[10] They argue that if "Plaintiffs seek to challenge the contents of the administrative record," they can do so "by way of motion after Defendants file the administrative record."[11]

The Court agrees with Defendants' arguments on this point. In an APA challenge to agency action, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."[12] To be sure, the reviewing court may authorize discovery outside the administrative record, but this is an "unusual step."[13] The

---

[5] Dkt. No. 57.
[6] Dkt. No. 58.
[7] Dkt. No. 62 at 6, ¶ 11.
[8] *Id.* at 7.
[9] *Id.* (citing *La Union del Pueblo Entrero v. FEMA*, 141 F. Supp. 3d 681, 694 (S.D.Tex. 2015) (J. Tagle)).
[10] *Id.* at 8.
[11] *Id.*
[12] *Camp v. Pitts*, 411 U.S. 138, 142 (1973).
[13] *See DOC v. New York,* 139 S. Ct. 2551, 2564 (2019).

exceptions to the general rule that discovery be limited to the administrative record are triggered by problems with that record including, *inter alia*, inadequate explanation of the challenged action, incompleteness, complexity such that the court would be aided by additional information, or when there are indicia of bad faith.[14]

Here, Plaintiffs cannot point to problems with the administrative record because the record has not yet been produced. Plaintiffs allege bad faith,[15] but have not given the administrative record a chance to tip that allegation one way or another. By Plaintiffs' own admission, "*[a]fter* Defendants file the administrative record and Plaintiffs have had an opportunity to review it, additional grounds for discovery . . . *may* become apparent."[16] Defendants rightly point out that Plaintiffs can ask the Court to authorize additional discovery "after reviewing the administrative record."[17]

Therefore, the Court enters the following scheduling order, and it **ORDERS** that discovery is limited to the administrative record and to jurisdictional matters of standing and mootness.

## II.     Scheduling order

The Court finds the deadlines contained in the parties' plan to be reasonable. The Court therefore enters this scheduling order under Federal Rule of Civil Procedure 16(b)(1)(A) in lieu of holding an initial pretrial and scheduling conference. The initial pretrial conference previously scheduled for September 13, 2022, is hereby **CANCELLED** and the parties' joint motion to appear remotely for the initial pretrial and scheduling conference is **DENIED AS MOOT**. This

---

[14] *See La Union*, 141 F. Supp. At 694; *see also Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (allowing supplementation where "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review.").
[15] Dkt. No. 62 at 7 ("There are factual questions as to whether DHS's claim of merely 'pausing' construction is a bad-faith pretext for the unlawful cessation of all construction.").
[16] *Id.* (emphasis added).
[17] *Id.* at 8.

case-specific scheduling order controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| EVENT | DEADLINES |
|---|---|
| Defendants file administrative record | October 14, 2022 |
| Plaintiffs' motion to challenge administrative record | November 14, 2022 |
| Discovery deadline | March 17, 2023 |
| Plaintiffs' motion for summary judgment | April 14, 2023 |
| Defendants' cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment | May 12, 2023 |
| Plaintiffs' reply in support of motion for summary judgment and opposition to Defendants' cross-motion for summary judgment | June 23, 2023 |
| Defendants' reply in support of cross-motion for summary judgment | July 21, 2023 |
| Final pretrial conference and hearing schedule | September 19, 2023 at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[18] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 8th day of September 2022.

                                                      _____
                                                        Micaela Alvarez
                                                    United States District Judge

---

[18] *See* FED. R. CIV. P. 16(b)(4); 6A MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).