**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

|  |  |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security, <br><br> Defendants. | No. 7:21-cv-00272 <br> Hon. Micaela Alvarez |

**UNOPPOSED MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER**

1.      Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Federal Rule of Evidence 502(d), Defendants move for entry of a protective order to govern disclosure of confidential United States Government information in discovery in this case.  The parties have conferred about the terms of the protective order and Plaintiffs do not object to entry of the proposed order attached as Exhibit 1.

2.      The Court's Case Management Order authorized limited discovery in this Administrative Procedure Act case on "jurisdictional matters of standing and mootness."  ECF No. 64 at 3.  Plaintiffs served interrogatories and requests for production on December 16, 2022.  Defendants responded to Plaintiffs' requests on January 17, 2023, stating that Defendants would begin production of certain categories of documents on rolling basis beginning 14 days after the Court enters a discovery protective order in this case.  Defendants anticipate that production of documents in response to Plaintiffs' requests will require disclosure of confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, including information protected from disclosure

1

under the Privacy Act, 5 U.S.C. §552a.  Accordingly, a protective order is needed to permit the Federal

Defendants to produce such documents and to prevent unnecessary disclosure or dissemination of

such information.

3.      Upon a party's showing of "good cause," courts have broad discretion to issue protective

orders during discovery to "protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  In addition to the interests enumerated in

Rule 26(c)(1), the Supreme Court has understood the Rule's "broad purpose and language" to

encompass "privacy" interests and "other rights or interests that may be implicated" by liberal

discovery.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).  District courts "have broad

discretion in determining whether to grant a motion for a protective order."  *In re LeBlanc*, 559 F.

App'x 389, 393 (5th Cir. 2014) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)).

4.      The proposed protective order applies enhanced handling requirements for five categories of

sensitive information produced in discovery:

a.      Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, without obtaining the prior written consent of the individuals to whom such records or information pertain.

b.      Personally Identifying Information (PII), which is information that permits the identity of an individual to be directly or indirectly inferred, or otherwise confidential information regarding any plaintiff, defendant, employee or former employee of any defendant, or Non-Party, including but not limited to date of birth, social security number, email addresses, phone numbers, mailing addresses, or compensation information, that would be protected or restricted from disclosure by statute, regulation, internal agency policy or guidance, but disclosure of which may be authorized by an order of this Court.

c.      Non-public information that is designated or treated as (i) Law Enforcement Sensitive (LES), as well as (ii) information that is protected or restricted from disclosure under the terms of any other statute or regulation, but which the Court may order be produced.

d.      Confidential commercial or trade secret information such as set forth in Federal Rule of Civil Procedure 26(c)(1)(G).

e.      All other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for

> protection under Federal Rule of Civil Procedure 26(c), except that this Order does not pertain to or govern the handling, disclosure, or use of any classified national security information.

*See* Proposed Protective Order ¶ 3.

5.      Good cause exists for entry of the proposed protective order pertaining to the discovery stage of litigation in this case.[1]  *See* Fed. R. Civ. P. 26(c); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) ("At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper.  Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information.").  The Privacy Act broadly precludes government agencies from disclosing personal information that it maintains in its records.  *See* 5 U.S.C. § 552a(b).  Disclosure not authorized by law has the potential to create liability for the United States.  *See id.* § 552a(g)(4).  But the Privacy Act provides, as an exception to the general bar on disclosure, that protected records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).  An order of this Court, therefore, would provide a basis for release of the relevant records, documents and other information pursuant to the Privacy Act and Federal Rule of Civil Procedure 26, as well as insulate Defendants from potential liability for improper disclosure.  *See* 5 U.S.C. § 552a(g)(1).  *See, e.g.*, *Andreadakis v. McDonough*, No. EP-20-CV-00104-DCG, 2021 WL 2444950, at *2 (W.D. Tex. June 15, 2021) (entering protective order authorizing government to "to disclose and produce materials that are protected by the Privacy [A]ct" that are relevant to the litigation under Rule 26).

6.      Similarly, the protective order includes restrictions on dissemination of certain types of personally identifying information (PII) contained in documents produced in discovery.  Protection of PII from widespread dissemination furthers both personal and informational privacy interests of the affected individuals.  *See* Fed. R. Civ. P. 5.2 (setting forth protections for filing documents with various types of PII).  If PII is disclosed without protective measures, it will undermine the privacy of the people to whom the information relates.  Accordingly, Courts routinely authorize disclosure of

---

[1] Defendants are mindful that the standard for shielding records from public view through sealing orders at the adjudicative stage is more arduous.  *Binh Hoa Le*, 990 F.3d at 420.

PII pursuant to discovery protective orders. *See, e.g.*, *United States v. Waters*, No. 2:20-MJ-0174-KJN, 2021 WL 1526794, at *1 (E.D. Cal. Apr. 19, 2021); *Doe v. U.S. Immigr. & Customs Enf't*, No. 19-CV-8892 (AJN), 2021 WL 3862708, at *1 (S.D.N.Y. Aug. 30, 2021); *In re Subpoena Served on Regent Educ., Inc.*, No. 17-cv-3541-ELH, 2017 WL 6368618, at *3 (D. Md. Dec. 13, 2017). These privacy concerns are particularly acute in the present case where Defendants anticipate disclosure of law enforcement documents that may contain personally identifying information about agents and employees of U.S. Customs and Border Protection (CBP) as related to their border security mission. The United States has a strong interest in protecting sensitive personally identifying information of law enforcement personnel from unnecessary disclosure.

