IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | No. 7:21-cv-00272<br>Hon. Micaela Alvarez |

**UNOPPOSED JOINT MOTION TO STAY SUMMARY JUDGMENT BRIEFING PENDING A DECISION BY THE FIFTH CIRCUIT IN THE *MISSOURI/TEXAS* APPEAL**

1. Plaintiffs and Defendants jointly move to stay summary judgment briefing in the above-captioned case pending a decision by the U.S. Court of Appeals for the Fifth Circuit in the companion case consolidated with this action, *State of Missouri et al., v. Biden et al.*, No. 22-40526 (5th Cir.) (argued December 6, 2022).

2. This case involves a challenge by the Texas General Land Office and its Commissioner (collectively GLO) to the federal government's spending policies for barrier infrastructure along the southern border of the United States. On November 30, 2021, the Court consolidated this case with a similar action brought by the States of Missouri and Texas. *See* ECF No. 23. Thereafter, the parties in both cases briefed motions to dismiss and a motion for a preliminary injunction. On August 3, 2022, the Court dismissed all claims of Texas and Missouri, and denied as moot the States' motion for a preliminary injunction. *See* ECF No. 57 at 2. As to GLO, the Court dismissed

1

all claims other than two counts alleging violations of the Administrative Procedure Act (APA). *See id.* at 40, 61.

3.  Texas and Missouri appealed the dismissal of their case and the denial of the motion for a preliminary injunction. *See* ECF No. 58. The Fifth Circuit granted expedited briefing and heard oral argument on December 6, 2022. *See* Case No. 22-40526 (5th Cir.).

4.  In the GLO case, the Court entered a case management order setting deadlines for production of the administrative record, discovery, and summary judgment briefing. *See* ECF No. 64. In accordance with the Court's order, Defendants filed the administrative record on October 14, 2022. *See* ECF No. 66. GLO then filed a motion challenging the completeness of the administrative record. *See* ECF No. 68. The parties completed briefing in December 2022 and the motion remains pending. *See* ECF Nos. 70, 71.

5.  The case management order also authorized the parties to conduct limited discovery as "to jurisdictional matters of standing and mootness." ECF No. 64 at 3. The parties recently completed the discovery process by the Court's deadline of March 17, 2023. *Id.* at 4. The next step in the case would be for the parties to brief cross-motions for summary judgment, with GLO's opening brief due on April 14, 2023. *Id.*

6.  Given the potential impact of any decision of the Fifth Circuit in the *Missouri/Texas* appeal on future proceedings in this Court, the parties recently conferred about the most efficient way forward. The parties agree that staying summary judgment briefing until that appeal is resolved would promote judicial efficiency, avoid the needless expenditure of party resources, and permit the parties to receive the benefit of the Fifth Circuit's decision before moving forward with summary judgment briefing in this case. For these reasons, the parties jointly request that the Court enter a stay. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general

discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.").

7. Depending on the Fifth Circuit's resolution of the *Missouri/Texas* case, if summary judgment in the GLO case were to proceed, Defendants would potentially have to duplicate merits briefing in the two cases on separate schedules. Such an approach might also strain judicial resources by potentially requiring the Court to issue separate summary judgment decisions in two similar cases on different schedules. To avoid those inefficiencies, the parties move to stay summary judgment briefing and will submit a proposed schedule for further proceedings within 30 days of the issuance of the mandate in the *Missouri/Texas* appeal. This approach would permit the parties to consider the Fifth Circuit's forthcoming decision, potentially coordinate further proceedings in this case with the *Missouri/Texas* case, and enhance the efficient use of party and judicial resources. *See, e.g., Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, No. 5:18-CV-97, 2019 WL 13191609, at *1-3 (S.D. Tex. Aug. 26, 2019) (staying proceedings pending resolution of appeal in related case).

8. Further, because the parties ask the court to stay only the summary judgment briefing schedule, the Court could still consider and rule upon GLO's pending motion challenging the completeness of the administrative record. Thus, a stay would allow the parties to receive the benefit of this Court's decision on GLO's motion before beginning summary judgment briefing. Under well-established administrative law principles, the Court's review of the merits of the two remaining APA counts in this case will be based on the administrative record. Although the parties dispute whether the administrative record that is currently before the Court is complete, the parties agree that resolution of GLO's challenge to the completeness of the record is necessary for the parties to move forward with summary judgment briefing. In the event the Court decides that the record must be supplemented with additional information, a stay of summary judgment briefing would enable Defendants to complete the record in a reasonable amount of time without disrupting the schedule for further proceedings in this case.

9.     For these reasons, Plaintiffs and Defendants respectfully request that the Court stay summary judgment briefing pending a decision from the Fifth Circuit in the *Missouri/Texas* appeal. The parties agree to submit a proposed schedule for further proceedings within 30 days of the issuance of the mandate. A proposed order is attached.

Dated:  March 30, 2023                                                          Respectfully submitted,

*/s/ Austin R. Nimocks*                                                         BRIAN M. BOYNTON
Austin R. Nimocks                                                               Principal Deputy Assistant Attorney General
Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032                                                       ALEXANDER K. HAAS
Email: austin@peelenimocks.com                                                  Director, Federal Programs Branch
Christopher L. Peele
Texas Bar No. 24013308                                                          ANTHONY J. COPPOLINO
S.D. Tex. Bar No. 31519                                                         Deputy Director, Federal Programs Branch
Email: chris@peelenimocks.com
PEELE | NIMOCKS LAW FIRM                                                         */s/ Andrew I. Warden*[1]
4002 E. Hwy. 290                                                                ANDREW I. WARDEN (IN Bar #23840-49)
Dripping Springs, TX 78620                                                      Senior Trial Counsel
Phone: (512) 522-4893                                                           MICHAEL J. GERARDI
                                                                                (D.C. Bar #1017949)
                                                                                Trial Attorney / Attorney-in-Charge
                                                                                U.S. Department of Justice
                                                                                Civil Division, Federal Programs Branch
                                                                                1100 L St. NW, No. 7506
                                                                                Washington, D.C. 20005
                                                                                Tel: (202) 616-5084
                                                                                Fax: (202) 616-8470
                                                                                E-mail: Andrew.Warden@usdoj.gov

---

[1] Signed with permission of the attorney-in-charge in accordance with Local Rule 11.3.

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                             */s/ Andrew I. Warden*
                                             ANDREW I. WARDEN