**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> U.S. DEP'T OF HOMELAND SECURITY, *et al.*, <br><br>  Defendants. | Case No. 7:21-cv-00272 |

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS, <br><br>  Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, <br><br>  Defendants. | Case No. 7:21-cv-00420 <br><br> (formerly No. 6:21-cv-00052) |

**MOTION FOR LEAVE TO FILE SUR-REPLY**

Pursuant to Rule 16.c of this Court's Procedures, Defendants respectfully seek leave to file a sur-reply to respond to new evidence submitted in Plaintiffs' supplemental brief in support of their motion for a preliminary injunction, ECF No. 101. Defendants' proposed eight-page sur-reply is attached to this motion as Exhibit 1. Prior to filing this motion, in accordance with Local Rule 7.1(D) and Rule 15.a. of the Court's Procedures, Defendants conferred with Plaintiffs as to the substance of the motion. Plaintiffs stated that they reserve their position on Defendants' motion until they review the filing. Plaintiffs also stated that they do not object to Defendants filing the document attached to the sur-reply as Exhibit 3 (GLO rent reduction request). Defendants offered not to oppose a motion

from Plaintiffs to file a response to the sur-reply of similar length and Plaintiffs reserved their right to do so.

A motion for a preliminary injunction filed by the State of Missouri and the State of Texas ("the States"), and joined by the General Land Office of the State of Texas and its elected Commissioner, Dr. Dawn Buckingham ("GLO"), is currently pending before the Court. *Missouri v. Biden*, No. 7:21-cv-00420, ECF No. 19. After the United States Court of Appeals for the Fifth Circuit reversed the district court's judgment dismissing the *Missouri* case and directed the Court to consider the States' motion for a preliminary injunction, ECF No. 85, GLO moved, unopposed, to join the States' motion for a preliminary injunction. ECF No. 91. The Court granted that motion on August 16, 2023. ECF No. 91. The States and GLO filed a supplemental brief on September 15, 2023, that they describe as a "comprehensive Reply in support of their motion for a preliminary injunction." ECF No. 101 at 4 n.2. They attached to the brief a "supplemental appendix," which included declarations from Brian Carter, the Senior Deputy Director of Asset Enhancement for GLO, and Alan McWilliams, a Deputy Director of Leasing Operations for GLO. Pls.' Supp. App. 0001–0011. In addition to the declarations, the appendix includes nearly 100 pages of additional evidence. *Id.* at 0011–0107. The States' motion for preliminary injunction did not include any argument or evidence about GLO, and GLO's motion to "join" the preliminary injunction motion did not indicate that it would submit new factual evidence specific to GLO in support of the States' motion. ECF No. 91 ("GLO formally adopts, as its own, the motion and briefing originally filed by Missouri and Texas, ECF No. 19 (7:21-cv-00420).").

To correct this imbalance in the record, Defendants seek leave to file the attached sur-reply brief. "It is well established" that a movant may not rely on "arguments and evidence presented for the first time in a reply brief" unless "the court gives the nonmovant an adequate opportunity to respond." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 704–05 (S.D. Tex. 2007) (quoting *Vais Arms, Inc. v. Vais,* 383 F.3d 287, 292 & n. 10 (5th Cir. 2004)); *see also Galderma*

*Lab'ys, L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008) ("It is well settled that the reply brief may not contain new evidence."); Local Rule 7.7 (contemplating that "[i]f a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed," but not contemplating the same for a reply). This is because "a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Industries, Inc., v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). Otherwise, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *see also iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV H-19-3386, 2022 WL 138030, at *6 (S.D. Tex. Jan. 14, 2022) ("[A] reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court." (citations omitted)). Accordingly, "when the movant raises new legal theories or attempts to present evidence at the reply stage," "[a] sur-reply is appropriate by the non-movant." *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (quoting *Murray v. TXU Corp.*, No. Civ. A 3:03CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)).

Defendants respectfully request leave to file a response addressing Plaintiffs' new evidence about GLO that Plaintiffs asserted for the first time in their reply. *See, e.g., Simmons v. T-Mobile USA, Inc.*, No. CIVA H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) (granting to leave to respond to newly raised evidence). For example, Mr. Carter's declaration alleges that the GLO Farm "sits next to a completed segment of the wall that has funneled the already elevated levels of illegal activity to the GLO Farm." Carter Decl. ¶ 6. As the sur-reply and the accompanying declarations explain, this theory is implausible. The migrant activity GLO has observed on the farm is the result of migrants crossing the Rio Grande River from a town on the Mexican side of the border and presenting themselves to law enforcement for apprehension on the southern end of the GLO farm, approximately two miles away from the federal border wall and the State of Texas's own wall. The

completed segments of the federal border wall on the property to the west of the GLO farm are not funneling or diverting these migrants onto the GLO farm. Further, completion of the federal border wall project that was planned for the area near the GLO farm would not curb this type of migrant activity because it takes place significantly south of the wall, and the migrants crossing the border at GLO farm are not seeking to avoid detection and apprehension by law enforcement. Indeed, Texas has already completed a section of the border wall over the area of the GLO farm where the federal government's prior project was planned to be built, a key fact omitted from the Plaintiffs' supplemental submission. As GLO's evidence demonstrates, that construction project has done nothing to prevent migrants from crossing onto the southern part of the GLO farm and surrendering to law enforcement for immigration processing. Mr. Carter also asserts that GLO is receiving less money in rent in part because of trespassing on the farm, but omits the fact that the tenant who leases the farm complained about the State of Texas's construction and law enforcement activities as a basis for his rent reduction request.

For these and other reasons set forth in the proposed sur-reply, Plaintiffs' supplemental brief is factually incomplete and requires clarification. A sur-reply is therefore warranted to provide Defendants with a fair opportunity to respond to Plaintiffs' new evidence. Without the sur-reply, the briefing on the new issues raised in Plaintiffs' reply about the GLO farm would be inappropriately one-sided, presenting only the views of Plaintiffs' counsel.

Plaintiffs will not be prejudiced if this motion is granted. Defendants do not oppose granting leave to Plaintiffs to file a brief in response to Defendants' sur-reply of equal length to the sur-reply. The Court has not set argument in this matter, and Plaintiffs will have more than sufficient time to submit a response before the Court issues a decision.

A proposed order granting the requested relief is attached.

Dated: September 28, 2023           Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar #23840-49)
Senior Trial Counsel
MICHAEL J. GERARDI (D.C. Bar #1017949)
Senior Trial Counsel / Attorney-in-Charge
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 616-5085
E-mail: andrew.warden@usdoj.gov

*Counsel for Federal Defendants*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D) and Rule 15.a of the Court's Procedures, on September 27, 2023, Michael Gerardi and I conferred with counsel for Plaintiffs about Defendants' request to file a sur-reply. Plaintiffs stated that they reserve their position on Defendants' motion until they review the filing. Plaintiffs also stated that they do not object to Defendants filing the document attached to the sur-reply as Exhibit 3 (GLO rent reduction request). Defendants offered not to oppose a motion from Plaintiffs to file a response to the sur-reply of similar length and Plaintiffs reserved their right to do so.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN

6