# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>　　　　　　　Defendants. | No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　　　Defendants. | No. 7:21-cv-00272 |

**PLAINTIFFS' OBJECTION TO ORDER CONSTRUING THE PRELIMINARY INJUNCTION MOTION AS CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs file this objection to this Court's November 30 order construing the briefs on the preliminary injunction motion as cross-motions for summary judgment. Upon further consideration after the November 29 hearing held by this Court, Plaintiffs object for two reasons.

First, Plaintiffs are concerned the Court currently lacks authority to convert the preliminary injunction motion because of the Fifth Circuit's very narrow remand order.  The final line of the Fifth Circuit's decision in this case directs this Court to rule on the preliminary injunction motion: "we REVERSE and REMAND with instructions to speedily consider the States' motion for a preliminary injunction in an expeditious manner."  ECF 85 at 15.  In the very next sentence, the Fifth Circuit retained jurisdiction for any appeal from the ruling on the preliminary injunction motion: "It is ORDERED that any future request for appellate relief shall be directed to the panel consisting of Judges Jones, Smith, and Graves." *Id.*  And the Fifth Circuit never issued a judgment, Fed. R. App. P. 36, or a general mandate, Fed. R. App. P. 41; all this Court received from the Fifth Circuit was the opinion that included the two sentences retaining jurisdiction and directing this Court to rule on the "motion for a preliminary injunction."

When a mandate issues, the jurisdiction of the court of appeals over the case terminates, and the district court acquires jurisdiction to implement the mandate and take actions like converting a pending motion for preliminary injunction to a motion for summary judgment.  But this case does not contain that type of jurisdictional conferment upon this Court by the Fifth Circuit, nor the ability of this Court to confer

1

relief to the parties under Fed. R. Civ. P. 54, 56, or 58, but rather a narrower grant of authority to consider the pending injunctive relief request under Fed. R. Civ. P. 65.

That decision by the Fifth Circuit appears to limit this Court to considering only the preliminary injunction motion. "[A] lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002); *see also Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 n.2 (5th Cir. 2011) (similar). There are only three exceptions to this rule: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Matthews*, 312 F.3d at 657. None of these exceptions appears relevant here. So when the Fifth Circuit specifically directed this Court to rule on the "motion for a preliminary injunction" and retained jurisdiction over any appeal of a decision on the preliminary injunction motion, the panel appears to have limited the scope of action on remand.

Second, converting the current briefing into a motion for summary judgment deprives Plaintiffs of the ability to pursue evidence of pretext before final judgment. In the Census case from 2019, the plaintiffs successfully obtained authority to depose the head of the Civil Rights Division at DOJ to pursue their theory of pretext, which the Supreme Court upheld. *Dept. of Com. v. New York*, 139 S. Ct. 2551, 2564, 2574 (2019) (quibbling with the specific timing of the deposition but stating "it was ultimately justified"). Plaintiffs have not at this preliminary stage requested similar

2

relief considering the Fifth Circuit's direction for this Court to rule on the preliminary injunction motion "in an expeditious manner."   But there are several reasons to believe that the Federal Government's assertions about what it plans to do with the allotted funds for each fiscal year are pretextual.   That is especially true considering the President's and the Secretary's clearly stated policy—from day one—opposing any border barrier construction.   *See, e.g.*, Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction, 86 Fed. Reg. 7225, 7225 (Jan. 20, 2021) ("But building a massive wall that spans the entire southern border is not a serious policy solution.").   The Administration has not rescinded this policy, nor is it likely to do so.

Plaintiffs would like to reserve the opportunity to request further discovery if needed at the proper time.

## CONCLUSION

Plaintiffs respectfully object to the Court's order construing the preliminary injunction motion and briefing as cross-motions for summary judgment, and request that the Court grant their motion for preliminary-injunctive relief.

<table>
<tr>
<td>Date: December 5, 2023</td>
<td>Respectfully submitted,</td>
</tr>
<tr>
<td>ANDREW BAILEY<br>Attorney General of Missouri</td>
<td>KEN PAXTON<br>Attorney General of Texas</td>
</tr>
<tr>
<td>/s/ <u>Joshua M. Divine</u><br>JOSHUA M. DIVINE, #69875MO<br>Solicitor General<br><i>Attorney-in-Charge</i><br>Southern Dist. of Texas Bar No.<br>3833606</td>
<td>BRENT WEBSTER<br>First Assistant Attorney General</td>
</tr>
<tr>
<td></td>
<td>GRANT DORFMAN<br>Deputy First Assistant Attorney General</td>
</tr>
<tr>
<td>SAMUEL FREEDLUND, #73707MO*<br>Deputy Solicitor General</td>
<td>RALPH MOLINA<br>Deputy Attorney General for Legal Strategy</td>
</tr>
<tr>
<td>OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>josh.divine@ago.mo.gov<br>samuel.freedlund@ago.mo.gov</td>
<td>/s/ <u>Ryan D. Walters</u><br>RYAN D. WALTERS<br><i>Attorney-in-Charge</i><br>Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185</td>
</tr>
<tr>
<td></td>
<td>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.walters@oag.texas.gov</td>
</tr>
<tr>
<td><i>Counsel for Plaintiff<br>State of Missouri</i></td>
<td></td>
</tr>
<tr>
<td>*Admitted <i>pro hac vice</i></td>
<td><i>Counsel for Plaintiff State of Texas</i></td>
</tr>
</table>

4

/s/ *Austin R. Nimocks*

AUSTIN R. NIMOCKS
*Attorney-in-Charge*

Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032
austin@peelenimocks.com

CHRISTOPHER L. PEELE
Of Counsel
Texas Bar No. 24013308
S.D. Tex. Bar No. 31519
chris@peelenimocks.com

PEELE | NIMOCKS LAW FIRM
6836 Bee Caves Rd. Bldg. 3, Ste. 201
Austin, TX 78746
Phone: (512) 522-4893

*Counsel for Plaintiffs Texas General Land*
*Office and Commissioner Dawn*
*Buckingham, M.D.*

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2023, a true and accurate copy of the foregoing document was electronically filed and served on Defendants consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Joshua M. Divine*
Counsel for Plaintiffs

6