IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>                Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>                Defendants. | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>                Plaintiffs,<br><br>   v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>                Defendants. | Civil Action No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |

**DEFENDANTS' UNOPPOSED MOTION FOR ONE WEEK EXTENSION OF STAY OF PRELIMINARY INJUNCTION**

Defendants respectfully request a one-week extension of the current stay of the Court's preliminary injunction to facilitate Defendants' compliance with the requirements of the Court's order.

On March 8, 2024, the Court issued a memorandum opinion concluding that Congress's appropriation of funds to the Department of Homeland Security (DHS) for "construction of barrier system" in fiscal years 2020 and 2021 "permits only the construction of physical barriers, such as additional walls, fencing, buoys, etc." Mem. Op. & Order at 56 (ECF No. 128). The Court preliminarily enjoined the Federal Government from obligating those funds for any other purpose, including for "mitigation and remediation efforts, repair of existing barrier, so-called system attribute installation at existing sites, or other similar purposes." *Id.* The Court stayed the injunction for seven days "to allow the Defendants to seek relief at the appellate level." *Id.* Absent an extension of the stay, the Court's injunction is scheduled to take effect on Saturday, March 16, 2024.

Although Defendants respectfully disagree with the Court's conclusion that entry of a preliminary injunction was warranted in this case, Defendants have begun the process of winding down some of the projects impacted by the Court's order and have been working diligently to assess the full range of contracting and fiscal actions required to comply with the requirements of the Court's order. As set forth below, the process of winding down over 40 contracts and inter-agency agreements, assessing ongoing work activity at numerous sites along the southern border to determine which activities may continue consistent with the Court's order, and adjusting other barrier system program activities paid for by the appropriations subject to the Court's injunction is extremely complex. Given the range of projects and activities funded by the fiscal year 2020 and 2021 barrier system funds that are impacted by the Court's injunction, Defendants request a one-week extension of the stay, up to and including March 22, 2024, to allow for necessary compliance assessments and implementation to continue while avoiding the incursion of

wasteful costs by unnecessarily shutting down activities that may be permitted by the Court's order. The parties have conferred and Plaintiffs do not oppose this motion.

### ARGUMENT

The Court should exercise its "equitable discretion" to continue the stay of the preliminary injunction for one additional week to enable Defendants to continue implementation of the necessary fiscal and contracting actions to comply with the Court's order. *See, e.g.*, *Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991) (Scalia, J., in chambers).

Here, a modest one-week extension of the stay is appropriate to enable Defendants to assess the necessary actions that must be undertaken to comply with the Court's order and to take appropriate steps to implement those actions to align the obligation of the fiscal year 2020 and 2021 barrier system funds[1] with the requirements of the Court's order. This process requires a complex undertaking on numerous fronts. The United States Customs and Border Protection (CBP) has over 40 contracts or agreements with other federal agencies funded, in whole or in part, by the fiscal year 2020 and 2021 barrier system appropriations that are impacted by the Court's injunction. *See* Sixth Declaration of Paul Enriquez ¶ 9 (attached as Exhibit 1). The contracts are in various stages of completion; cover a range of projects, services, and activities; and span hundreds of miles of the southern border. *Id.*; s*ee generally* Third Declaration of Paul Enriquez (ECF No. 96-1); Fifth Declaration of Paul Enriquez (ECF No. 110); Administrative Record (ECF No. 66) (explaining projects and contract obligations). The agreements include

---

[1] *See* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a), 133 Stat. 2317, 2511 (2019); Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 210, 134 Stat. 1182, 1456–57 (2020).

inter-agency agreements CBP has executed with other federal agencies, including the U.S. Army Corps of Engineers and the Department of the Interior, that obligate portions of the FY20 and FY21 barrier system funds for use of those agencies on various barrier system programs, such as land acquisition to support barrier construction and remediation projects, within the expertise of those agencies.  Sixth Enriquez Decl. ¶ 9.  Together, these contracts and agreements account for approximately $2 billion in obligated funds.  *Id.*  A stay of the injunction for an additional week will allow CBP to further investigate the current status of ongoing project work at the various sites along the southern border and assess what work can continue or must be stopped to comply with the Court's order.  *Id.* ¶ 10.  Given the breadth and scope of the activities funded by the FY20 and FY21 barrier system appropriations, the large number of contracts and agreements impacted by the Court's injunction, and the need for inter-agency coordination, CBP needs to ensure that it has sufficient time to prepare appropriate stop work orders, contract suspension notices, or take other contract actions necessary to comply with the Court's order.  *Id.*

