IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　　Defendants. | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>　　　　　　Defendants. | Civil Action No. 7:21-cv-00420 (formerly No. 6:21-cv-00052) |

## **ORDER**

Pending before the Court is Defendants' motion for clarification of the preliminary injunction entered by the Court on March 8, 2024. After reviewing the motion, the record and the applicable law, the Court is of the opinion that the motion should be GRANTED.

The preliminary injunction is CLARIFIED and MODIFIED as set forth below. It is hereby ORDERED that:

1. The Government and all its respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from implementing the July 2022 Amended Plan to the extent that its obligations are not authorized under Subsection 209(a)(1) and Section 210 as laid out in this Order.

2. The Government is prohibited from obligating funds under Subsection 209(a)(1)—and corresponding funds under Section 210—toward mitigation and remediation efforts, repair of existing barrier, so-called system attribute installation at existing sites, or other similar purposes. Those types of expenses may be authorized under Subsections (a)(2) through (a)(5) where appropriate, however, Subsection (a)(1) permits only the construction of physical barriers, such as additional walls, fencing, buoys, etc.

3. This preliminary injunction shall remain in effect pending a final resolution of the merits of this case or until a further Order from this Court, the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court.

This Order shall not affect obligations that are permissible under other Subsections of the CAAs.

This order does not prohibit the Government from using funds under Subsection 209(a)(1)—and corresponding funds under Section 210—to pay expenses necessary for, or in furtherance of, construction of physical barriers, including real estate acquisition, construction or improvement of access and patrol roads, erosion and drainage control measures necessary to ensure the long-term stability of the barrier, installation of power lines and utility infrastructure, project oversight and management, or other similar or ancillary expenses necessary for, or in furtherance of, the construction of physical barriers.

This order does not prohibit Defendants from using funds under Subsection 209(a)(1)—and corresponding funds under Section 210—on barrier construction projects that involve closing gaps or installing gates in areas where barriers were previously constructed.

This order does not prohibit the Government from using funds under Subsection 209(a)(1)—and corresponding funds under Section 210—to construct new barriers that replace previously constructed barriers or sections thereof (such as dilapidated or outdated barriers or

barriers that have serious security vulnerabilities), or new barriers in locations where no barrier has previously been constructed.

This order does not prohibit the Government from using funds under Subsection 209(a)(1)—and corresponding funds under Section 210—to pay costs associated with appropriately disposing of excess barrier construction materials.

This order does not prohibit the Government from using funds under Subsection 209(a)(1)—and corresponding funds under Section 210—to pay costs associated with winding down contracts and operations subject to this order to comply with the Court's preliminary injunction.

It is SO ORDERED.

Signed this ___ of _____, 2024.

_____
DREW B. TIPTON
UNITED STATES DISTRICT JUDGE