IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>    Defendants. | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>    Defendants. | Civil Action No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY PRELIMINARY INJUNCTION**

  Defendants seek clarification to continue using the fiscal year 2020 and 2021 barrier system appropriations to fund actions that support the construction of physical barriers. Plaintiffs concentrate on other possible funding sources but that misses the focus of the government's motion --- the narrow issue for clarification is to ensure that section (a)(1) funds

can be obligated for uses under the stated congressional purpose – "construction of barrier system along the southwest border." Federal agencies cannot undertake construction projects without a specific appropriation for the project (and cannot use other funds).  See 41 U.S.C. 6303. Plaintiffs' opposition to the motion to clarify does not further Congress' funding limits and will lead to unintended consequences, such as cutting off Defendants' source of funding to acquire the necessary real estate interests for the new 17-mile Starr County barrier construction project.

Plaintiffs concede "that many things that go into constructing barriers" are "necessary" and they cite "land acquisition" costs as one example.  ECF No. 134 at 5.  That concession should be the end of the matter, as costs necessarily incident to accomplishing the object of an appropriation are lawful expenditures under longstanding federal appropriations law.  *See, e.g.*, *U.S. Dep't of Navy v. Fed. Lab. Rels. Auth.*, 665 F.3d 1339, 1349 (D.C. Cir. 2012) (Kavanaugh, J.) ("Under the necessary expense doctrine, '[a]n appropriation made for a specific object is available for expenses necessarily incident to accomplishing that object unless prohibited by law or otherwise provided for.'") (quoting 1 GAO, Principles of Federal Appropriations Law at 4–20).  Defendants' motion to clarify identifies five categories of costs that are necessary for, or in furtherance of, construction of physical barriers, or required to comply with the Court's injunction.  The Court should clarify that these costs are lawfully funded by the fiscal year 2020 and 2021 barrier system appropriations and not prohibited by the preliminary injunction.

## ARGUMENT

### I.  Defendants' Seek Clarification, Not an Advisory Opinion.

Both the Supreme Court and lower court have recognized that a party subject to an injunction has the right to seek clarification of whether the injunction applies to conduct in which

the party proposes to engage. *See* ECF No. 133 at 4. Contrary to Plaintiffs' suggestion, Defendants are not asking the Court to issue an impermissible advisory opinion. *See* ECF No. 138 at page 16 and ECF134 at 5. The prohibition on advisory opinions occurs when there is no actual case or controversy, or a court is asked to opine on legal issues in the abstract. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 690 n.11 (1997); *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). That is not the case here, where the parties have a concrete dispute about the scope of the Court's preliminary injunction and the conduct prohibited by it. *See Symetra Life Ins. Co. Nat'l Ass'n of Settlement Purchasers v. Rapid Settlements, Ltd.*, No. CV H-05-3167, 2012 WL 12893482, at *2 (S.D. Tex. May 1, 2012) (stating that "the rule against advisory opinions . . . does not prevent clarification of an injunction"). The record in these cases describes specific barrier construction projects and activities that Defendants have explained are lawfully funded by the fiscal year 2020 and 2021 barrier system appropriations, but the injunction could be read to prohibit. Defendants seek to align the expenditure of the challenged funds with the requirements of the Court's order. In light of the uncertainty over the scope of the injunction, the Court should clarify that the proposed actions described in Defendants' motion are not prohibited. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) (stating that courts should not "withhold a clarification" that would leave the parties "in the dark as to their duty toward the court").

## II.     The Barrier System Appropriations are the Only Funds Available to Pay for the Activities Described in Defendants' Motion to Clarify.

Defendants' motion to clarify has critical practical significance to the future of barrier construction because the fiscal year 2020 and 2021 barrier system appropriations are the only funds available that could pay for the activities described in Defendants' motion.

In addition to the appropriation of funds for "construction of barrier system" in section 209(a)(1), Congress also appropriated money to CBP's "Procurement, Construction, and

3

Improvements" account for four other categories of activities:

    (2) the acquisition and deployment of border security technologies and trade and travel assets and infrastructure;

    (3) facility construction and improvements;

    (4) integrated operations assets and infrastructure; and

    (5) mission support and infrastructure.

*See* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(2)–(5), 133 Stat. 2317, 2511 (2019); Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 209(1)–(4), 134 Stat. 1182, 1456–57 (2020). Plaintiffs suggest that Defendants should fund the actions described in the motion for clarification from these other appropriations, citing the Court's statement that the preliminary injunction does not prohibit expenses authorized under these other subsections "where appropriate." *See* ECF No. 134 at 5; Mem. Op. & Order at 56 (ECF No. 128). Plaintiffs, however, overlook that these other appropriations have expired or are clearly inapplicable to barrier construction projects.

    The appropriations in fiscal year 2020 for the items listed in sections 209(a)(2), (4), and (5) expired at the end of fiscal year 2022. *See* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, Div. D. 133 Stat. at 2506. The same items appropriated in fiscal year 2021 expired at the end of fiscal year 2023. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, Div. F, Title II, 134 Stat. at 1452. Federal appropriations law prohibits federal agencies from incurring obligations with expired funds, thus Defendants could not use this money to pay for the projects and activities described in the motion for clarification. *See* 31 U.S.C. § 1552–53; *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (stating that it is "an elementary principle of the budget process" that "a federal agency's budgetary authority lapses on the last day of the period for which the funds were obligated").

4

Aside from the barrier system appropriation, the only other subcategory of funds from the fiscal year 2020 and 2021 appropriations that have not expired is for "facility construction and improvements." *See* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(3), 133 Stat. at 2511; Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 209(a)(2), 134 Stat. at 1456. However, the plain text of the appropriation does not authorize funding to pay for necessary components to construct a border barrier. Access roads, real estate on which to build a barrier, and project management costs are not a "facility." As the Court stated in its Opinion, subsection 209(a)(3) funds "the addition of new facilities" or "improvements [to] pre-existing" facilities. Mem. Op. & Order at 49. Further, Congress and DHS have a shared understanding that subsection 209(a)(3) authorizes funding for "construction and upgrades to [Border Patrol] facilities," such as "legacy Border Patrol stations" that are "too small to meet mission requirements" or that suffer from "significant structural problems." *See* S. Rep. No. 116-125 at 46–47 (2019); DHS Fiscal Year 2020 Congressional Budget Justification for CBP's Procurement, Construction, and Improvements Appropriation at 98–11- (ECF No. 124-1).

Congress also has not appropriated any new funding for border barrier system construction since fiscal year 2021. The DHS appropriations act for fiscal years 2022, 2023, and 2024 do not authorize funding for any border barrier projects. *See* Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, 136 Stat. 49 (2022); Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, 136 Stat. 44599 (2022); Further Consolidated Appropriations Act, 2024, H.R. 2882 (Mar. 23, 2024).

In light of these congressionally-imposed limitations, the barrier system funding in the fiscal year 2020 and 2021 appropriations is the only available source of money to pay the support costs required to construct of physical barrier and to comply with the Court's injunction.

Plaintiffs note that the Starr County barrier project was paid for by DHS through the fiscal year 2019 barrier appropriation. *See* ECF 138 at 11, fn. 7. However, the fiscal year 2020 and 2021 barrier system appropriation is used to fund real estate acquisition, project oversight, USACE and DOJ labor costs related to real estate actions, and ancillary services (e.g. real estate and environmental surveys) for the Starr County project. Absent clarification from the Court, Defendants cannot complete the necessary actions to build the Starr County physical barrier. Further, Plaintiffs argument that Defendants can use recently appropriated funds for "mission support and infrastructure" and "operations and support," is a red herring. *See* ECF No. 138 at 6-10. Federal agencies cannot undertake construction projects without a specific appropriation for the project. *See* 41 U.S.C. 6303 and 31 U.S.C. 1301. The language of the FY24 Operations and Support appropriation does not provide such authority. The question at issue is not whether other funding is available for these activities, but whether the specific appropriation at issue covers these activities.

The long-standing fiscal law is where an agency has funding that would authorize payment for a specific item (here the border barrier) and also has a more general appropriation (operations and support), the agency must use the specific appropriation. *See Nevada v Department of Energy*, 400 F3d 9, 16 (DC Cir. 2005). Here, the injunction should be clarified to allow items necessarily incident to border barrier construction be obligated with specifically appropriated section (a)(1) funds.

### III. Disposition of Excess Materials

As stated at paragraph 5 of the O'Connor declaration, (ECF No. 133-2), Section (a)(1) would be used to transfer bollard panels for new constriction in Starr County, therefore Defendants seek clarification given that it supports new construction. The Federal Surplus Property Program

6

(FSPP) can be used for other materials, but not for new fence. Ultimately, any payments made by USACE, are funded through DHS because USACE serves as DHS's agent under the Economy Act using DHS funds. *See* ECF No. 133-2, ¶ 6.

Dated:  March 27, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

 */s/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar #23840-49)
Senior Trial Counsel
MICHAEL J. GERARDI
(D.C. Bar #1017949)
Trial Attorney / Attorney-in-Charge
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, No. 7506
Washington, D.C. 20005
Tel: (202) 616-5084
Fax: (202) 616-8470
E-mail: Andrew.Warden@usdoj.gov

ALAMDAR S. HAMDANI
United States Attorney

/s/ *Daniel D. Hu*
DANIEL D. HU
Chief, Civil Division
Assistant United States Attorney
Southern District No. 7959
Texas Bar No. 10131415
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9000
Fax: (713) 718-3303
E-mail: Daniel.Hu@usdoj.gov

ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1997, as counted by Microsoft Word.

*/s/ Daniel Hu*
DANIEL D. HU

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed a copy of the foregoing motion. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Daniel Hu*
DANIEL D. HU