IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>    Defendants. | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>    Defendants. | Civil Action No. 7:21-cv-00420 (formerly No. 6:21-cv-00052) |

## [Proposed] FINAL JUDGMENT AND PERMANENT INJUNCTION

Pending before the Court is the parties' joint motion for entry of final judgment in the above-captioned cases. After reviewing the motion, the record and the applicable law, the Court is of the opinion that the motion should be **GRANTED**.

For the reasons stated in this Court's Memorandum Opinion and Order granting Plaintiffs' motion for Preliminary Injunction in part (ECF No. 128), the Court concludes that

Plaintiffs have demonstrated success on the merits of their claims brought under the Administrative Procedure Act for violation of the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(1), 133 Stat. 2317, 2511 (2019), and the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 210, 134 Stat. 1182, 1456–57 (2020).[1]  Accordingly, the Court concludes that entry of a permanent injunction is appropriate.  *See Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

    Therefore, it is hereby **ORDERED:**

1.    The Government and all its respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from implementing the July 2022 Amended Plan to the extent that its obligations are not authorized under Subsection 209(a)(1) and Section 210 as laid out in this Order.

2.    The Government is prohibited from obligating funds under Subsection 209(a)(1)—and corresponding funds under Section 210—toward mitigation and remediation efforts, repair of existing barrier, so-called system attribute installation at existing sites, or other similar purposes. Those types of expenses may be authorized under Subsections (a)(2) through (a)(5) where appropriate, however, Subsection (a)(1) permits only the construction of physical barriers, such as additional walls, fencing, buoys, etc.

3.    This Order shall not affect obligations that are permissible under other Subsections of the CAAs.

4.    The terms of this Order are further clarified and defined by the Court's rulings during the motion hearing on March 28, 2024.  *See* ECF No. 147 (oral rulings set forth in transcript).

5.    ==[Plaintiffs' proposal]== In addition, pursuant to 5 U.S.C. § 706(2), the Court **VACATES**, in its entirety, the Department of Homeland Security's Border Wall Plan Pursuant to Presidential Proclamation 10142 and the Amendment to the DHS Border Wall Plan Pursuant to Presidential Proclamation 10142.

---

[1] *See* ECF No. 1 in Case No. 7:21-CV-00420, at 34–35 (Count VII); ECF No. 34 in Case No. 7:21-cv-00272, at 44-46 (Count VII).

5.  [Defendants' proposal] ~~In addition, pursuant to 5 U.S.C. § 706(2), the Court **VACATES**, in its entirety, the Department of Homeland Security's Border Wall Plan Pursuant to Presidential Proclamation 10142 and the Amendment to the DHS Border Wall Plan Pursuant to Presidential Proclamation 10142.~~

6.  Plaintiffs' remaining claims are dismissed without prejudice.

This is a Final Judgment.  It is SO ORDERED.

Signed this ___ of _____, 2024.

_____
DREW B. TIPTON
UNITED STATES DISTRICT JUDGE