# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>  Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>  Defendants. | No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |
| THE GENERAL LAND OFFICE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>  Defendants. | No. 7:21-cv-00272 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO PUTATIVE INTERVENORS DIAMOND A RANCH, WESTERN DIVISION L.L.C. AND GUADALUPE RANCH CORPORATION'S MOTION FOR A BRIEFING AND ARGUMENT SCHEDULE**

1

## **INTRODUCTION**

Diamond S Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation's (the "Putative Intervenors") motion for a briefing and argument schedule [Dkt. 161] should be denied. While Putative Intervenors claim that no briefing schedule exists for their intervention request, ECF No. 161 at 2, the Court's Local Rules say otherwise. *See* LR7.4. The parties' response to the Putative Intervenors' motion to intervene is due May 2, 2024—only one day later than the proposed May 1, 2024 response date in the instant motion. Yet the motion seeks relief far greater than a one-day adjustment in schedules.

At bottom, the motion for a briefing and argument schedule is a surreptitious effort to circumvent the intervention process (including the request to participate in the Court's April 17, 2024 hearing). In addition to hoping the Court will accept the invitation to micromanage its contract with the federal government, the Putative Intervenors seek to skip the parties' forthcoming response to the Putative Intervenors' motion to intervene [Dkt. 154] — as well as the Court's forthcoming analysis of the putative intervenor's request for intervention under Fed. R. Civ. P. 24 — and be functionally treated as a party who has already successfully intervened. But their proposed manipulation of the briefing schedule, and wish for the Court to micromanage the Final Judgment in its favor, thwarts the Court's admonition that no expedited consideration is required regarding any pending motion to intervene.

The motion should be denied.

## **ARGUMENT**

The Putative Intervenors present the Court with multiple requests, all having an extraordinary viewpoint on timing. As this case, spanning nearly three years, approaches final judgment, the Putative Intervenors now demand to participate—despite admitting that they are already engaged in litigation with the Department of Homeland Security in another venue.[1] Next, the Putative Intervenors ask the Court to short-circuit the intervention process and give them a seat at the table on April 17, 2024, for discussions regarding the final judgment. (This request was already denied by the court via e-mail on April 16, 2024 to all counsel.) Last, the Putative Intervenors ask the Court to upend the normal course for briefing on their requested intervention—demanding that the parties address the merits of Putative Intervenors' requested relief *before* intervention is granted. All requests are opposed by Plaintiffs.[2]

Putative Intervenor's requests further demonstrate why their extraordinary demands are unwarranted. While the parties' joint motion for entry of final judgment [Dkt. 150] was filed on April 10, 2024, the Court is aware that joint motion is the cumulative product of months of discussions and conferences, many including the Court, progressing towards such an end. Apart from the application of a vacatur remedy—a remedy in which the Putative Intervenors have no stake or interest—this matter rests on the cusp of a final judgment.

---

[1] *See* ECF No. 154 at 3. Plaintiffs will respond to putative intervenor's opposed motion to intervene [Dkt. 150] within the time prescribed by LR7.4.

[2] Plaintiffs did not have an adequate opportunity to advise putative intervenor of their opposition to this motion before it was filed.

3

Moreover,

> . . . this case has been briefed to death. I mean, it's been briefed . . . at the motion to dismiss stage. It's been on appeal. It's been briefed. It's come back down. I got initial briefs and supplemental briefs.
>
> Unless something has changed, I imagine that I'm not going to see a whole lot of new arguments.

Tr. of Hr'g on March 28, 2024 at p.29. Putative Intervenors (and the other putative intervenors) offer no new arguments much less any perspective on the final remaining issue preceding final judgment—vacatur.

Lastly, in addition to evading the Court's consideration of the law surrounding Rule 24, by demanding a seat at the table regarding the final judgment, Putative Intervenors hope the Court will do what the Court has already said it is disinclined to do—micromanage the construction of the Border Wall.[3] This can be seen clearly from their requested relief. For instance, since Putative Intervenors have no interest that hinges on vacatur, their request to participate in the April 17, 2024 hearing was only engineered to address the merits of its claim for relief. Putative Intervenor admitted as much, requesting that the parties not only address its request for intervention, but also address the merits of the Putative Intervenors' requests *as if intervention has already been granted*.

---

[3] As the Court made clear,

> Again, I do not want to micromanage the construction of a border wall.
>
> You asked me about some specific discreet categories. I didn't even want to answer those. And so I've gone through those as best I can and tried to reach agreement between the parties.
>
> And I've provided guidance as to the couple of areas that you disagreed on. And so it sounds like to me from [DOJ] and [Plaintiffs] that we have a basic understanding of what -- of how I'm interpreting the injunction.

Tr. of Hr'g on March 28, 2024 at p.29.

4

## CONCLUSION

A briefing schedule on Putative Intervenor's motion to intervene already exists—established by the Local Rules. The Court will determine whether a hearing is appropriate or needed. For the foregoing reasons, Plaintiffs respectfully request the Court deny Putative Intervenors motion for a briefing and argument schedule.

| | |
|---|---|
| Date: April 17, 2024 | Respectfully submitted, |
| ANDREW BAILEY<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| /s/ *Joshua M. Divine*<br>JOSHUA M. DIVINE, #69875MO<br>Solicitor General<br>*Attorney-in-Charge*<br>Southern Dist. of Texas Bar No. 3833606 | BRENT WEBSTER<br>First Assistant Attorney General<br><br>RALPH MOLINA<br>Deputy Attorney General for Legal Strategy |
| SAMUEL FREEDLUND, #73707MO*<br>Deputy Solicitor General | /s/ *Ryan D. Walters*<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>josh.divine@ago.mo.gov<br>samuel.freedlund@ago.mo.gov | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.walters@oag.texas.gov |
| *Counsel for Plaintiff*<br>*State of Missouri* | *Counsel for Plaintiff State of Texas* |

*Admitted *pro hac vice*

/s/ *Austin R. Nimocks*
AUSTIN R. NIMOCKS
*Attorney-in-Charge*

Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032
austin@pntlawfirm.com

CHRISTOPHER L. PEELE
Of Counsel
Texas Bar No. 24013308
S.D. Tex. Bar No. 31519
chris@pntlawfirm.com

PEELE | NIMOCKS | TOTH
6836 Bee Caves Rd. Bldg. 3, Ste. 201
Austin, TX 78746
Phone: (512) 522-4893

*Counsel for Plaintiffs Texas General Land Office and Commissioner Dawn Buckingham, M.D.*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 874 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Austin R. Nimocks*
Austin R. Nimocks

## CERTIFICATE OF SERVICE

I certify that on April 17, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Austin R. Nimocks*
Austin R. Nimocks