# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>　　　　　　　Defendants. | No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |
| THE GENERAL LAND OFFICE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　　　Defendants. | No. 7:21-cv-00272 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF VACATUR
PURSUANT TO 5 U.S.C. § 706(2)**

1

**INTRODUCTION**

Plaintiffs have considered this Court's April 17 remarks about Defendants' memorandum and the remedy of partial vacatur. Upon further review of the doctrine and the memorandum, Plaintiffs believe the law requires the default remedy of full vacatur for two primary reasons: (1) the memorandum adopts an overarching policy that this Court declared unlawful and (2) no recognized exception to the default remedy appears to apply. Full vacatur is also simpler than a line-by-line approach. Rather than the Court guess line by line, vacatur enables Defendants to promulgate a new memorandum consistent with the Court's interpretation of the appropriations acts.

**ARGUMENT**

As the Fifth Circuit recently held, in all APA cases "[t]he default rule is that vacatur is the appropriate remedy." *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022). That is because section 706 "extends beyond the mere non-enforcement remedies available to courts that review the constitutionality of legislation." *Id.* (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 950 (2018)). The text says the "reviewing court *shall* … hold unlawful and set aside agency *action, findings, and conclusions* found to be" contrary to statute. 5 U.S.C. § 706 (emphasis added). "Unlike an injunction, which merely blocks enforcement, vacatur unwinds the challenged agency action." *Data Mktg.*, 45 F.4th at 859 (citation omitted).

Just four months ago, the Fifth Circuit made clear that there is a strong presumption in favor of this default rule. "Departing from that default rule is justifiable only in 'rare cases' satisfying two conditions: *First*, there must be a 'serious possibility' that the agency will be able to correct the rule's defects on remand." *Chamber of Com. v. SEC*, 88 F.4th 1115, 1118 (5th Cir. 2023) (emphasis in original) (footnote omitted). "*Second*, vacating the challenged action would produce 'disruptive consequences.'" *Id.* (emphasis in original). Neither condition is met here. There is not a "serious possibility" that Defendants can correct the problems with their plan, which this Court declared is contrary to statute. And there would be no "disruptive consequences" from vacatur. Defendants do not have to go through notice and comment to pass a policy memorandum. They can easily and quickly promulgate a new memorandum compliant with the Court's March 8, 2024 opinion.

The D.C. Circuit applies a looser test, in the context of regulations, permitting "a court to sever a rule by setting aside only the offending parts of the rule." *Carlson v. Postal Regul. Comm'n*, 938 F.3d 337, 351 (D.C. Cir. 2019). But this partial-vacatur remedy is available only when a court first finds two things. "First, the court must find that 'the agency would have adopted the same disposition regarding the unchallenged portion of the regulation …." *Id.* (citation omitted) (brackets omitted). "Second, the parts of the regulation that remain must be able to 'function sensibly without the stricken provisions.'" *Id.* (citation omitted).

Even assuming partial vacatur can apply to a memorandum, and not just regulations, Defendants do not meet this standard. For example, the July 2022

3

amended plan notes that Defendants were appropriated funds "to construct barrier system" in FY2020 and FY2021 but then announces that Defendants will "prioritize" and "use" *all* these funds for purposes other than construction of border barriers. ECF 66-3 at 10–11. That announcement is inconsistent with this Court's holding that at least some of these "appropriations be obligated for the construction of barriers at the Southwest border." Op. at 52 (ECF 128). Similarly, the June 2021 initial memorandum announces a "plan" that unlawfully "remain[s] consistent with President Biden's commitment that 'no more American taxpayer dollars [should] be diverted to construct a border wall.'" *Id.* at 4 (second brackets in original). The memorandum's "commitment" not to build a single inch of border wall is inconsistent with this Court's opinion. Both the initial memorandum and the amended plan have as their foundation a commitment to violate the relevant appropriations acts. The documents should be vacated in their entirety.

To be sure, as the Court noted on April 17, 2024, Plaintiffs do not challenge Defendants' discretion over how to spend about 25% of the appropriated funds discussed on pages 2 and 3 of the amended plan. Perhaps Defendants, had they originally obligated 75% of the funds for border barrier construction, would have chosen to "prioritize" the remaining 25% for the activities listed on pages 2 and 3 of the amended plan. But the Court and parties can only speculate. The memorandum does not say that—it instead adopts the legally incorrect position that *all* funds can be used for non-construction activity—and the memorandum must be judged according to what it said at the time. *See Sec. & Exch. Comm'n v. Chenery Corp.*, 332

4

U.S. 194, 196 (1947). There is thus no support in the memorandum for a finding that "the agency would have adopted the same disposition regarding the unchallenged portion[s]." *Carlson*, 938 F.3d at 351.

It is also difficult to separate challenged parts from unchallenged parts. For example, the 3-page amended plan discusses appropriations for four fiscal years as follows: Part II addresses fiscal years 2018 and 2019, Part III addresses 2020, and Part IV addresses 2021. Only the latter two years are currently at issue in this lawsuit. But the amended plan includes a Part I that lumps all four years together, adopting a policy that Defendants believed was "consistent with the purpose of the FY18-2021 appropriations" and consistent with the President's "commitment" not to build an inch of border wall. ECF 66-3 at 4, 9. It is far from clear that the unchallenged portions of the memorandum and amended plan would have been adopted. And while Part II addresses appropriations years that are not challenged, it is not clear Part II could "function sensibly" without the rest of the amended plan. *Carlson*, 938 F.3d at 351. The various portions of the memorandum and amendment are not "plainly divisible." *See Am. Waterways Operators v. Wheeler*, 507 F. Supp. 3d 47, 78 (D.D.C. 2020).

All this reinforces why the default rule of full vacatur makes sense. Partial vacatur requires courts to go line by line, determining what could and could not "function sensibly" after taking a scalpel to other parts of a memorandum. Especially where a memorandum is concerned, not a regulation that went through notice and comment, it is much more straightforward to simply vacate the memorandum in its

5

entirety and permit the Federal Government to promulgate a new memorandum in light of the Court's order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court vacate, in their entirety, the Department of Homeland Security's Border Wall Plan Pursuant to Presidential Proclamation 10142 and the Amendment to the DHS Border Wall Pursuant to Presidential Proclamation 10142. At the very least, Parts III and IV of the amended plan should be vacated, as they pertain only to the FY2020 and FY2021 appropriations.

| | |
|---|---|
| Date: April 22, 2024 | Respectfully submitted, |
| ANDREW BAILEY<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| /s/ *Joshua M. Divine*<br>JOSHUA M. DIVINE, #69875MO<br>Solicitor General<br>*Attorney-in-Charge*<br>Southern Dist. of Texas Bar No. 3833606 | BRENT WEBSTER<br>First Assistant Attorney General<br><br>RALPH MOLINA<br>Deputy Attorney General for Legal Strategy |
| SAMUEL FREEDLUND, #73707MO*<br>Deputy Solicitor General | /s/ *Ryan D. Walters*<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>josh.divine@ago.mo.gov<br>samuel.freedlund@ago.mo.gov | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.walters@oag.texas.gov |
| *Counsel for Plaintiff*<br>*State of Missouri* | *Counsel for Plaintiff State of Texas* |

*Admitted *pro hac vice*

/s/ *Austin R. Nimocks*
AUSTIN R. NIMOCKS
*Attorney-in-Charge*

Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032
austin@pntlawfirm.com

CHRISTOPHER L. PEELE
Of Counsel
Texas Bar No. 24013308
S.D. Tex. Bar No. 31519
chris@pntlawfirm.com

PEELE | NIMOCKS | TOTH
6836 Bee Caves Rd., Bldg. 3, Ste. 201
Austin, TX 78746
Phone: (512) 522-4893

*Counsel for Plaintiffs Texas General Land Office and Commissioner Dawn Buckingham, M.D.*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 1,145 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Joshua M. Divine*
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on April 22, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Joshua M. Divine*
Counsel for Plaintiffs