# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official Capacity as Commissioner of the Texas General Land Office,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security,<br><br>Defendants. | Civil Action No. 7:21-CV-00272 |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR. in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of the United States | Civil Action No. 7:21-CV-00420<br>(formerly No. 6:21-cv-00052) |

| | |
|---|---|
| Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION, United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of the United States Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br>        Defendants. | § § § § § § § § § § § § § § § § |

### REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO PUTATIVE INTERVENORS' MOTION FOR A BRIEFING AND ARGUMENT SCHEDULE

Diamond A Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation (together, "the Ranch") reply to Plaintiffs' Response in Opposition to Putative Intervenors' Motion for a Briefing and Argument Schedule [Docket No. 165] ("Response in Opposition"). The Ranch does not contest the application of Local Rule 7.4, under which Plaintiff's response to the Ranch's pending Motion to Intervene [Docket No. 154] (the "Motion to Intervene") will be due on May 2. In the Motion to Intervene, the Ranch urges that the briefing cover both its motion to intervene and its request for substantive relief in the form of a clarification or modification of the Court's Order of March 8, 2024. Docket No. 128 ("the Order"). The Ranch's right to intervene in this proceeding under Rule 24(a)(2) is evident, and its need for relief is pressing. Briefing the two issues at the same time will be more efficient than separating the question of intervention from the merits.

**ARGUMENT**

1. **Intervention**

The Ranch meets the requirements to intervene under Rule 24(a)(2). First, its filing was timely—less than three weeks after first learning that this proceeding could interfere with the Ranch's rights. Second, as currently interpreted by Defendants, the injunction in the current proceeding prevents relief the Ranch had negotiated in its proceeding and thus threatens to "as a practical matter impair or impede [the Ranch's] ability to protect its interest." FED. R. CIV. P. 24(a)(2). Third, neither Plaintiffs nor Defendants adequately represent the Ranch's interest; both take the view that this Court's Order if made into a Final Judgment would supersede any relief available in the Ranch's earlier-filed litigation in the U.S. District Court for the District of Columbia. The Ranch therefore has a right to intervene. In addition, whether this Court's Order can and should impair the Ranch's rights in an earlier-filed federal case is a "common question of law or fact" between the two matters and thus supports permissive intervention under Rule 24(b)(1)(B).

2. **Merits**

The merits of the Ranch's case are equally straightforward. The Ranch's motion makes the case in just five pages. There is no reason to delay in adjudicating what amounts to a simple question: whether the Court intended its Order to resolve as a practical matter the relief available to an Arizona ranch in a lawsuit it filed in the U.S. District Court for the District of Columbia—a lawsuit filed months before Plaintiffs filed in this case. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir.

1985). Among the ways to avoid such interference, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* At least as it concerns the Ranch's right to relief, the District Court for the District of Columbia has prior (and primary) jurisdiction; it is the right place to resolve that dispute. Therefore, the injunction should be clarified or modified not to preclude use of appropriated funds to construct the border wall and remediate the Ranch's damages caused by that construction.

Plaintiffs' Response expresses chagrin that after "more than three years" of litigation and "months of discussions and conference," their suit could be impeded by a lawsuit they had never heard of. Having devoted even more time than Plaintiffs to litigation and negotiation, the Ranch understands Plaintiffs' unhappiness. But the right answer is not to give the later-filed case priority over the earlier one by excluding remedies for the Ranch's claims from the scope of the Order but to ensure that the later-filed case does not interfere with the earlier-filed case. That is a decision that could and should be made without bifurcation of the motions to intervene and relief on the merits.

## CONCLUSION AND RELIEF SOUGHT

The Ranch respectfully requests the Court to specify that Plaintiffs' and Defendants' responses to the Ranch's motion shall address both the Ranch's request to intervene and its request for clarification or modification.

April 24, 2024											Respectfully submitted,

**STEPTOE LLP**

*s/ Larry R. Veselka*
Larry R. Veselka (attorney in charge)
TX Bar No. 20555400
SDTX No. 6797
Hale Neilson
TX Bar No. 24116820
SDTX No. 3635009
717 Texas Avenue, Suite 2800
Houston, TX 77002
Telephone: 713.221.2300
lveselka@steptoe.com
hneilson@steptoe.com

-and-

Stewart A. Baker (Admitted *Pro Hac Vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202.429.3000
sbaker@steptoe.com

***Attorneys for Diamond A Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation***

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 700, as counted by Microsoft Word.

						*s/ Larry R. Veselka*
						Larry R. Veselka

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I electronically filed a copy of the foregoing motion. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

						*s/ Larry R. Veselka*
						Larry R. Veselka