# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>　　　　　　Defendants. | No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |
| THE GENERAL LAND OFFICE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　　Defendants. | No. 7:21-cv-00272 |

**REPLY MEMORANDUM IN SUPPORT OF VACATUR PURSUANT TO 5 U.S.C. § 706(2)**

1

## ARGUMENT

Defendants press their anti-vacatur argument from "first principles" but are forced to concede that binding Fifth Circuit precedent rejects their argument and requires vacatur as the "default rule" in every APA case. ECF 176 at 1–2. And while they identify a few cases of departure from the default rule, they do not deny that Fifth Circuit precedent says departure is permitted "only in 'rare cases.'" *Chamber of Com. v. SEC*, 88 F.4th 1115, 1118 (5th Cir. 2023). As the party seeking an exception from the default rule, Defendants bear the burden. They have not met it.

Defendants' principal error is asserting (at 2–3) that vacatur is an "equitable remedy." The case they cite for this proposition states the exact opposite. Vacatur is not an equitable remedy; it is "the only *statutorily* prescribed remedy for a successful APA challenge to a regulation." *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (emphasis added), *cert. granted*, 144 S. Ct. 374 (2023) (quoting *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022)). *Cargill* says nothing about granting vacatur only when a plaintiff establishes entitlement through traditional equitable principles. It simply recognizes that there are exceptions to the default statutory remedy and then instructs the district court to address the vacatur issue because it was "not briefed" on appeal. *Id.* Similarly, Defendants contend vacatur would conflict with *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023), *cert. granted*, 2024 WL 1706014 (2024). But that case *reiterates* the default rule (citing three cases) and simply instructs the district court to decide whether an exception applies in light of the Fifth Circuit's merits analysis. *Id.* at 196–97 & n.27 ("[W]e

2

VACATE the district court's vacatur order and REMAND to the district court for further consideration of the remedy, considering this Court's holding on the merits."). And unlike the policy memorandum here, the rule at issue in *VanDerStok* "contains an explicit severability clause," *VanDerStok v. Garland*, No. 23-10718, 2023 WL 4945360, at *1 (5th Cir. July 24, 2023), making departure from the default rule far easier to justify.

The error Defendants make by conflating equitable remedies with statutory remedies becomes even more apparent when Defendants argue (at 3) that vacatur is unnecessary because this Court's injunction grants "complete relief in this case." Their argument proves too much. Assuming the injunction grants complete *equitable* relief, it does not grant complete *statutory* relief. To hold that vacatur is improper whenever a plaintiff receives equitable relief (as Defendants contend) would mean vacatur is rarely appropriate. The Fifth Circuit has held the opposite: vacatur is the "default rule" in every APA case.

## CONCLUSION

Defendants do not deny that, unlike with a regulation, they could easily and quickly promulgate a new policy memorandum. Their appeal to equity fails because vacatur is a statutory remedy granted above and beyond any equitable relief to which a plaintiff is entitled. Defendants have not proven that an exception to vacatur applies here. The Court thus should vacate the Department of Homeland Security's Border Wall Plan Pursuant to Presidential Proclamation 10142 and the Amendment to the DHS Border Wall Pursuant to Presidential Proclamation 10142.

| | |
|---|---|
| Date: April 29, 2024 | Respectfully submitted, |
| ANDREW BAILEY<br>Attorney General of Missouri | KEN PAXTON<br>Attorney General of Texas |
| /s/ *Joshua M. Divine*<br>JOSHUA M. DIVINE, #69875MO<br>Solicitor General<br>*Attorney-in-Charge*<br>Southern Dist. of Texas Bar No. 3833606 | BRENT WEBSTER<br>First Assistant Attorney General<br><br>RALPH MOLINA<br>Deputy Attorney General for Legal Strategy |
| SAMUEL FREEDLUND, #73707MO*<br>Deputy Solicitor General | /s/ *Ryan D. Walters*<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>Southern Dist. of Texas Bar No. 3369185 |
| OFFICE OF THE ATTORNEY GENERAL<br>Supreme Court Building<br>207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102<br>Tel. (573) 751-1800<br>Fax (573) 751-0774<br>josh.divine@ago.mo.gov<br>samuel.freedlund@ago.mo.gov | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.walters@oag.texas.gov |
| *Counsel for Plaintiff*<br>*State of Missouri* | *Counsel for Plaintiff State of Texas* |

*Admitted *pro hac vice*

4

/s/ *Austin R. Nimocks*

AUSTIN R. NIMOCKS
*Attorney-in-Charge*

Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032
austin@pntlawfirm.com

CHRISTOPHER L. PEELE
Of Counsel
Texas Bar No. 24013308
S.D. Tex. Bar No. 31519
chris@pntlawfirm.com

PEELE | NIMOCKS | TOTH
6836 Bee Caves Rd., Bldg. 3, Ste. 201
Austin, TX 78746
Phone: (512) 522-4893

*Counsel for Plaintiffs Texas General Land Office and Commissioner Dawn Buckingham, M.D.*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document contains 526 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Joshua M. Divine*
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on April 29, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Joshua M. Divine*
Counsel for Plaintiffs