# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| The General Land Office of the State of Texas, and George P. Bush, *in his official capacity as Commissioner of the Texas General Land Office*,<br>Plaintiffs,<br><br>v.<br><br>Joseph R. Biden, *in his official capacity as President of the United States of America;* United States Dept. of Homeland Security; and Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security*,<br>Defendants. | Civil Action No.: 7:21-CV-00272 |
| The State of Missouri; and the State of Texas,<br>Plaintiffs,<br><br>v.<br><br>Joseph R. Biden, *in his official capacity as President of the United States of America;* The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security;* Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection;* and United States Customs and Border Protection,<br>Defendants. | Civil Action No.: 7:21-CV-00420 |
| Texas Sterling Construction Co.<br>Plaintiff-Intervenor,<br><br>v. | Civil Action No.: _____ |

| | |
|---|---|
| Joseph R. Biden, *in his official capacity as President of the United States of America;* The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security;* Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection;* and United States Customs and Border Protection, | ) ) ) ) ) ) ) ) ) ) |

**TEXAS STERLING CONSTRUCTION CO.'S
REPLY TO PLAINTIFFS' AND DEFENDANTS' RESPONSE TO
MOTION TO INTERVENE AND BRIEF IN SUPPORT THEREOF**

**INTRODUCTION**

Texas Sterling Construction Co.'s ("TSC") intervention is proper and necessary so that TSC may obtain clarification and/or modification of the injunction issued on March 8, 2024. TSC is the recipient of a multi-million-dollar contract relating to construction efforts on the border wall. TSC's interest in this litigation is solidified by the United States Customs and Border Protection's position that invoices cannot be processed for work already completed as a result of this Court's March 8, 2024 injunction.

**ARGUMENT**

**I.  TSC intervention is proper.**

Courts have repeatedly held that the intervention statutes should be applied liberally, allowing intervention when no litigant would be harmed.[1] Further, resolution of doubts as to the necessity of the intervention should favor the intervenor.[2] Plaintiffs claim that TSC failed to strictly adhere to FEDERAL RULES OF CIVIL PROCEDURE § 24, due to a failure to file a proposed Complaint

---

[1] *Texas v. United States*, 805 F.3d 653, 656-657 (5th Cir. 2015) (*citing Brumfield v. Dodd,* 749 F.3d 339, 341 (5th Cir. 2014) and *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994)).
[2] *In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 248 (5th Cir. 2009).

along with the Motion to Intervene.[3] However, courts have repeatedly held that strict compliance with the rule is not necessary.[4]

TSC's Motion to Intervene[5] unequivocally stated that it sought clarification and/or modification of the Court's March 8, 2024 Injunction. This same request is set forth in TSC's Exhibit 1, Texas Sterling Construction Co.'s Original Complaint. TSC is specifically seeking the Court to clarify that the Court's Injunction does not apply to TSC, or in the alternative, TSC seeks a modification of the injunction to exclude TSC from the injunction.

Courts have allowed parties to intervene for purposes of clarification or modification of protective orders, even post judgment.[6] The court in *Jochims* highlighted that timeliness is based on the particular facts of each case.[7] In finding that intervention was proper, the court highlighted that the purpose of the intervention was not on the merits, but to litigate an ancillary issue, and therefore, the parties would suffer little prejudice.[8] Here, TSC seeks a determination from this Court that TSC is not subject to the Injunction, including any amendments or clarifications thereto. TSC's efforts to seek clarification and/or modification from this Court about its ruling are timely and in the interest of judicial economy.

---

[3] Plaintiffs' Omnibus Resp. in Opposition to Motions to Intervene at 3-4.
[4] *See e.g. Klein v. Nu-Way Shoe Co.*, 136 F.2d 986, 989 (2d Cir. 1943) (failure to attach a proposed pleading is not fatal); *Accord Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir.1992); *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 376–77 (4th Cir.1980); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (court found the statement of interest contained within the motion provided sufficient notice of the intervenor's interest thereby satisfying Rule 24(c)); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (where intervenor's motion states with specificity the basis for the intervention, absence of a pleading is not fatal); and *Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 (D.D.C. 2019) (holding that although the motion was not accompanied by a pleading setting forth the claim, the movant provided sufficient facts to apprise the party of its claims, accordingly the opposing party was not prejudiced).
[5] Dkt. No. 162, page 5.
[6] *See e.g. Jochims v. Isuzu Motors, Ltd.,* 148 F.R.D. 624, 627 (S.D. Iowa), modified, 151 F.R.D. 338 (S.D. Iowa 1993)(allowing an intervention seeking modification of a protective order post-trial).
[7] *Id.* at 627, *citing Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 998 (8th Cir.1993); and *Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir.1992).
[8] *Jochims*, at 628.

## II. TSC intervention is necessary.

The federal government is withholding money owed to TSC as a result of the Injunction issued by this Court.

The Court's March 8, 2024, Memorandum Opinion and Order stated that

> 2. The Government is prohibited from <u>obligating</u> funds under Subsection 209(a)(1)—and corresponding funds under Section 210—toward mitigation and remediation efforts, repair of existing barrier, so-called system attribute installation at existing sites, or other similar purposes. Those types of expenses may be authorized under Subsections (a)(2) through (a)(5) where appropriate, however, Subsection (a)(1) permits only the construction of physical barriers, such as additional walls, fencing, buoys, etc…
>
> This Order shall not affect obligations that are permissible under other Subsections of the CAAs.[9]

TSC is unable to determine, nor is it apparent that the government has taken any effort to determine the particular subsection of the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209, 133 Stat. 2317, 2511-12 (2019), under which TSC's work was tasked.

Sections (a)(2) through (a)(5) pertain to

> (2) $221,912,000 for the acquisition and deployment of border security technologies and trade and travel assets and infrastructure;
> (3) $62,364,000 for facility construction and improvements;
> (4) $199,519,000 for integrated operations assets and infrastructure; and
> (5) $45,673,000 for mission support and infrastructure.

DHS Appropriations Act, 2020, Pub L. No. 116-93, Div. D, § 209(a)(2) – (a)(5), 133 Stat. at 2511–12.

---

[9] Dkt. No. 128, page 56.

The Court has aptly noted in prior hearings that (a)(5) is a catch all provision[10] which allows the government flexibility in the use of the funds. Moreover, Section (a)(3)[11] simply pertains to facility construction and improvements, which can broadly apply to a variety of tasks associated with work completed under TSC's contract.

Further, the government's position on indefinitely suspending settlement negotiations until this injunction is resolved exposes TSC to Miller Act type claims by its subcontractors.[12] Claims which would be financially harmful to TSC. It is foreseeable that continued motion and appellate practice in this case will extend up to and potentially beyond the Miller Act's one-year statute of limitations.[13]

TSC's rights under the Contract and Task Order will be severely impaired if it is not allowed to intervene into this litigation for clarification and/or modification of the Injunction as it pertains to TSC's contract. TSC has a clear interest in the outcome of this litigation and the scope of this Court's Injunction. Accordingly, the intervention should be granted.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, TSC requests that the Court grant TSC's intervention to this action to protect its interests in recovering millions of dollars in costs already incurred prior to the Court's injunction.

Respectfully Submitted, this 17th day of May 2024.

---

[10] Transcript of Motion Hearing on March 28, 2024 (ECF No. 147)(clarifying injunction), page 5, lines 11-13 where Joshua Divine, Counsel for Office of the Missouri Attorney General, references the Court's prior statements regarding a catchall provision.
[11] § 209(a)(3), 133 Stat. at 2511–12.
[12] 40 U.S.C. §3133.
[13] *Id.*

/s/ *Savannah Stroud*
Paul Sanderford
Texas State Bar No. 17578500
Savannah Stroud
Texas State Bar No. 24051908
SANDERFORD & CARROLL
1002 Arbor Park Drive
Suite 100
Belton, Texas 76513
Telephone: 254-773-8311
Facsimile: 254-773-9175
Email: paul@txconstructionlaw.com
Email: savannah@txconstructionlaw.com

**ATTORNEY IN CHARGE FOR TEXAS STERLIING CONSTRUCTION CO.**

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document contains 1,497 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Savannah Stroud*
**Savannah Stroud**

## CERTIFICATE OF SERVICE

I certify that on May 17, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with FEDERAL RULE OF CIVIL PROCEDURE 5(b).

/s/ *Savannah Stroud*
**Savannah Stroud**