# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| The General Land Office of the State of Texas, and George P. Bush, *in his official capacity as Commissioner of the Texas General Land Office,*<br>Plaintiffs,<br><br>v.<br><br>Joseph R. Biden, *in his official capacity as President of the United States of America;* United States Dept. of Homeland Security; and Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security,*<br>Defendants.<br>_____ | Civil Action No.: 7:21-CV-00272 |
| The State of Missouri; and the State of Texas,<br>Plaintiffs,<br><br>v.<br><br>Joseph R. Biden, *in his official capacity as President of the United States of America;* The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security;* Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection;* and United States Customs and Border Protection,<br>Defendants.<br>_____ | Civil Action No.: 7:21-CV-00420 |
| Texas Sterling Construction Co.<br>Plaintiff-Intervenor,<br><br>v. | Civil Action No.: _____ |

Page **1** of **6**

**EXHIBIT 1**

Joseph R. Biden, *in his official capacity as President of the United States of America;* The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security;* Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection*; and United States Customs and Border Protection,

)
)
)
)
)
)
)
)
)
)

---

INTERVENOR TEXAS STERLING CONSTRUCTION CO.'S ORIGINAL COMPLAINT

---

COMES NOW, the Texas Sterling Construction Co. ("TSC") and alleges as follows:

### I.

### JURISDICTION AND VENUE

1. Intervenor submits this complaint as intervenor pursuant to FEDERAL RULE OF CIVIL PROCEDURE 24.

2. This Court has jurisdiction under 28 U.S.C. § 1331, 1361, 1651, and 2201, as well as 5 U.S.C. §§ 701–706 and the IIRIRA.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1). A substantial part of the events giving rise to these claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and Defendants are officers of the United States acting in their official capacities.

### II.

### PARTIES

4. Intervenor, Texas Sterling Construction Co. is a Texas corporation with its principal place of business in The Woodlands, Texas.

5. Plaintiff the Texas General Land Office ("GLO") is an agency of the State of Texas, a sovereign State of the United States of America.

6. Plaintiff George P. Bush is the Commissioner of the GLO and is a party to this lawsuit in his official capacity.

7. Defendant Joseph R. Biden is the President of the United States and is a party to this lawsuit in his official capacity

8. Defendant United States Department of Homeland Security ("DHS") is a federal agency.

9. Defendant Alejandro Mayorkas is the Secretary of Homeland Security and is a party to this lawsuit in his official capacity

10. Defendant United States Customs and Border Protection ("CBP") is a federal agency.

11. Defendant Troy Miller is the Commissioner of the CBP and is a party to this lawsuit in his official capacity.

### III.

### RELEVANT BACKGROUND

12. This case involves the United States of America's Executive Branch's application of Congressional appropriations for the expenditure of funds relating to the "construction of [a] barrier system along the southwestern border." Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, §209(a)(1), 133 Stat. 2317, 2511 (2019); Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, §210, 134 Stat. 1182, 1456-57 (2020) (collectively, "the Appropriations Acts").

13. TSC was awarded a contract and task order under Contract HSBP1017D00020 ("the Contract") and Task Order 70B01C22F00000953. The Contract was a competitively bid,

multiple award contract issued by Customs and Board Protection (CBP) on behalf of the Department of Homeland Security, a Defendant in this case. The Contract as broken into Task Orders under the Federal Acquisition Regulation ("FAR") Subpart 16.

12. On or about August 31, 2017, TSC was awarded a design-build, multiple award indefinite delivery/indefinite quantity task order contract, under Contract Number HSBP1017D00020.

13. TSC was awarded Task Order 70B01C22F00000953 for the design and construction of gaps and gates completion, legacy fence removal, and bollard panel completion on the existing board wall in the area of El Paso Zones 1 and 2.

14. On or about February 9, 2024, TSC was issued a suspension of work notification which sought to descope millions of dollars of remaining work, effectively terminating TSC's contract for convenience.

## IV.

## RELIEF

**CLARIFICATION AND/OR MODIFICATION OF THE MARCH 8, 2024 INJUNCTION**

15. All preceding paragraphs of this Complaint are hereby incorporated by reference.

16. Intervenor TSC requests a clarification and/or modification of the March 8, 2024 Injunction[1] issued by this Court that it does not apply to Intervenor TSC's contract, or in the alternative that the Injunction is modified to exclude TSC.

17. Department of Homeland Security awarded a contract to TSC for remediation work in the El Paso sector, pursuant to 10 U.S.C. § 284.

---

[1] Mem. Op. & Order (ECF No. 128)(herein after referred to as the "Injunction").

18. When government contracts are terminated for convenience, the government is required to negotiate reasonable compensation for contractors' costs and reasonable profits. 48 C.F.R. §49.105; 49 C.F.R. §49.201(a). The contractor initiates the negotiation through a termination settlement proposal and the parties proceed to negotiate. 48 C.F.R. §52.249-2(e)-(f). This regulatorily mandated activity is what is at issue with regard to TSC.

19. On March 28, 2024, TSC received correspondence from the government stating that "[i]nvoices cannot be processed for payment for suspended work at this time as a result of the March 8, 2024, preliminary injunction."[2]

20. According to the federal government, the injunction prevents the agency from proceeding under its regulatory required duties to negotiate settlement of terminated contracts. This suspension not only financially implicates TSC, but also its subcontractors who have expended labor and material costs to perform work on the Project. TSC has received no further communication from DHS or any other division of the federal government attempting to restart settlement negotiations since that time and moves to intervene to protect its interests and those of its subcontractors.

21. Nothing in the Court's ruling or subsequent injunction appears to prohibit the federal government from continued negotiations of settlement and payment for costs already incurred. In fact, the Injunction[3] specifically carves out those portions of the act that are not affected by the Injunction.[4] The government has made no effort to delineate between the two.

---

[2] See Ex. 1, correspondence from John Callahan, Contract Specialist for US Customs & Border Protection, to TSC.
[3] Mem. Op. & Order (ECF No. 128) at 56.
[4] *Id.*

22. TSC has a vested interest in this Court's clarification of the Injunction to reflect that the settlement funds owed to TSC for previously completed border wall construction are not subject to the Injunction.

23. In the alternative, TSC has a vested interest in this Court's modification of the Injunction to reflect that the settlement funds owed to TSC for previously completed border wall construction should be excluded from the Injunction.

24. TSC's rights under the Contract and Task Order will be severely impaired if it is not allowed to intervene into this litigation. TSC has a clear interest in the outcome of this litigation and the scope of this Court's Injunction. Accordingly, the intervention should be granted.

## V.

## PRAYER

25. WHEREFORE, above premises considered, TSC prays that the Court issue a clarification that the Injunction does not apply to Intervenor TSC's contract, or in the alternative that the Injunction is modified to exclude TSC.

Respectfully submitted,

SANDERFORD & CARROLL, P.C.

By: /s/ *Savannah Stroud*
Savannah Stroud
Savannah@txconstructionlaw.com
Texas Bar No. 24051908
1002 Arbor Park Drive, Suite 100
Belton, Texas 76513
Telephone: 254/773-8311
Facsimile: 254/773-9175
**ATTORNEY FOR INTERVENOR**
**TEXAS STERLING CONTRACTORS, CO.**

EXHIBIT 1