# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| The General Land Office of the State of Texas, and George P. Bush, *in his official capacity as Commissioner of the Texas General Land Office*, <br>    Plaintiffs, <br><br> v. <br><br> Joseph R. Biden, *in his official capacity as President of the United States of America*; United States Dept. of Homeland Security; and Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security*, <br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 7:21-CV-00272 |
| ----------------- | ) ) |
| The State of Missouri; and the State of Texas, <br>    Plaintiffs, <br><br> v. <br><br> Joseph R. Biden, *in his official capacity as President of the United States of America*; The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security*; United States Dept. of Homeland Security; Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection*; and United States Customs and Border Protection, <br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 7:21-CV-00420 ) ) ) ) ) ) ) ) ) ) ) |

Posillico Civil, Inc. Coastal Environmental Group. Inc. *doing business as* Southern Border Constructors,

       Plaintiff-Intervenor,

v.

Joseph R. Biden, *in his official capacity as President of the United States of America*; The United States of America; Alejandro Mayorkas, *in his official capacity as Secretary of the United States Dept. of Homeland Security*; United States Dept. of Homeland Security; Troy Miller, *in his official capacity as Acting Commissioner of the United States Border Protection*; and United States Customs and Border Protection,

       Defendants.

Civil Action No.: _____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**POSILLICO CIVIL INC. COASTAL ENVIRONMENTAL GROUP INC.**
*doing business as* **SOUTHERN BORDER CONSTRUCTORS'**
<u>**REPLY IN FURTHER SUPPORT OF ITS MOTION TO INTERVENE**</u>

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

REPLY ARGUMENT ................................................................................................................ 1

I.      SBC satisfies Rule 24's requirements for intervention of right ................................. 1

      A.      SBC moved for intervention as soon as it was aware of its interest, making its motion timely. ............................................................................ 1

            i.      SBC only knew of its interest after it received the Federal Government's March 28 Letter. .............................................. 2

            ii.      The prejudice to the Government Parties is minimal, and the prejudice to SBC is great. ......................................... 4

            iii.      SBC's status as a government contractor presents unusual circumstances. .......................................................... 6

      B.      SBC suffers direct harm from the Federal Government's interpretation of this Court's Injunction. ...................................... 6

      C.      SBC won't be able to protect its interests without intervention because the Injunction will become all but unreviewable. ............................ 7

      D.      Neither Government Party represent SBC's interests. ................................... 9

II.     Even if SBC hadn't satisfied Rule 24's requirements (and it has), this Court should still grant permissive intervention. ............................................................. 10

CONCLUSION ........................................................................................................................ 11

CERTIFICATE OF COMPLIANCE ...................................................................................... 13

CERTIFICATE OF SERVICE ............................................................................................... 13

i

# TABLE OF AUTHORITIES

## Cases

*Chaucer Corporate Capital, No. 2 Ltd. v. Azad,*
  2011 WL 13249479 (S.D. Tex. Sep. 8, 2011) ....................................................1, 2

*Deus v. Allstate Insurance Company,*
  15 F.3d 506 (5th Cir. 1994) .........................................................................8

*Edwards v. City of Houston,*
  78 F.3d 983 (5th Cir. 1996) .........................................................................4

*United States ex rel Hernandez v. Team Fin., L.L.C.,*
  80 F.4th 571 (5th Cir. 2023) ........................................................................3

*League of United Latin Am. Citizens, Council No. 4434 v. Clements,*
  884 F.2d 185 (5th Cir. 1989) .......................................................................10

*In re Lease Oil Antitrust Litig.,*
  570 F.3d 244 (5th Cir. 2009) ......................................................................1, 2

*Liberty Surplus Ins. Companies v. Slick Willies of Am., Inc.,*
  2007 WL 2330294 (S.D. Tex. Aug. 15, 2007) (Rosenthal, J.) .............................2

*Ross v. Marshall,*
  426 F.3d 745 (5th Cir. 2005) .....................................................................4, 10

*Russian Media Grp., LLC v. Cable Am., Inc.,*
  598 F.3d 302 (7th Cir. 2010) .......................................................................5

*Sierra Club v. Espy,*
  18 F.3d 1202 (5th Cir. 1994) ............................................................... *passim*

*Sierra Club v. Fed. Emergency Mgmt. Agency,*
  No. CIV. A. H-07-0608, 2008 WL 2414333 (S.D. Tex. June 11, 2008)
  (Rosenthal, J.) ......................................................................................7, 8

*Stallworth v. Monsanto Co.,*
  558 F.2d 257 (5th Cir. 1977) .....................................................................3, 4

*Texas v. United States,*
  805 F.3d 653 (5th Cir. 2015) .......................................................................9

*United States v. LULAC,*
  793 F.2d 636 (5th Cir. 1986) .......................................................................8

*United States v. Northshore Min. Co.,*
    576 F.3d 840 (8th Cir. 2009) ................................................................................10

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n,*
    834 F.3d 562 (5th Cir. 2016) ..................................................................................6

**Other Authorities**

Fed. R. Civ. P. 24 ..............................................................................................1, 5, 10, 11

Fed. R. Civ. P.  24(c) ..................................................................................................2

## REPLY ARGUMENT

The Federal Government and the States[1] oppose SBC's intervention to seek clarification of this Court's interpretations of the Appropriations Acts and their enforcement in the Injunction. The oppositional briefs vary in their treatment of Rule 24's factors, but both boil down to the same points. The Government Parties have been litigating this case for some years, have now decided to finalize a *preliminary* injunction, and don't want the private parties actually affected by their constitutional musings to involve themselves in this high-minded duel of sovereigns.

Fortunately for SBC and other border wall contractors, those considerations don't control the test for intervention under Rule 24. And when the Court's inquiry is properly oriented to the considerations that *do* matter to the Rule 24 analysis, SBC is entitled to intervene as a matter of right.

### I.    SBC satisfies Rule 24's requirements for intervention of right.

#### A.    SBC moved for intervention as soon as it was aware of its interest, making its motion timely.

The Court first considers timeliness of intervention. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). SBC's motion was timely because it was filed days after the Federal Government interpreted the Injunction to forestall border wall contract administration. Under the Fifth Circuit's four-factor test, that's timely.[2]

---

[1] "Federal Government" encompasses each federal defendant, and "States" encompasses each plaintiff. Collectively, they are sometimes referred to as the "Government Parties."

[2] The States also say that SBC's failure to "attach[ ] a pleading" is "fatal" to SBC's Motion to Intervene. ECF No. 185 at 7–8 (citing *Chaucer Corporate Capital, No. 2 Ltd. v. Azad*, 2011

1

i.   *SBC only knew of its interest after it received the Federal Government's March 28 Letter.*

The first timeliness factor is "the length of time between the would-be intervenor's learning of his interest and his petition to intervene." *Oil Antitrust Litig.*, 570 at 247–48. The dayslong holdup between SBC's receipt of the Federal Government's letter and filing its motion is obviously an infinitesimal delay. *E.g.*, *id.* at 250 (two year delay not untimely). So, the Government Parties try to turn back the clock: they say SBC should have known about its interest sooner than the letter because this "public" lawsuit has been ongoing for three years. ECF Nos. 184 at 8; 185 at 10–11. The States add that SBC could have ascertained its interest by reading press releases, newspapers, and even Law360, a paid news service that targets lawyers. ECF No. 185 at 11.

The Government Parties wrongly conflate SBC's (unproven) knowledge of this lawsuit with SBC's knowledge that its interests were affected. The Fifth Circuit has repeatedly explained "that the length of time to file is measured from the moment that the prospective intervenor knew that his interests would 'no longer be protected'" — not

---

WL 13249479 at *1 (S.D. Tex. Sep. 8, 2011)). But their own authority betrays them. As Judge Werlein explained in *Chaucer*, "[a] majority of circuits, including the Fifth, favor 'a permissive interpretation' of Rule 24(c)." *Id.* at *1 (quoting *Liberty Surplus Ins. Companies v. Slick Willies of Am., Inc.*, 2007 WL 2330294, at *1–2 (S.D. Tex. Aug. 15, 2007) (Rosenthal, J.)). Consequently, "the rule's requirements typically are excused where the motion to intervene sufficiently does put the parties on notice of [the intervenor's] grounds for intervention." *Id.* (citation omitted).

SBC's motion made clear its "grounds for intervention": SBC wants a declaration that the injunction does not prevent the Federal Government from administering its border wall contracts and paying SBC. Should the Court grant intervention, SBC will promptly file its Complaint for Declaratory Relief.

2

when a party possesses a "general awareness of the case" or mere "knowledge of the pendency of the litigation." *See United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)). Moreover, the Fifth Circuit has measured timeliness from the government's issuance of a letter applying a district court's injunction in a way prejudicial to putative government contractors—even when the litigation had been pending for *eight* years. *See Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) ("When the agency announced on June 24, 1993, that it would apply the preliminary injunction to all timber sales . . . movants became aware that the Forest Service would not protect their interests.").

SBC didn't know of its interest in this lawsuit prior to the March 28 Letter. Indeed, before then, SBC could not have conceived of *any* interpretation of the Appropriations Acts ("Acts") whereby it would not be paid under those Acts for its border wall work. Had the Federal Government won this case, presumably it would have continued to negotiate its settlement of SBC's border wall contract. If the States won their requested relief—as they did in part—SBC reasonably would have assumed that an injunction requiring the Federal Government to spend the disputed funds on border wall construction would mean SBC would get paid for its border wall construction.

Unfortunately for SBC, the Federal Government took a different position in its letter. As in *Sierra Club*, SBC didn't know its interests were affected until it received that letter. Once received, SBC timely moved to intervene.

ii.   *The prejudice to the Government Parties is minimal, and the prejudice to SBC is great.*

The next two factors the Court considers are "the extent of prejudice to the existing parties as a result of the applicant's delay in seeking intervention" and "the extent of the prejudice the would-be intervenor would suffer if its petition for leave to intervene were denied." *Sierra Club*, 18 F.3d at 1206. Both factors favor SBC.

First, the existing parties will suffer no prejudice from SBC's delay in bringing its motion to intervene because that delay lasted only days after SBC learned of its interests in the litigation. The Government Parties disagree and say allowing SBC to intervene will complicate or prolong this litigation. ECF Nos. 184 at 16; 185 at 12–13.

The Government Parties again direct this Court to the wrong considerations. The Fifth Circuit has been clear that the prejudice portion of the timeliness analysis is not a freewheeling inquiry into whether the existing parties will be inconvenienced by intervention. *Sierra Club*, 18 F.3d at 1206. Rather, "prejudice must be measured by the delay *in seeking intervention*, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Id.* (emphasis added); *accord Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996). The Government Parties here have not been prejudiced by the dayslong delay between SBC's receipt of the Federal Government's letter and SBC's filing of its motion to intervene.[3]

---

[3] That the parties have decided to finalize a preliminary injunction rather than continue to litigate doesn't provide them with a get-out-of-intervention free card. Were that the case, intervenors would be required to prematurely ascertain their interest in the often narrow window between the filing of a lawsuit and the entry of a preliminary injunction. Such a rule conflicts with the Fifth Circuit's liberal intervention standard, which has, on

On the other hand, SBC is presently suffering severe prejudice because of the Federal Government's self-serving use of the Injunction to withhold millions from SBC. Here, it's important to focus on what SBC is requesting: a limited declaration that this Court's interpretation of the Acts does *not* foreclose the Federal Government from negotiating/settling, with border wall funds, its accounts with border wall contractors. That's it.

If SBC can't intervene and obtain that relief here, it will be forced to sue the Federal Government in an administrative action for monies undisputedly owed it. There, it will be put in the anomalous position of asking an administrative body—the Armed Services Board of Contract Appeals—to interpret this Court's Injunction in a manner contrary to the way the Federal Government—a party to the Injunction—reads the Injunction. Not only is that a longshot, but SBC will have no way of removing its dispute from that administrative forum to the Court best suited to clarify the Injunction—this one. *See, e.g., Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 308 (7th Cir. 2010) ("defendants . . . should seek a modification from the district court that issued the injunction. That court is in the best position to conduct the fact-finding needed to determine whether the injunction should be modified.").

---

multiple occasions, countenanced post-*judgment* interventions. *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (quoting *Stallworth*, 558 F.2d at 266) (collecting cases and noting that "whether the request for intervention came before or after the entry of judgment [is] of limited significance."). The Government Parties' voluntary procedural maneuvering has no place in Rule 24's analysis.

The Government Parties aren't prejudiced by SBC's delay in seeking intervention, and SBC will be prejudiced if it can't intervene.

      *iii.*     *SBC's status as a government contractor presents unusual circumstances.*

Finally, the Court considers whether "unusual circumstances" favor intervention. As noted previously, the Federal Government's self-serving reading of the Injunction—and the fact that this Court can correct that interpretation with little practical impact on this litigation—are not features of mine-run intervention cases. This factor also supports intervention.

    B.    <u>SBC suffers direct harm from the Federal Government's interpretation of this Court's Injunction.</u>

With the timeliness analysis on SBC's side, the Court next considers whether SBC has a protectable "interest" in the litigation. *Sierra Club*, 18 F.3d at 1207. The Fifth Circuit has "continued to hold that economic interests can justify intervention when they are directly related to the litigation." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 568 (5th Cir. 2016). Obviously SBC has such an interest here: the Federal Government says it won't negotiate settlement of SBC's border wall contract because of the Injunction, which it wrongly interprets to prevent it from using border wall funds—"the property . . . which is the subject of this action"—to administer and closeout SBC's border wall contract. *Id.* at 565. Like the intervenors in *Sierra Club*, SBC's "legally protectable property interests," chief among them its contractual right to payment but also its contractual right to negotiate the termination, "in existing [border wall] contracts

. . . are threatened by the potential [indeed, definite] bar" on negotiation and payment. 18 F.3d at 1207. That's enough for intervention.

The Federal Government doesn't challenge such an obvious interest, but the States incredulously tell this Court that SBC's interests are nothing more than a "preference" that this lawsuit go a certain way based on "speculation about subsequent events." ECF No. 185 at 20. Nothing could be further from the truth. SBC has a contractual right to payment under a border wall contract that the Federal Government is *presently* claiming it must breach because of the Injunction. The harm could not be more direct.

C.   SBC won't be able to protect its interests without intervention because the Injunction will become all but unreviewable.

The third factor the Court considers is whether "disposition of the action may, as a practical matter, impair or impede [SBC's] ability to protect [its] interest." *Sierra Club*, 18 F.3d at 1207. It's clear that it will. If the Government Parties finalize the preliminary Injunction (as they intend to do), then SBC will be robbed of an opportunity to clarify that the Injunction does not prohibit the Federal Government from settling up border wall contracts with border wall funds.

A key point: the fact that SBC could bring an administrative proceeding on the contract itself doesn't vitiate its right to intervene in this action. As noted before in this district, "[i]t is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. CIV. A. H-07-0608, 2008 WL 2414333, at *6 (S.D. Tex. June 11, 2008) (Rosenthal, J.) (citation omitted). That rule has all the more application

here, where SBC would be asking an agency to reinterpret this Court's interpretation of the Acts. Unlike the other putative intervenors with resort to federal court, SBC will be unable to remand or transfer its administrative proceeding to obtain a clarification of the Injunction by this Court.

Another thing: SBC's team is presently incurring massive expenses storing and maintaining border wall components. This is more support for the impediment SBC faces; as Judge Rosenthal has explained, "intervention [is] appropriate where a nonparty faces potential consequences in the interim period after entry of judgment." *See id.*

These concerns present real impediments to SBC's interest in settlement and payment under its contracts. None of the cases cited by the Government Parties undermines that conclusion. *United States v. LULAC* involved putative intervenors that didn't bother to *allege* inadequate representation or an impediment to their ability to protect their rights. 793 F.2d 636, 644 (5th Cir. 1986). Moreover, the Fifth Circuit's brief discussion of those deficiencies is arguably dicta, as the Court found that the district court "might have granted permissive intervention." *Id. Deus v. Allstate Insurance Company* strays further from our facts. It involved a putative intervenor that had already sued Allstate and intervened solely to "gain access to documents and testimony" that could be obtained "by filing a discovery request" in the pending action. 15 F.3d 506, 525–26 (5th Cir. 1994). Finally, none of the myriad district court cases cited by the Federal Government involve facts remotely similar to these.

SBC's interests will be impeded without intervention.

D.   <u>Neither Government Party represent SBC's interests.</u>

The last factor this Court considers is whether the existing parties adequately represent SBC's interests. SBC's opening brief makes clear that no party does—a reality confirmed by the fact that no one is standing up for SBC as it gets stiffed for millions of dollars.

Tellingly, the Federal Government does not contest this point either. Instead, it is the States—who sued to prevent the Biden Administration from cancelling contracts like SBC's but apparently aren't interested in whether SBC gets paid under them—who have the gall to say SBC's interests are represented. The States invoke the "same ultimate objective presumption," then make the metaphysical claim that there can only ever be "one ultimate objective" in a lawsuit—and that they get to decide what that objective is. ECF No. 185 at 19. The States define their objective as "whether a permanent injunction and vacatur are appropriate remedies,"[4] and assure the Court they've got "all possible positions" on their self-selected objective covered. *Id.*

The States' circular argument is completely at odds with what the Fifth Circuit's liberal standard actually asks this Court to consider. The only question for the Court is whether SBC has met its "minimal" burden to show that "its interests diverge from the putative representative's interests in a manner germane to the case." *Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015). And contrary to the States' misrepresentation that

---

[4] The States' attempt to exclusively focus the analysis on the procedural remedy rather than the merits is unsupported by any law. It also ignores that this case has always been about whether the Federal Government's expenditures under the Acts were "contrary to [that] law." ECF No. 128 at 52.

SBC has not "suggest[ed]" such a divergence of interest, ECF No. 19 & fn.5, SBC has definitively proven one: neither existing party represents SBC's interest in an interpretation of the Acts that enables SBC to be paid under them. Like the timber contractors in *Sierra Club*, SBC has "demonstrated, through the [March 28, 2024], letter applying the district court's preliminary injunction to all [border wall contracts], that the government's representation of [its] interest is inadequate." 18 F.3d at 1207–08. There, as here, "[t]he government must represent the broad public interest, not just the economic concerns of the [contracting] industry." *Id.*

Plainly, no party adequately represents SBC's discrete interests in this litigation.

## II. Even if SBC hadn't satisfied Rule 24's requirements (and it has), this Court should still grant permissive intervention.

SBC has also met the prerequisites for permissive intervention—(1) timely application, (2) a claim that shares a question of law with the underlying action, and (3) no prejudice to the existing parties. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). Factors (1) and (3) were expounded above, and Factor (2) is simple: SBC claims an interpretation of the same statutes that the original parties were fighting over. Permissive intervention should be granted.

The Federal Government says that intervention will permit private parties to interfere with "the Department of Justice's control of Government litigation." ECF No. 184 at 24. But of course, private parties regularly intervene in government cases that affect their interest, and it's unclear why this consideration deserves any unique weight here. *E.g.*, *Sierra Club*, 18 F.3d at 1207.

The States say that the *preliminary* Injunction settled this case, and that the intervenors can't ask to modify it. ECF No. 185 at 21–22. This rationale flies in the face of the numerous Fifth Circuit decisions allowing *post-judgment* intervention. *E.g.*, *Ross*, 426 F.3d at 754 (collecting cases). It also contravenes this Court's inherent power to modify its own injunctions. *See, e.g.*, *United States v. Northshore Min. Co.*, 576 F.3d 840, 848–49 (8th Cir. 2009) (citation omitted) ("whether it is appropriate to dissolve or modify an injunction rests primarily on the shoulders of the district court that issued the injunction in the first place.").

Finally, the States say permissive intervention will delay resolution of a preliminary injunction the existing parties decided to finalize. ECF No. 185 at 23. Again, it is unclear why the parties' voluntary procedural fast-tracking of this case should be allowed to prejudice SBC's timely intervention.

## CONCLUSION

The Government Parties may lament SBC's intervention, but Rule 24's liberal intervention standard requires it. SBC respectfully requests intervention.

**Respectfully submitted**, this the 21st day of May, 2024.

 /s/      R. Sumner Fortenberry
Scott Burnett Smith (Attorney-in-Charge)
Texas State Bar No. 24119040
Southern District of Texas Bar No. 2923954
Aron C. Beezley (*pro hac vice*)
D.C. Bar No. 1004904
Colorado Bar No. 40675
R. Sumner Fortenberry (*pro hac vice*)
Mississippi Bar No. 106292

**Counsel for POSILLICO CIVIL, INC.
COASTAL ENVIRONMENTAL GROUP,
INC.** *doing business as* **SOUTHERN BORDER
CONSTRUCTORS**

Of Counsel:

BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue W Suite 900
Huntsville, AL 35801
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
ssmith@bradley.com
sfortenberry@bradley.com

12

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document contains 2994 words, exclusive of matters designated for omission, as counted by Microsoft Word.

*/s/ R. Sumner Fortenberry*
_____

**CERTIFICATE OF SERVICE**

I certify that on May 21, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

*/s/ R. Sumner Fortenberry*
_____