United States District Court
Southern District of Texas
**ENTERED**
May 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official Capacity as Commissioner of the Texas General Land Office,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 7:21-CV-00272 |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR. in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting | § § § § § § § § § § § § § § § § § § | Civil Action No. 7:21-CV-00420 |

| | |
|---|---|
| **Commissioner of the United States Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION,** | § § § § |
| **United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of the United States Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION,** | § § § § § § § § § § |
| **Defendants.** | § |

# ORDER

This case has been pending for three years. In that time, it has been extensively litigated. Now, at the eleventh hour, three federal government contractors, a private landowner, and a coalition of environmental organizations have moved to intervene in this case to clarify the scope of the Court's preliminary injunction. The Court previously had a hearing with the Parties to clarify that very issue. And now, right as the Parties have agreed, for the most part, on a permanent injunction, these putative intervenors seek to join the case.

Pending before the Court are the following:

(1) Posillico Civil Inc. Coastal Environmental Group, Inc. d/b/a Southern Border Constructors' Motion to Intervene, (Dkt. No. 148);

(2) Randy Kinder Excavating Inc. d/b/a RKE Contractors' Motion to Intervene, (Dkt. No. 149);

(3) Diamond A Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation's Motion for Leave to Intervene and Brief in Support, (Dkt. No. 154);

> (4) Motion to Intervene and Memorandum of Law of Proposed Defendants-Intervenors Sierra Club and Southern Border Communities Coalition, (Dkt. No. 167); and
>
> (5) Texas Sterling Construction Co.'s First Amended Motion to Intervene and Brief in Support Thereof, (Dkt. No. 172).

For the reasons stated below, the Court **DENIES** each Motion.

## I. BACKGROUND

This now-consolidated case began in 2021, when the General Land Office of Texas ("GLO") sued various facets of the federal government in the McAllen Division. (Dkt. No. 1). Nearly three years have passed since then. And since that time, a myriad of procedural twists and turns have taken place in this case.

On March 8, 2024, the Court entered a preliminary injunction finding that Congress's appropriation of funds for the "construction of barrier system" in fiscal years 2020 and 2021 under a specific bill "permits only the construction of physical barriers[.]" *Gen. Land Off. v. Biden*, ___ F.Supp.3d ___, ___, No. 7:21-CV-00272, 2024 WL 1023047, at *24 (S.D. Tex. Mar. 8, 2024) ("*GLO*"). The Court enjoined Defendants from obligating those disputed funds for any other purpose. (*Id.*). Defendants filed a motion to clarify the preliminary injunction on March 21, 2024, (Dkt. No. 133), and the Court held a hearing on this issue on March 28, 2024. On April 5, 2024, the Parties notified the Fifth Circuit that they did not intend to appeal the preliminary injunction and intended to pursue final judgment at the district court level. (No. 22-40526, Dkt. No. 95). On April 8, 2024, three days after the Parties notified the Fifth Circuit that they would be working on an agreed judgment, the first motion to intervene was filed. (Dkt. No. 148). On April 10, 2024, the Parties filed a Joint Entry of Final Judgment. (Dkt. No. 150).

Over the next couple of weeks, several other entities filed motions to intervene, seeking to clarify the Court's injunction (together, the "Putative Intervenors"). (Dkt. Nos. 148, 149, 154, 167, 172). These entities consist of three federal contractors—Posillico Civil Inc. Coastal Environmental Group Inc. d/b/a Southern Border Constructors ("SBC"), (Dkt. No. 148), Randy Kinder Excavating, Inc. d/b/a RKE Contractors ("RKE"), (Dkt. No. 149), and Texas Sterling Construction Company, (Dkt. No. 172)—as well as a private landowner, Diamond A. Ranch, Western Division L.L.C. and Guadalupe Ranch Corporation, (Dkt. No. 154), and two environmental organizations—Sierra Club and Southern Border Communities Coalition, (Dkt. No. 167). The Parties that have been litigating this case from the start oppose intervention. (Dkt. Nos. 184, 185). Now, with briefing complete, the Court turns to the Motions' merits.

## II.   LEGAL STANDARD

There are two types of intervention in federal court—intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24. To intervene as a matter of right under Federal Rule of Civil Procedure 24(a), four conditions must be met:

> (1) the motion must be timely;
>
> (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which intervention is sought;
>
> (3) the disposition of that case may impair or impede the potential intervenor's ability to protect their interests; and
>
> (4) the existing parties do not adequately represent the potential intervenor's interests.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004).

4

Federal Rule of Civil Procedure 24(b) governs permissive interventions. While the Fifth Circuit generally maintains a "broad policy favoring intervention[,]" *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016), district courts "have complete discretion to allow permissive intervention." *Quantlab Group, LP v. Dempster*, No. 4:18-CV-02171, 2020 WL 224537, *3 (S.D. Tex. Jan. 15, 2020) (citing *Graham v. Evangeline Par. Sch. Bd.*, 132 F.App'x 507, 513 (5th Cir. 2005)). Permissive intervention is appropriate when:

> (1) the motion is timely;
>
> (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and
>
> (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at *3. Additionally, the Fifth Circuit instructs courts to consider:

> (4) whether the intervenors are adequately represented by other parties, and
>
> (5) whether they are likely to contribute significantly to the development of the underlying factual issues.

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

### III. DISCUSSION

The Putative Intervenors move for both as-of-right and permissive intervention. The Court assesses the merits of both of these of arguments separately.

5

### A. INTERVENTION AS OF RIGHT

The Court analyzes the Motions in light of the four conditions articulated in *Saldano*, 363 F.3d at 551. It begins the inquiry with timeliness.

Timeliness under Rule 24(a) is governed by a four-part test:

> (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene;
>
> (2) the extent of prejudice to existing parties from allowing late intervention;
>
> (3) the extent of prejudice to the would-be intervenor if the petition is denied; and
>
> (4) any unusual circumstances.

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). The Court finds that the second, third, and fourth considerations weigh heavily in favor of finding that the motions to intervene are untimely.

Starting with the second consideration—the extent of prejudice to existing parties from allowing late intervention— the Government points out, and the Court agrees, that permitting intervention at this juncture would prejudice the existing parties—GLO, the State Plaintiffs, and the Government. As the Government aptly put, the Putative Intervenors "seek to inject a wide range of new fact-specific interests about contract disputes, property damage, and environmental issues that have not previously been part of this litigation." (Dkt. No. 184 at 16). "Intervention[,]" says the Government, "would thus significantly expand the scope of the issues and amount to the equivalent of starting five new lawsuits at a time when the case is on the doorstep of final judgment." (*Id.*). The

Court agrees. Indeed, three of the five motions were filed *after* the existing Parties jointly moved for entry of final judgment. *Compare* (Dkt. No. 150) *with* (Dkt. Nos. 154, 167, 172).

As to the third consideration, the extent of prejudice to the would-be intervenor if the motion is denied, the Putative Intervenors are not prejudiced by the Court denying their Motions. Those Putative Intervenors who allege that they are financially impacted by how the Government is reacting to the Preliminary Injunction are able to bring separate lawsuits focused on their individual claims. To be sure, those Proposed Intervenors are less interested in whether the Government's spending decisions comply with the statutes in question than they are in getting paid in general.

As to the fourth consideration, any unusual circumstances, this case presents circumstances that weigh against permitting intervention. On this, the Court adopts the Government's rationale. As it states, "[p]ermitting intervention here would encourage late-arriving parties to join litigation over federal agency actions near the conclusion of litigation after the merits of the case have been decided." (Dkt. No. 184 at 17). Moreover, "[i]njunctions against federal officials charged with carrying out agency policies will likely have downstream impacts on a diverse collection of people and organizations[.]" (*Id.*). To be sure, those impacted by federal agency litigation are entitled to assert their claims, but they should do so in a separate suit that is tailored to their specific needs and issues rather than piling onto already complex cases of national consequence.

In light of the foregoing, the Motions to intervene are untimely. The Court finds that the Motions, filed three years into this broadly publicized litigation, should have been filed closer to the inception of this case when the motion to dismiss—which clearly

7

identified the disputed issues in this action—was filed, briefed, and appealed. The Court finds that the existing Parties will be prejudiced by having to re-litigate issues that have now been resolved in part by the Fifth Circuit and in full by this Court and the Parties themselves. The Court further finds that the Putative Intervenors who assert that they are impacted financially by the injunction have alternate avenues for seeking recompense. Those fora are the appropriate venues for resolving their individualized claims. And finally, the Court finds that the unusual circumstances of this case warrant denial of the Motions to Intervene as a contrary result would encourage other dilatory motions in cases of national import regarding federal agency action. In sum, the Court finds that the Motions are untimely, which means that the Putative Intervenors have failed to satisfy the first condition for intervention as of right under Rule 24(a). *See Saldano*, 363 F.3d at 551.

But the Motions have another defect. Namely, the Putative Intervenors have not satisfied the third condition for intervention as of right—that the disposition of this case may impair or impede the potential intervenor's ability to protect their interests. *Id.* Indeed, as the Government lays out, the Putative Intervenors may seek relief in other jurisdictions and nothing in this case would prevent them from doing so. *See* (Dkt. No. 184 at 17–20). Courts have denied intervention on this basis. *See, e.g.*, *Lowe v. Am. Accounts Mgmt., Inc.*, No. 7:08-CV-00137, 2009 WL 1360683, at *4 (N.D. Tex. May 15, 2009); *Stewart v. City of Houston*, No. 4:07-CV-04021, 2009 WL 783319, *1 (S.D. Tex. Mar. 24, 2009) (finding that disposition of the suit would not preclude the proposed intervenor from asserting their rights in a separate action).

The Motions, to the extent they are asserted under Rule 24(a), are both untimely and have failed to establish impairment or impediment of the Putative Intervenor's ability to protect their interests. Accordingly, the Motions, to the extent they are brought under Rule 24(a), are denied.

### B. PERMISSIVE INTERVENTION

The Putative Intervenors have also moved for permissive intervention under Rule 24(b). The Court denies the Motions for the same reasons as it denied the Rule 24(a) requests for intervention.

Timeliness, the first condition for permissive intervention under Rule 24(b), is analyzed under the same standard as Rule 24(a). *See, e.g.*, *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023); *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 976 (5th Cir. 2019). For the same reasons the Motions were untimely under Rule 24(a), they are untimely under Rule 24(b). The Court additionally finds that permitting intervention under Rule 24(b) would unduly delay the adjudication of the rights of the original parties in this case, as the Court laid out above.

Accordingly, the Court declines to allow permissive intervention in this case. As such, to the extent the Putative Intervenors move under Rule 24(b), the Motions are denied.[1]

---

[1] Plaintiffs argue that the Motion should also be denied because the Putative Intervenors did not comply with Federal Rule of Civil Procedure 24(c), which states that motions to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." (Dkt. No. 185 at 8) (quotation omitted). Courts are split on whether non-compliance with rule 24(c) is a sufficient ground to deny intervention motions. *Compare Liberty Surplus Co. v. Slick Willies of Am., Inc.*, No. 4:07-CV-00706, 2007 WL
(continue)

## IV. CONCLUSION

In light of the foregoing, the Court finds that intervention is not appropriate under either Rule 24 alternative. Therefore, the Court **DENIES** the Motions. (Dkt. Nos. 148, 149, 154, 167, 172).

It is SO ORDERED.

Signed on May 28, 2024.

                                             _/s/ Drew B. Tipton_
                                             **DREW B. TIPTON**
                                     **UNITED STATES DISTRICT JUDGE**

---

2330294, at *1–2 (S.D. Tex. Aug. 15, 2007) (declining to deny intervention on Rule 24(c) grounds) *with In re SBMC Healthcare, LLC*, 519 B.R. 172, 185 (S.D. Tex. 2014), *aff'd*, No. 4:16-CV-02947, 2017 WL 2062992 (S.D. Tex. May 11, 2017) (denying intervention on Rule 24(c) grounds). Because the Court has determined the Motions should be denied on other grounds, it need not address this issue.