United States District Court
Southern District of Texas
**ENTERED**
May 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and GEORGE P. BUSH, in his official Capacity as Commissioner of the Texas General Land Office, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 7:21-CV-00272 |
| THE STATE OF MISSOURI; and THE STATE OF TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR. in his official capacity as President of the United States of America; THE UNITED STATES OF AMERICA; ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of the United States Department of Homeland Security UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting | § § § § § § § § § § § § § § § § § § § | Civil Action No. 7:21-CV-00420 |

| | |
|---|---|
| **Commissioner of the United States Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION,** | § § § § |
| **United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as the Acting Commissioner of the United States Border Protection; and UNITED STATES CUSTOMS AND BORDER PROTECTION,** | § § § § § § § § § § |
| **Defendants.** | § |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Pending before the Court is the Parties' Joint Motion for Entry of Final Judgment. (Dkt. No. 150). After reviewing the Motion, the record, and the applicable law, the Court **GRANTS** the Motion.

For the reasons stated in this Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction in part, (Dkt. No. 128), the Court concludes that Plaintiffs have demonstrated success on the merits of their claims brought under the Administrative Procedure Act for violation of the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(1), 133 Stat. 2317, 2511 (2019), and the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 210, 134 Stat. 1182, 1456–57 (2020) (collectively "CAAs").[1] Accordingly, the Court concludes that entry of a permanent injunction is appropriate. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12,

---

1  (*See* Dkt. No. 34 at 44–46); (7:21-CV-00420, Dkt. No. 1 at 34–35).

107 S.Ct. 1396, 1404 n.12, 94 L.Ed.2d 542 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

Therefore, it is hereby **ORDERED**:

1. The Government and all its respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from implementing the July 2022 Amended Plan to the extent that its obligations are not authorized under Subsection 209(a)(1) and Section 210 as laid out in this Order.[2]

2. The Government is prohibited from obligating funds under Subsection 209(a)(1)—and corresponding funds under Section 210—toward mitigation and remediation efforts, repair of existing barrier, so-called system attribute installation at existing sites, or other similar purposes. Those types of expenses may be authorized under Subsections (a)(2) through (a)(5) where appropriate, however, Subsection (a)(1) permits only the construction of physical barriers, such as additional walls, fencing, buoys, etc.

---

[2]   The Court has considered the Parties' dispute as to whether vacatur of the Plan is appropriate as opposed to enjoining it. Typically, vacatur of an agency action is "[t]he default rule." *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022). But as the Fifth Circuit contemplated, "it may be the case that a more limited remedy is appropriate in [certain] circumstances," including "*injunctive*, declarative, or otherwise[.]" *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (emphasis added), *cert. granted*, 144 S. Ct. 374, 217 L.Ed.2d 202 (2023). This case is unique from most APA cases in that the challenged agency action is not a regulation, but rather an agency memorandum which outlines how the agency intends to allocate appropriations. And Plaintiffs concede that they are challenging only one aspect of the Plan. (Dkt. No. 147 at 8–9). As observed in *United States v. Texas*, vacatur of the enforcement guidelines at issue in that case would "do[] nothing to change the fact that federal officials possess the same underlying prosecutorial discretion." 599 U.S. 670, 691, 143 S.Ct. 1964, 1978, 216 L.Ed.2d 624 (2023) (Gorsuch, J., concurring). Similarly in this case, vacatur of the Plan would do nothing to change the fact that DHS could simply re-obligate the appropriations at issue, and the mere removal of the DHS Plan would do nothing to prevent DHS from making the same unlawful spending decisions if it so chose. In contrast, the permanent injunction provided in this Order provides more relief than vacatur. Not only so, but the Court's permanent injunction leaves intact the numerous obligations and policies within the Plan that Plaintiffs do not challenge. In sum, a permanent injunction is the appropriate remedy.

3. This Order shall not affect obligations that are permissible under other Subsections of the CAAs.

4. The terms of this Order are further clarified and defined by the Court's rulings during the motion hearing on March 28, 2024. (*See* Dkt. No. 147) (oral rulings set forth in transcript).

5. Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE.**

This is a **FINAL JUDGMENT**.

Signed on May 29, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**