# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI; THE STATE OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*<br><br>Defendants. | No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | No. 7:21-cv-00272 |

**PLAINTIFFS' OPPOSED MOTION TO ENFORCE PERMANENT INJUNCTION AND FOR A STATUS CONFERENCE**

Plaintiffs respectfully ask the Court to enforce its permanent injunction by holding a status conference with the parties to ascertain whether recently reported activities of Defendants are an attempt to evade the Court's May 29, 2024, Final Judgment and Permanent Injunction. Dkt. No. 208. Defendants have a history of trying to evade district court injunctions. Just this past summer, the Eighth Circuit was forced to issue a subsequent injunction when the Federal Government attempted to evade an injunction blocking illegal student loan cancellations. *Missouri v. Biden*, 112 F.4th 531 (8th Cir. 2024). There is serious concern Defendants are doing the same thing now.

## SUMMARY OF THE ARGUMENT

A status conference is a warranted enforcement mechanism to determine whether Defendants are circumventing this Court's Final Judgment and Permanent Injunction by selling off border wall materials that were purchased with funds that the Court has said may only be used for the "construction of physical barriers." Dkt. No. 208 at 2.

## STATEMENT OF FACTS

Videos obtained by *The Daily Wire* show flatbed trucks hauling massive, unused border wall panels—each weighing over 16,000 pounds—away from construction sites in Arizona to government auction yards.[1] The stated goal? Clear it all out "before Christmas." [2] As a U.S. Border Patrol agent on the ground confirmed, up to *half a mile per day* of critical wall sections are being ripped away and sold for pennies on the dollar.[3] Indeed, the Federal Government is apparently listing wall panel sections for sale at a starting bid of just $5.[4]

---

[1] *Exclusive: Biden Races to Sell Off Border Wall Parts Before Trump Takes Office*, Daily Wire (Dec. 12, 2024), https://www.dailywire.com/news/exclusive-biden-races-to-sell-off-border-wall-parts-before-trump-takes-office?topStoryPosition=1 (last visited Dec. 16, 2024).

[2] *Trump Asks Biden to Stop Selling Off Border Wall Materials*, USA Today (Dec. 16, 2024), https://www.usatoday.com/story/news/politics/elections/2024/12/16/trump-biden-border-wall-parts/77026990007/ (last visited Dec. 16, 2024)..

[3] *Exclusive: Biden Races*, *supra* n.1.

[4] *Id.*

The November election sent a "clear mandate" that the American people want a secure border.[5] Yet the Biden-Harris Administration appears to be—as Senator Ted Cruz remarked—"basically saying 'screw you' to the voters and to the Trump administration."[6] This last-minute fire sale of border wall materials has been called "blatant sabotage" designed to "prevent President Trump from securing our border."[7]

Even President Trump has publicly demanded an end to this activity, urging President Biden to "please stop selling the wall."[8]

As a first step, a status conference is necessary so that Defendants can explain to the Court and Plaintiffs why taxpayer monies, and the congressional appropriation adjudicated by the Court for specific purposes, are apparently being squandered for purposes unauthorized by Congress and in violation of the Court's permanent injunction. Additionally, Defendants can offer to the Court and Plaintiffs what justification—if any—exists for racing to dismantle critical border infrastructure, selling it off for pennies on the dollar, and effectively sabotaging the incoming administration's ability to secure the southwestern border.

## ARGUMENT

The Final Judgment and Permanent Injunction ordered that Defendants are "prohibited from obligating funds under Subsection 209(a)(1) [of the Consolidated Appropriations Act of 2020]—and corresponding funds under Section 210 [of the Consolidated Appropriations Act of 2021]" for anything other than the "construction of physical barriers, such as additional walls, fencing, buoys, etc." Dkt. No. 208 at 2.

---

[5] Rep. Eric Burlison (@RepEricBurlison), X (Dec. 12, 2024, 12:01 PM), https://x.com/RepEricBurlison/status/1867268635238056198.

[6] Senator Ted Cruz (@tedcruz), X (Dec. 15, 2024, 2:51 PM), https://x.com/tedcruz/status/1868398549702234287.

[7] Senator Eric Schmitt (@Eric_Schmitt), X (Dec. 13, 2024, 12:19 PM), https://x.com/Eric_Schmitt/status/1867635593309827310; *see also Letter from Eric Schmitt, U.S. Senator, to U.S. Dep't of Def.* (Dec. 13, 2024), https://www.schmitt.senate.gov/wp-content/uploads/2024/12/Senator-Eric-Schmitt-signed-Border-Wall-Materials-Final.pdf.

[8] *Trump Asks Biden, supra* n.8.

3

In email correspondence, counsel for Defendants has communicated to counsel for Plaintiffs that "[t]he remaining 40% was sold to GOVPLANET under a competitive sales contract process beginning in June 2024" so "[t]he material currently being sold through GOVPLANET online auctions no longer belongs to the U.S. Government." (see reproduced statement at Certificate of Conference). But this Court's permanent injunction was issued on May 29, 2024, before the beginning of any June 2024 process. Counsel for Defendants' statement says that the Department of Defense has been "disposing" of border wall materials and "has not used [and will not use] the DHS's FY20 and FY21 barrier system funds [under the Consolidated Appropriations Acts] subject to the Court's injunction." But the concern is not that Defendants are using those funds for disposing of the border wall material—instead, if the reported activities involve the sale of border wall materials purchased with funds from these provisions of the Consolidated Appropriations Acts (something the statement of Defendants' counsel does not address), then those materials would not actually be part of any "construction of physical barriers," in violation of the Final Judgment and Permanent Injunction. *Cf. Missouri*, 112 F.4th at 535, 538 ("The Government's hybrid plan was created after and in response to the district court's preliminary injunction and has effectively rendered that injunction a nullity" by allowing the Government to forgive student loans through a multi-step process, justifying further injunctive relief to prevent the Government from "circumvent[ing] the district court's injunction"). If border wall materials funded by DHS's Consolidated Appropriations Act barrier system funds were sold to third parties, it is as if DHS took the congressional appropriation and gave the funds to a third party—contrary to this Court's command that those funds be used solely for the "construction of physical barriers." Dkt. No. 208 at 2.

Also, Counsel for Defendants' statement says that U.S. Customs and Border Protection (CBP) has communicated that that agency has not disposed of any steel bollards since the injunction was entered (see Certificate of Conference). But it makes no mention of the other agencies subject to this Court's Permanent Injunction—and even if the Department of Defense is the agency doing the selling of the border wall materials, both the United States and the

4

Commander-in-Chief are also Defendants in this case, and the Permanent Injunction applies to "[t]he Government and all its respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them." Dkt. No. 208 at 2. If the Department of Defense is disposing of border wall materials originally bought with funds from these provisions of the Consolidated Appropriations Acts by DHS, Defendants have circumvented the injunction.

Because the Court has inherent power to "protect the sanctity of its decrees and the legal process," *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005), including through civil contempt, *Shillitani v. United States*, 384 U.S. 364, 370 (1966), it necessarily has the power to hold a status conference to assist it in determining whether Defendants are evading the Final Judgment and Permanent Injunction.

## CONCLUSION

Plaintiffs respectfully request that, considering the facts and circumstances presented, the Court enforce its permanent injunction by—as a first step—ordering a status conference at its earliest convenience. Plaintiffs also respectfully request that Defendants be prepared to provide at the status conference, *inter alia*, the origin, manufacture date, original funding source, and other identifying information regarding each section of border wall, and other items being remitted for auction.

Date: December 17, 2024

ANDREW BAILEY
Attorney General of Missouri

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE, #69875MO
Solicitor General
*Attorney-in-Charge*
Southern Dist. of Texas Bar No. 3833606

SAMUEL FREEDLUND, #73707MO*
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building 207
West High Street
P.O. Box 899
Jefferson City, Missouri 65102 Tel.
(573) 751-1800
Fax (573) 751-0774
josh.divine@ago.mo.gov
samuel.freedlund@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

*Admitted *pro hac vice*

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

/s/ *Ryan D. Walters*
RYAN D. WALTERS
*Attorney-in-Charge*
Chief, Special Litigation Division
Texas Bar No. 24105085
Southern Dist. of Texas Bar No. 3369185

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
ryan.walters@oag.texas.gov

*Counsel for Plaintiff State of Texas*

/s/ *Austin R. Nimocks*
AUSTIN R. NIMOCKS
*Attorney-in-Charge*

Texas Bar No. 24002695
S.D. Tex. Bar No. 2972032
austin@pntlawfirm.com

CHRISTOPHER L. PEELE
Of Counsel
Texas Bar No. 24013308
S.D. Tex. Bar No. 31519
chris@pntlawfirm.com

PNT LAW FIRM
206 Wild Basin Rd. S.
Bldg. A, Ste. 206
Austin, TX 78746
Phone: (512) 522-4893

*Counsel for Plaintiffs Texas General Land Office and Commissioner Dawn Buckingham, M.D.*

**CERTIFICATE OF CONFERENCE**

I certify that on December 16, 2024, I conferred with counsel for Defendants, Andrew Warden, by telephone regarding the relief sought in this Motion. Counsel for Defendants stated that they oppose this Motion.

In addition, Counsel for Defendants requested via email on December 17, 2024, that Plaintiffs include the following statement in this Certificate:

I'm writing to follow up on our phone call last night about Plaintiffs' intent to file a motion for a status conference with Judge Tipton about Defendants' compliance with the injunction based on news reports that the Department of Defense is disposing of excess steel border barrier bollards. There is no factual or legal basis for your motion. None of the enjoined DHS FY20 or FY21 funds have been used to dispose of DoD's excess property.

Since enactment of the FY2024 National Defense Authorization Act in December 2023, DoD has been in the process of disposing of excess border wall construction materials in accordance with Section 2890 of that statute. This disposal process of DoD property implementing Section 2890 has not used or will use the DHS's FY20 and FY21 barrier system funds subject to the Court's injunction. Through DoD's reutilization, transfer, and donation process, nearly 60% of the border wall materials were transferred to authorized recipients, including U.S. Customs and Border Protection and the states of Texas and California. The remaining 40% was sold to GOVPLANET under a competitive sales contract process beginning in June 2024. The material currently being sold through GOVPLANET online auctions no longer belongs to the U.S. Government.

CBP has separately advised that, since the Court's injunction, the agency has not disposed of any steel bollards, nor has CBP spent any of the enjoined FY20 or FY21 barrier system appropriations on disposal of steel bollards.

Please let me know whether Plaintiffs still intend to file a motion. If so, please confirm that you will include this response as part of the conferral statement required by Judge Tipton's court procedures.

/s/ *Ryan D. Walters*
Counsel for Plaintiff State of Texas

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 1,175 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Ryan D. Walters*
Counsel for Plaintiff State of Texas

## CERTIFICATE OF SERVICE

I certify that on December 17, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Ryan D. Walters*
Counsel for Plaintiff State of Texas
