IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, et al., Plaintiffs,<br>    *v.*<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, Defendants<br><br>*and*<br><br>SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., SOUTHERN BORDER CONSTRUCTORS, and TEXAS STERLING CONSTRUCTION CO.,<br>Defendants-Intervenors | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS, Plaintiffs,<br>    *v.*<br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.*,* Defendants<br><br>*and*<br><br>SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC.*,* et al., Defendants-Intervenors | Civil Action No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |

**PARTIES' POST-INTERVENTION JOINT STATUS REPORT**

As directed by this Court's Order dated July 7, 2025, the Parties[1] respectfully submit the following joint status report indicating their positions as to how best to proceed following the admission of intervenor defendants.

## I. Relevant Background

Plaintiff, the General Land Office ("GLO") of Texas, first sued Defendants, the Department of Homeland Security and others, on July 13, 2021, to enjoin then-President Joseph Biden's Proclamation and related guidance regarding the federal government's border wall policy.

On March 8, 2024, this Court issued a preliminary injunction ("PI") enjoining the federal government from spending DHS fiscal year 2020 and 2021 funds allocated under the Appropriations Act Subsection 209(a)(1) for "mitigation and remediation efforts, repair of existing barrier... or other similar purposes." ECF No. 147 (Transcript of motion hearing on March 28, 2024, clarifying injunction).

The federal government interpreted the injunction to preclude, among other things, using DHS FY 20 and 21 funds to pay the federal agencies' labor costs necessary to "to administer the subject contract[s]"; to process the contractor's claims; and that it could not pay for certain work. It sent letters to border wall contractors including Southern Border Constructors, Randy Kinder Excavating, Inc., and Texas Sterling Construction, Co. (together, "Border Wall Contractors" or "BWCs") indicating the PI's impairment of their interests.

The federal government sent a separate letter to the Sierra Club and Southern Border Communities Coalition (together, "SCDI") stating that, because of the PI, the federal government no longer had available funds to satisfy some provisions of a settlement agreement previously executed to resolve litigation in a different federal court.

On April 6, 2024, after the original parties had conferred and federal defendants decided not to appeal the preliminary injunction, the Fifth Circuit returned the mandate to the district court and, on April 10, the original parties asked this Court to enter final judgment and a permanent injunction. Meanwhile, before the parties moved for this Court to enter final judgment, on April 8, 2024 and April 9, 2024, Southern Border Constructors and Randy Kinder Excavating, Inc., respectively, moved to intervene. Texas Sterling and SCDI subsequently moved to intervene on April 15, 2024 and April 19, 2024, respectively.

On May 29, 2024, this Court denied the intervention motions and then entered final judgment and a permanent injunction.

---

[1] Because several original defendants have "cease[d] to hold office while the action is pending," their successors are automatically substituted as [] part[ies]" and "[l]ater proceedings should be in the substituted party's name[.]" Fed. R. Civ. Pro. 25(d).

BWCs and SCDI appealed the denial of intervention. The Fifth Circuit reversed on May 15, 2025 (No. 24-40447), directing that the BWCs and SCDI be admitted as parties.

The mandate returned to this Court on July 7, 2025, and this Court ordered the parties to submit a joint status report on how they would like to proceed in this case. The parties respectfully submit as follows.

## II. Parties' Positions

### A. SCDI

SCDI maintains that the judgment and injunction should be vacated. Because of significant changed circumstances, including the new presidential administration, the explicit rescission of the challenged Proclamation, reversals related to the prior administration's border wall policy, and the recent award of substantial additional funds for border wall construction, SCDI argues that this case is moot and prospective injunctive relief is neither appropriate nor equitable.

### B. BWC

#### 1. RKE and SBC

Randy Kinder Excavating, Inc. ("RKE") and Southern Border Constructors ("SBC"), like SCDI, agree that vacatur of the final judgment and permanent injunction is an appropriate vehicle for resolving this matter. Alternatively, RKE and SBC would request that the permanent injunction be modified to clarify that the funds affected by the injunction may appropriately be used to (1) process the Termination Settlement Proposals related to their border-wall contracts; and (2) pay them for their border-wall construction (and necessary work, costs, and expenses related thereto) under those contracts. RKE and SBC believe that the appropriations statutes at issue in this case can and should be interpreted to allow for payment for their work—border wall construction work. Given the federal government's interpretation of the injunction (at times) to preclude administration of their contracts and settlements, they must maintain their position that these specific funds are available under the challenged appropriation statutes until such time as their proposals are processed and the settlements paid to them.

#### 2. Texas Sterling Construction, Co.

Texas Sterling Construction, Co. ("TSC") agrees with SCDI, RKE, and SBC that the judgment and injunction should be vacated because of the significant changed circumstances identified by SCDI. In the alternative, TSC seeks clarification and/or modification of the permanent injunction to allow the enjoined funds to be used for processing and payment of TSC's termination settlement proposal in order to compensate TSC for labor and materials used to complete border-wall construction prior to Custom & Border Protection's termination for convenience of TSC's contract, as well as TSC's settlement expenses following the termination.

C. PLAINTIFFS

Plaintiffs do not agree that the judgment and injunction should be vacated and do not consent to either proposal. Moreover, Plaintiffs do not agree that the case is moot and that prospective injunctive relief is neither appropriate nor equitable. Intervenors have now intervened in this matter post-judgment. If they seek relief from the Court, they may apply accordingly. And if intervenors request the Court to modify the injunction, Plaintiffs will oppose such request.

D. FEDERAL DEFENDANTS

The Department of Homeland Security and other federal defendants are diligently pursuing construction of a border barrier. This represents a substantial change in posture from the previous Administration's approach and the facts under which this case was litigated. The federal defendants respectfully reserve their position on the intervenor's anticipated motion to vacate the injunction pending review of any such motion.

## III. Conclusion

The Parties will make motions necessary for this Court's consideration of the positions stated herein.

Respectfully submitted,

By: /s/*David A. Donatti*
David A. Donatti (Bar No. 24097612)
Adriana C. Piñon (Bar No. 24089768)
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
ddonatti@aclutx.org
apinon@aclutx.org

Cecillia D. Wang*
My Khanh Ngo*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Gloria D. Smith**
SIERRA CLUB ENVIRONMENTAL
LAW PROGRAM
2102 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5532
gloria.smith@sierraclub.org

Ricardo A. Garza***
Texas State Bar No. 24109912
SDTX Bar No. 3336127
Southern Border Communities Coalition
Alliance San Diego
P.O. Box 2436
McAllen, TX 78502
(956) 605-5917; ricky@alliancesd.org

Telephone: (415) 343-0775
cwang@aclu.org
mngo@aclu.org

*Counsel for Intervenors*

\*Admitted *pro hac vice*
\*\*Attorney for Proposed Defendant-Intervenor Sierra Club only
\*\*\*Attorney for Proposed Defendant-Intervenor Southern Border Communities Coalition only

| | |
|---|---|
| Andrew Bailey<br>Attorney General of Missouri | Ken Paxton<br>Attorney General of Texas |
| /s/ *Joshua M. Divine*<br>Joshua M. Divine, #69875MO<br>Solicitor General<br>*Attorney-in-Charge*<br>Southern Dist. of Texas Bar No. 3833606 | Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy First Assistant Attorney General |
| Samuel Freedlund, #73707MO*<br>Deputy Solicitor General | Austin Kinghorn<br>Deputy Attorney General for Legal Strategy |
| Office of the Attorney General<br>Supreme Court Building 207 West High Street<br>P.O. Box 899<br>Jefferson City, Missouri 65102 Tel. (573) 751-1800<br>Fax (573) 751-0774<br>josh.divine@ago.mo.gov<br>samuel.freedlund@ago.mo.gov | /s/ *Ryan G. Kercher*<br>Ryan G. Kercher<br>*Attorney-in-Charge*<br>Deputy Chief, Special Litigation Division<br>Texas Bar No. 24123966<br>Southern Dist. of Texas Bar No. 882329<br><br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>ryan.kercher@oag.texas.gov |
| *Counsel for Plaintiff State of Missouri*<br><br>\*Admitted *pro hac vice* | *Counsel for Texas* |

s/ *Austin R. Nimocks*  
Austin R. Nimocks  
*Attorney-in-Charge*

Texas Bar No. 24002695  
S.D. Tex. Bar No. 2972032  
austin@pntlawfirm.com

Christopher L. Peele  
Of Counsel  
Texas Bar No. 24013308  
S.D. Tex. Bar No. 31519  
chris@pntlawfirm.com

PNT Law Firm  
206 Wild Basin Rd. S.  
Bldg. A, Ste. 206  
Austin, TX 78746  
Phone: (512) 522-4893

*Counsel for Plaintiffs*  
*Texas General Land Office and*  
*Commissioner Dawn Buckingham, M.D.*

BRETT SHUMATE  
Assistant Attorney General

ANDREW I. WARDEN  
Assistant Branch Director

*/s/ Samuel Bean*  
SAMUEL BEAN  
Trial Attorney  
United States Department of Justice  
Civil Division, Federal Programs Branch  
1100 L St NW  
Washington, DC 20005  
Tel: 202-455-9619  
Samuel.B.Bean2@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed a copy of the foregoing motion. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *David Donatti*
David Donatti