# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office, Plaintiffs, *v.* UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, Defendants *and* SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., *et al.*, Defendants-Intervenors | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS, Plaintiffs, *v.* DONALD J. TRUMP, in his official capacity as President of the United States, *et al.,* Defendants. *and* SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., *et al.*, Defendants Intervenors | Civil Action No. 7:21-cv-00420 (formerly No. 6:21-cv-00052) |

## SIERRA CLUB INTERVENOR–DEFENDANTS' RESPONSE TO GLO NOTICE

SCDI files a brief response to Plaintiffs' "Notice," Dkt. No. 271. This response is submitted to correct two mischaracterizations regarding SCDI's Motion to Enforce that was filed in two related cases in the Northern District of California. *Sierra Club v. Biden*, No. 4:19-cv-892 (N.D. Cal.), Dkt. No. 376, 4:20-cv-1494 (N.D. Cal.) (hereinafter "Motion to Enforce").

First, Plaintiffs assert that "the FY 2020 and FY 2021 barrier system appropriations are not the 'exclusive funding source' of the Settlement Agreement." ECF No. 271, at 2. As detailed in the Motion to Enforce, "[w]hile many of the Settlement Agreement's terms requiring Defendants to spend money do not specify a funding source, some provisions specify funding 'exclusively from DHS's fiscal year 2020 or 2021 barrier system appropriations.'" Motion to Enforce at 4. Further, although there are settlement agreement projects that are agnostic as to where available funding must come from, Plaintiffs omit that SCDI has repeatedly asked about and Defendants have not identified alternative funding sources. *See*, *e.g.*, *id.* at 7 (quoting Defendants saying "there is no other funding that is legally available for the Phase 2 remediation and Phase 3 mitigation projects"); *id.* at 8 n.2 (noting that recent appropriations are "the first allocation for barrier systems since the FY20 and FY21 funds," but that, when asked, the Defendants stated they have not determined whether recent appropriations would be available for settlement agreement projects). This Court's injunction remains the only stated obstacle to the Defendants' performance under the settlement agreement. Motion to Enforce at 8.

The Plaintiffs also assert that SCDI is urging the N.D. Cal. "to circumvent this Court's injunction." Dkt. No. 271, at 2. SCDI has done no such thing. SCDI has urged the N.D. Cal., which retains jurisdiction over the settlement agreement, to order temporary, protective remedies intended to preserve the viability of the settlement agreement if SCDI prevails. Motion to Enforce at 9. SCDI does not ask for any relief relating to this Court's injunction and expressly does not ask

that court to "dictat[e] project-by-project outcomes," or "how funds will be spent." *Id.* at 13. Far from circumventing this Court, SCDI informed N.D. Cal. that it successfully moved to intervene in this Court and has pending motions here to vacate or modify the injunction. SCDI's motion in N.D. Cal. seeks temporary, preservative measures to ensure that meaningful relief remains possible in that forum after the FY 2021 funds are set to expire on September 30, 2025.

Specifically, SCDI asks N.D. Cal. to order "an accounting of unobligated FY 2021 barrier system balances and a list of Settlement-related mitigation items with estimated obligation amounts," require notice before obligating or otherwise making unavailable more than $50 million of FY 2021 barrier system funds without 7 business days' notice, preserve at least $50 million of those funds beyond September 30, 2025, and refer the case to a mediating magistrate judge for further negotiations. These preservative measures are intended "to mitigate the urgency caused by the United States' litigation and spending decisions and the expiration of the FY21 funds, and respect comity with a sister federal court." Motion to Enforce at 9. Any suggestion that SCDI is seeking to circumvent this Court's injunction is untrue. SCDI will update this Court as to any additional proceedings or relief ordered or denied in the Northern District of California related to the FY 2021 barrier system appropriations.

Respectfully submitted,

By:   /s/*David A. Donatti*
David A. Donatti (Bar No. 24097612)
Adriana C. Piñon (Bar No. 24089768)
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
ddonatti@aclutx.org
apinon@aclutx.org

Gloria D. Smith**
SIERRA CLUB ENVIRONMENTAL
LAW PROGRAM
2102 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5532
gloria.smith@sierraclub.org

Ricardo A. Garza***
Texas State Bar No. 24109912

Cecillia D. Wang*
My Khanh Ngo*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Telephone: (415) 343-0775
cwang@aclu.org
mngo@aclu.org

SDTX Bar No. 3336127
Southern Border Communities Coalition
Alliance San Diego
P.O. Box 2436
McAllen, TX 78502
(956) 605-5917; ricky@alliancesd.org

*Counsel for Intervenors*

*Admitted *pro hac vice*
**Attorney for Proposed Defendant-
Intervenor Sierra Club only
***Attorney for Proposed Defendant-
Intervenor Southern Border Communities
Coalition only

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed a copy of the foregoing document. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.


/s/ *David Donatti*
David Donatti