IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, et al., Plaintiffs,<br>    v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, Defendants<br><br>and<br><br>SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., SOUTHERN BORDER CONSTRUCTORS, and TEXAS STERLING CONSTRUCTION CO., Defendants-Intervenors | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS, Plaintiffs,<br>    v.<br>DONALD J. TRUMP, in his official capacity as President of the United States, et al., Defendants<br><br>and<br><br>SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., et al., Defendants-Intervenors | Civil Action No. 7:21-cv-00420<br>(formerly No. 6:21-cv-00052) |

**Sierra Club Intervenors' Opposition to Defendant's Motion for a Stay**

Although the Court has granted the United States' Motion for A Stay for Duration of Federal Government Funding Lapse, ECF No. 278, SCDI respectfully submits this response to preserve its opposition and to urge the Court to set a deadline for the parties to file its previously ordered joint status report.

**I.     The Court Retains Authority to Manage Proceedings During the Funding Lapse.**

The United States seeks an indefinite stay of all proceedings for the duration of the government shutdown. They say that "[a]bsent an appropriation, Department of Justice attorneys and employees are prohibited from working, even on a voluntary basis, except in very limited circumstances." ECF No. 278 at 2. However, the Department of Justice's own contingency guidance makes clear that the government remains obligated to comply with court orders during a lapse in appropriations. U.S. Dep't of Justice, FY 2026 Contingency Plan 3 (2025), https://www.justice.gov/jmd/media/1377216/dl (court orders "constitute express legal authorization for the activity to continue").

Courts across the country have continued litigation notwithstanding the lapse in appropriations. The Southern District of Texas remains open "to fulfill its constitutional responsibilities" and "[m]ost proceedings and deadlines will occur as scheduled," even those cases involving the executive branch. *Judiciary to Remain Open if Government Shuts Down*, U.S. Dist. & Bankruptcy Court, S. D. Tex., http://txs.uscourts.gov/content/judiciary-remain-open-if-government-shuts-down. Indeed, SCDI's separate litigation involving the defendants in the Northern District of California is proceeding, and the parties are required to submit a joint case management statement on October 28, 2025. ECF No. 391, 4:19-cv-892 (N.D. Cal. Oct. 1, 2025).

**II.    The Lapse Does Not Justify an Indefinite Pause.**

Federal Rule of Civil Procedure 6(b) authorizes the Court to extend deadlines for good cause, but the defendants have shown none.

The Court ordered the parties to submit a joint status report two weeks prior to the funding lapse. On September 15, the Court ordered a report "(1) identifying the Court's jurisdiction and the standing for all Parties, claims and relief, and (2) clarifying each Party's position as to how to proceed with [] proposing a briefing schedule if appropriate." ECF No. 274.

The defendants do not state why they were unprepared to answer these questions before September 30, 2025, the date that funding lapsed. Nor do they state why it would cause them harm to state a position on these questions now. The defendants have never stated claims for relief and previously did not oppose vacatur on the basis that the circumstances justifying an injunction had changed substantially. ECF No. 267 (Aug. 15, 2025). Only the plaintiffs have stated claims. ECF No. 254. The plaintiffs are not affected in the same way by the lapse in appropriations and should be heard on their position regarding whether this matter should proceed or be dismissed.

The Defendants' motion for a stay, while they remain constrained by a preliminary injunction and at the precise moment when the parties have been ordered to propose a structure for moving forward, emphasizes that there is no longer any adversity between the original parties to this litigation. In contrast, SCDI is harmed by the injunction, which imperils not only SCDI's ability to obtain relief in unrelated proceedings but also prohibits efforts to mitigate and remediate environmental damage connected with ongoing border barrier system construction using FY 21 funds.

Barrier system construction continues notwithstanding the shutdown. The United States has not only awarded hundreds of millions of dollars in FY 21 funds and several billion dollars in OBBBA dollars to barrier system contracts but has also waived dozens of environmental and resource protection laws, as well as procurement laws, in furtherance of expeditious construction. The injunction means not only that the federal government need not consider environmental stewardship as it erects barriers and walls across Texas and the Southwest, but also that it is prohibited from doing so as it spends FY21 funds. The United States previously agreed that such efforts were "needed to address life and safety, including the protection of the public, Border Patrol agents, and nearby communities from potential harms, and avert further environmental damage or degradation." ECF No. 372-1, at 5, 4:19-cv-892 (N.D. Cal.). SCDI continues to believe in these

words. If any party maintains that it has standing to bring claims for relief, then the parties should propose a briefing schedule to resolve outstanding issues expeditiously.

### III. Conclusion

For the foregoing reasons, SCDI respectfully requests that the Court vacate its stay and order the parties to submit a joint status report and, if necessary, a proposed briefing schedule.

Respectfully submitted,

By: _/s/David A. Donatti_
David A. Donatti (Bar No. 24097612)
Adriana C. Piñon (Bar No. 24089768)
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
ddonatti@aclutx.org
apinon@aclutx.org

Cecillia D. Wang*
My Khanh Ngo*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Telephone: (415) 343-0775
cwang@aclu.org
mngo@aclu.org

Gloria D. Smith**
SIERRA CLUB ENVIRONMENTAL
LAW PROGRAM
2102 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5532
gloria.smith@sierraclub.org

Ricardo A. Garza***
Texas State Bar No. 24109912
SDTX Bar No. 3336127
Southern Border Communities Coalition
Alliance San Diego
P.O. Box 2436
McAllen, TX 78502
(956) 605-5917; ricky@alliancesd.org

*Counsel for Intervenors*

*Admitted *pro hac vice*
**Attorney for Proposed Defendant-Intervenor Sierra Club only
***Attorney for Proposed Defendant-Intervenor Southern Border Communities Coalition only

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2025, I filed the foregoing document via this Court's CM/ECF, which will deliver electronic copies to all counsel of record.

/s/ *David Donatti*

David Donatti