**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., in her official capacity as Commissioner of the Texas General Land Office, Plaintiffs, <br> *v.* <br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, Defendants <br><br> *and* <br><br> SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., *et al.*, Defendants-Intervenors | Civil Action No. 7:21-cv-00272 |
| THE STATE OF MISSOURI; THE STATE OF TEXAS, Plaintiffs, <br> *v.* <br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.,* Defendants. <br><br> *and* <br><br> SIERRA CLUB, SOUTHERN BORDER COMMUNITIES COALITION, RANDY KINDER EXCAVATING, INC., *et al.*, Defendants Intervenors | Civil Action No. 7:21-cv-00420 (formerly No. 6:21-cv-00052) |

**SCDI'S MOTION TO DISMISS FOR MOOTNESS**

This Court has ordered the parties to address the mootness of these matters. This briefing

"shall be limited to the issue of mootness based on Plaintiffs' operative pleadings and the existing

record." ECF 286 at 2. Sierra Club Defendants Intervenors ("SCDI") respectfully submit as follows.

## I.    Introduction

This consolidated action challenges Proclamation No. 10142, the subsequent Department of Homeland Security ("DHS") implementation plan, and the alleged failure to obligate DHS's fiscal year ("FY") 2020 and 2021 barrier system appropriations toward border wall construction. *See* Am. Compl. ¶¶ 2-5, *Tex. Gen. Land Off. V. Biden*, No. 7:21-cv-00076 (S.D. Tex. Dec. 22, 2021), ECF 34 ("GLO Compl."); Compl. ¶¶ 6-14, *Missouri v. Biden*, 6:21-cv-00047 (S.D. Tex. Oct. 25, 2021), in the docket as ECF 20-1 ("Missouri Compl."). Plaintiffs sought declaratory relief, vacatur, and injunctions compelling the obligation of those appropriated funds. They did not seek damages or retrospective relief.

This case is moot on two independent grounds.

First, President Donald J. Trump revoked Proclamation No. 10142 on his first day in office. Proclamation No. 10886 § 5, 90 Fed. Reg. 8327 (Jan. 20, 2025). With it went the only policy Plaintiffs asked this Court to enjoin. No injunction this Court could issue would have any operative effect on a proclamation that has ceased to exist.

Second, the appropriations that Plaintiffs sought to have obligated have lapsed. According to Defendants, the FY 2020 and FY 2021 barrier funds are no longer available for new obligations and will be returned to the Treasury or applied only to existing contract adjustments. Enriquez Decl., ECF 287-1, ¶¶ 13-15. If these funds may no longer be obligated, no effectual relief remains available.

Because the challenged Proclamation has been rescinded and the appropriations authority at issue has expired, Article III jurisdiction no longer exists.

## II.      Legal Standard

Article III limits the judicial power of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) A case becomes moot when the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Redressability is an indispensable element of Article III standing. *California v. Texas*, 593 U.S. 659, 671 (2021). Where a plaintiff seeks only prospective relief, as Plaintiffs do here, a case becomes moot when changed circumstances make it impossible for the court to grant relief that would redress the alleged injury. *Lewis* 494 U.S. at 477–78; *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015). The Declaratory Judgment Act does not independently confer jurisdiction where no live controversy remains. *California*, 593 U.S. at 672.

Where the challenged executive action has been rescinded, there is generally no longer a live controversy warranting relief. *See Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 414–15 (1972); *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023); *Spell v. Edwards*, 962 F.3d 175, 179–80 (5th Cir. 2020). Rescission of a challenged policy moots claims for prospective relief even where the rescinding party retains the theoretical ability to reinstate the policy. *U.S. Navy Seals 1-26*, 72 F.4th at 674. Courts "adhere to the presumption that formally announced changes to official governmental policy are not mere litigation posturing." *Id.* at 675. This presumption applies with force where, as here, the challenged policy was rescinded by a new administration acting on its own initiative, for reasons entirely unrelated to this litigation. *Spell*, 962 F.3d at 179-80.

## III.      The Court Lacks Article III Jurisdiction

**A. The Challenged Executive Actions Have Been Rescinded**

Both operative complaints are directed at Proclamation No. 10142 as their central target. See Am. Compl. ¶¶ 2–4; Missouri Compl. ¶¶ 6–14. Every claim for relief in both complaints is premised on that Proclamation's continued existence and effect. That premise no longer holds.

Proclamation No. 10142 was formally revoked on January 20, 2025. Proclamation No. 10886 § 5, 90 Fed. Reg. 8327. When a challenged law or policy is rescinded, claims for prospective relief are moot. *See Diffenderfer*, 404 U.S. at 414–15; *Spell*, 962 F.3d at 179–80. There is no longer any policy for this Court to enjoin, any agency action to vacate, or any declaration that would have operative legal effect. The Court's jurisdiction over Plaintiffs' claims, therefore, dissolved with the Proclamation itself.

Nor do any practical effects of Proclamation 10142 linger that might independently sustain jurisdiction. Courts look not only to formal rescission but also to whether any operative aspect of the challenged policy remains in effect. *U.S. Navy SEALs 1-26*, 72 F. 4th at 672. Here, none does. The DHS implementation plan challenged alongside the Proclamation was premised entirely on that Proclamation's directives and cannot survive its revocation.

Finally, there is no basis for applying the voluntary cessation exception to mootness. That doctrine applies where a defendant abandons challenged conduct specifically to moot litigation, intending to resume it once the case is dismissed. *See Already, LLC*, 568 U.S. at 91. It has no application here. Proclamation 10142 was revoked by a new administration acting pursuant to its own policy priorities, not in response to this litigation. Courts presume that "formally announced changes to official governmental policy are not mere litigation posturing," *U.S. Navy SEALs 1-26*, 72 F.4th at 675, and nothing in the record rebuts that presumption. The ability of some future

administration to theoretically reinstate a similar policy is insufficient to preserve jurisdiction. *Id*. at 674.

### B.  The FY2020 and FY2021 Appropriations Have Lapsed

Plaintiffs' claims independently fail because the appropriations they sought to have obligated no longer exist. Both complaints sought to compel the federal defendants to obligate FY2020 and FY2021 barrier system funds toward border wall construction. GLO Compl. Prayer for Relief 48-50; Missouri Compl. Prayer for Relief 35-36.

The FY2020 funds expired for new obligations on September 30, 2024, and the FY2021 funds expired for new obligations on September 30, 2025. *See* Suppl. Decl. of Enriquez ¶¶ 12-15. Defendants attest that any remaining balances cannot be obligated for new purposes and will either be applied to change management or upward-in-scope adjustments on existing contracts or returned to the Treasury. *Id.* A court order compelling obligation of these funds toward any new purpose would, therefore, not be possible.

Redressability requires that a favorable court order would remedy the Plaintiffs' alleged injury. *California v. Texas*, 593 U.S. at 671. Plaintiffs identified their injuries as flowing from Defendants' failure to use these specific appropriations to construct border barriers and sought relief requiring that they be so used. Because no court order can now accomplish that result, the claimed injuries cannot be redressed, and jurisdiction is extinguished. *Lewis*, 494 U.S. at 477-78.

The continued disbursement of funds under previously obligated contracts does not preserve jurisdiction. Both complaints challenge the overarching policy against obligating funds for barrier construction, not the administration of specific existing contracts. Pls.' Opp. to Clarification ECF 138 at 16; *GLO v. Biden*, No. 22-20526 at 12 (5th Cir. June 16, 2023) ("[Plaintiffs] do not challenge DHS's decision to terminate particular construction contracts.

5

They instead argue DHS's decision not to construct any new border wall is unlawful."). Whatever disposition remains for previously obligated funds is therefore entirely outside the scope of these complaints and cannot sustain jurisdiction over claims that have otherwise lapsed.

### IV.     Conclusion

Both grounds for mootness are independently sufficient to divest this Court of Article III jurisdiction. The Proclamation that Plaintiffs challenged no longer exists, and the appropriations they sought to have obligated can no longer be directed to any new purpose. No effective relief remains available, and no live controversy persists. Dismissal is required.

Should the Court nonetheless conclude that any claim survives, Sierra Club Defendant-Intervenors respectfully preserve all jurisdictional, merits, and procedural rights and defenses for any subsequent proceedings. ECF 286 at 2. SCDI notes that any renewed adjudication on surviving claims would require development of a current record, as the Court's prior permanent injunction was vacated on remand and the case returned to its pre-judgment posture. ECF 274; *cf. Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981). SCDI takes no position at this time on what that record might show or what relief, if any, would be appropriate.

Respectfully submitted March 9, 2026,

/s/ *David A. Donatti*
David A. Donatti
TX Bar No. 24097612
SDTX Bar No. 3371067
Adriana C. Piñon
TX Bar No. 24089768
SDTX Bar No. 1829959
AMERICAN CIVIL LIBERTIES
UNION OF TEXAS
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-8146
ddonatti@aclutx.org
apinon@aclutx.org

Gloria D. Smith**
SIERRA CLUB ENVIRONMENTAL
LAW PROGRAM
2102 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5532
gloria.smith@sierraclub.org

Ricardo A. Garza***
Texas State Bar No. 24109912
SDTX Bar No. 3336127
Southern Border Communities Coalition
Alliance San Diego

6

Cecillia D. Wang*
My Khanh Ngo*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775
cwang@aclu.org
mngo@aclu.org
*Counsel for Intervenors*

P.O. Box 2436
McAllen, TX 78502
Telephone: (956) 605-5917
ricky@alliancesd.org

*Admitted *pro hac vice*
**Attorney for Proposed Defendant-
Intervenor Sierra Club only
***Attorney for Proposed Defendant-
Intervenor Southern Border Communities
Coalition only

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, I electronically filed a copy of the foregoing document. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *David A. Donatti*</u>
David A. Donatti