7.      Federal Rule of Civil Procedure 26(c)(1)(G) also authorizes the Court to issue a protective order providing that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Here, Defendants anticipate that production of certain discovery information requested by Plaintiffs may require disclosure of sensitive commercial information, such as information contained in government contract documents about border barrier construction. Protective Orders are routinely issued in federal government contract litigation to permit the disclosure of confidential business information. *See, e.g.*, 4 C.F.R. § 21.4 (authorizing entry of protective order for confidential commercial information in protests to government contract awards); Rules of the United States Court of Federal Claims, Appendix C, § 4 ("The principal vehicle relied upon by the court to ensure protection of sensitive information is the protective order."). The proposed protective order in this case would allow Defendants to produce this type of commercial information to Plaintiffs while protecting its confidentiality during discovery.

8.      Entry of the proposed protective order also would facilitate the disclosure of information that is law enforcement sensitive. In response to Plaintiffs' discovery requests, Defendants have agreed to produce certain information and documents from CBP about border enforcement activities on the farm owned by Plaintiffs that is focus of this case. Widespread release of law enforcement information about CBP's border security operations and activities could have a detrimental impact on the agency and the public. *See, e.g., In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 & n.1 (5th Cir. 2006)

(recognizing law enforcement privilege for documents created by DHS). Such information may be protected from disclosure under the Freedom of Information Act's protection for law enforcement records, 5 U.S.C. § 552(b)(7), or generally unavailable to the public because its disclosure could adversely impact such things as a person's privacy or welfare or the conduct of the agency's operations essential to the national interest, but which a court may order to be produced. A confidentiality order will thus facilitate the efficient production of law enforcement documents in discovery that otherwise might be withheld.[2]

9.      Further, to guard against the risk of inadvertent waiver of any applicable privileges or protections, the proposed protective order includes procedures to assert and preserve claims of privilege after production pursuant to Federal Rule of Evidence 502(d). *See* Proposed Protective Order ¶ 19. Federal Rule of Evidence 502(d) provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." This provision authorizes courts to enter a protective order proposed by the parties to "eliminat[e] disputes regarding inadvertent disclosure of privileged documents, which would disrupt the discovery process and cause the attorneys in this case to expend significant resources and time arguing about what steps were taken to prevent disclosure and to rectify the error." *Rajala v. McGuire Woods, LLP*, No.08-2638-CM, 2013 WL 50200, at *5 (D. Kan. Jan. 3, 2013); *See In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 301 F. Supp. 3d 917, 926 (N.D. Ill. 2018) (noting Fed. R. Evid. 502(d) allows parties to "create their own guidelines to address inadvertent disclosure and to avoid waiver-related litigation under Rule 502(b)"). To minimize the burdens of potential litigation over assertions of waiver of privilege, the proposed protective order in this case includes agreed-upon procedures for the parties to follow in the event of the disclosure of privilege information.[3]

---

[2] The final category of information listed in the proposed protective order (¶ 3.e.) is a catch-all provision to reflect the protections contained in Fed. R. Civ. P. 26(c).

[3] Although Rule 502 by its terms addresses attorney-client privilege and work-production protection, several courts have extended the Rule's protections to other privileges. *See, e.g., Fairholme Funds, Inc. v. United States,* 134 Fed. Cl. 680, 686 (2017) (permitting the application of a Rule 502(d) order to

10.     Entry of the proposed protective order will expedite the flow of discovery information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable uses of such material in the conduct of this case, address their handling at the end of the litigation, and serve the ends of justice.

11.     For these reasons, Defendants respectfully request the Court grant the unopposed motion for entry of the discovery protective order in this case.  A proposed order is attached.


Dated:  January 25, 2023                          Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Director, Federal Programs Branch

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director, Federal Programs Branch

                                                 /s/ Andrew I. Warden[4]
                                                 ANDREW I. WARDEN (IN Bar #23840-49)
                                                 Senior Trial Counsel
                                                 MICHAEL J. GERARDI
                                                 (D.C. Bar #1017949)
                                                 Trial Attorney / Attorney-in-Charge
                                                 U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L St. NW, No. 7506
                                                 Washington, D.C. 20005

---

the deliberative process and bank examination privileges); *ANZ Advanced Techs., LLC v. Bush Hog, LLC*, No. 09-cv-00228, 2010 WL 11575131, at *11 (S.D. Ala. May 4, 2010) (applying Rule 502(d) order to "the attorney-client privilege, work product protection, and/or any other privilege or immunity with respect to such disclosure in this case or in any other Federal or State proceeding."). *But see Proxicom Wireless, LLC v. Target Corp.*, No. 619CV1886ORL37LRH, 2020 WL 1671326, at *2 (M.D. Fla. Mar. 25, 2020) (limiting Rule 502(d) order only to the attorney-client privilege or work-product protection).

[4] Signed with permission of the attorney-in-charge in accordance with Local Rule 11.3.

Tel: (202) 616-5084
Fax: (202) 616-8470
E-mail: Andrew.Warden@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically filed a copy of the foregoing unopposed motion.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ Andrew I. Warden
ANDREW I. WARDEN