The process required to implement the requirements of the Court's injunction is further complicated by the fact that the contracts at issue cover multiple scopes of work.  Some contracts only cover a single activity.  *Id.* ¶ 11.  For example, CBP has awarded contracts for the installation of system attributes in areas where the Department of Defense has already constructed physical barrier.  *Id.*  Because the Court's order prohibits CBP from obligating FY20 or FY21 barrier system funds toward the installation of system attributes, CBP is in the process of issuing stop work orders for those contracts.  *Id.*   There are numerous other contracts, however, that cover multiple activities.  *Id.*  For the contracts that cover multiple activities, the additional time may allow the Government to avoid unnecessarily broad stop work orders, to the extent the contracts authorize work consistent with the Court's order.  *Id.*  Unnecessarily

overbroad stop work orders or suspension notices could prematurely shut down work authorized by the Court's order that further the construction of physical barrier. *Id.* In addition, to the extent CBP stops work or suspends multi-purpose contracts that contain work that is permitted by the Court's order, CBP will incur costs, such as delay claims and requests for equitable adjustments, to later unsuspend that work. *Id.* CBP may have difficulty quickly start work again after a stop work order is lifted, as contractors may need to recall personnel and re-mobilize equipment that is removed from a project area after a suspension. *Id.* These unneeded delays and additional costs can be avoided if CBP has additional time to stop work or suspend only those portions of the contracts that are prohibited by the Court's order. *Id.*; *see also id.* (citing examples of multi-activity contracts that may involve activities that may comply with the Court's order). These delays and costs can be avoided if CBP stops work or suspends only those portions of the contracts that are prohibited by the Court's order. *Id.*

Finally, the additional time would enable CBP to assess whether, and to what extent, ongoing projects funded by the fiscal year 2020 and 2021 barrier system appropriations would be permitted to proceed under the Court's injunction. The Court's opinion identified only two protects (Tijuana River Channel and Yuma Hill) where "the Government is complying with Subsection 209(a)(1)'s requirements" because the projects involved "filling gaps in existing walls." Mem. Op. & Order at 56. CBP anticipates that its assessment of contracts for projects funded by the fiscal year 2020 and 2021 barrier system appropriations may identify additional, similar projects that could continue under the Court's interpretation of the barrier system appropriation in Subsection 209(a)(1) and Section 210. *See* Sixth Enriquez Declaration ¶¶ 11-12 (discussing projects in the Tucson and El Centro Sectors that involve installation of vertical barriers and gates). The additional week of time would allow Defendants to continue that review

5

and, if appropriate, present the Court with a motion for clarification and/or reconsideration before the injunction takes effect.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the stay of the preliminary injunction for an additional week, up to and including March 22, 2024. A proposed order is attached.

Dated: March 14, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/ Andrew I. Warden
ANDREW I. WARDEN (IN Bar #23840-49)
Senior Trial Counsel
MICHAEL J. GERARDI
(D.C. Bar #1017949)
Trial Attorney / Attorney-in-Charge
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, No. 7506
Washington, D.C. 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
E-mail: Andrew.Warden@usdoj.gov

ALAMDAR S. HAMDANI
United States Attorney

/s/ Daniel D. Hu
DANIEL D. HU
Chief, Civil Division
Assistant United States Attorney
Southern District No. 7959
Texas Bar No. 10131415
1000 Louisiana, Suite 2300

Houston, Texas 77002
Tel: (713) 567-9000
Fax: (713) 718-3303
E-mail: Daniel.Hu@usdoj.gov

ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1359, as counted by Microsoft Word.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, I electronically filed a copy of the foregoing motion. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN

## CERTIFICATE OF CONFERRAL

I hereby certify that on March 13, 2024, I sent an email to counsel for Plaintiffs in the above-captioned cases requesting their position on the relief sought in this motion. Counsel for Plaintiffs stated that they do not oppose Defendants' requested one-week extension of the stay.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN