IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., *in her official capacity as Commissioner of the Texas General Land Office*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, *in her official capacity as Secretary of the United States Department. of Homeland Security*,<br><br>    Defendants,<br><br>and<br><br>TEXAS STERLING CONSTRUCTION CO., et al.<br><br>    Intervenor-Defendants. | Civil Action No.: 7:21-CV-00272 |
| STATE OF MISSOURI; STATE OF TEXAS,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States of America*; et al.,<br><br>    Defendants,<br><br>and<br><br>TEXAS STERLING CONSTRUCTION CO., et al.<br><br>    Intervenor-Defendants. | Civil Action No. 7:21-CV-00420 |

1

## INTERVENOR TEXAS STERLING CONSTRUCTION CO.'S
## MOTION TO DISMISS

This litigation involves Plaintiffs challenge of the Department of Homeland Security, Customs & Border Protection's ("DHS") obligation of Fiscal Year 2020 ("FY20") and Fiscal Year 2021 ("FY21") appropriations. Because all challenged appropriations have lapsed as of September 30, 2025, this litigation is now moot. Therefore, Texas Sterling Construction Co. ("TSC" or "Texas Sterling") requests the Court dismiss this case for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

**A. Challenged Appropriations**

Congress appropriated funds to be used for the "construction of [a] barrier system along the southwestern border" through FY20 and FY21 appropriation bills. Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, §209(a)(1), 133 Stat. 2317, 2511 (2019); Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, §210, 134 Stat. 1182, 1456-57 (2020) (collectively, "the Appropriations").

In January of 2021, former-President Joseph R. Biden took office, and through proclamation, declared his policy that "no more American taxpayer dollars be diverted to construct a border wall" (the "Proclamation"). *See* EXEC. OFFICE OF THE PRESIDENT, Proclamation No. 10142, 86 Fed. Reg. 7225 (Jan. 27, 2021). The Proclamation further directed DHS to pause both the "work on each construction project on the southern border wall," as well as "the obligation of funds related to construction of the southern border wall," and instead develop a plan for redirection of those funds. *Id.* at Sec.1-2.

In this lawsuit, Plaintiffs alleged DHS's actions to implement the Proclamation were in violation of federal law, and unconstitutional. *See* 7:21-CV-00420, Dkt. No. 19 at 22. Plaintiffs

2

challenged, and sought to enjoin, DHS's obligation of the Appropriations in a manner inconsistent with their purpose. *See* 7:21-CV-00420, Dkt. No. 19 at 22.

On March 8, 2024, this Court granted Plaintiffs' Motion for a Preliminary Injunction in part (the "Preliminary Injunction"). *Gen. Land Off. v. Biden*, 722 F. Supp. 3d 710, 745 (S.D. Tex. 2024). The Preliminary Injunction was then converted to a Final Judgment and Permanent on May 29, 2924 (the "Permanent Injunction"). Dkt. No. 208.

**B.    Texas Sterling Intervention**

Texas Sterling, along with other border wall contractors, moved to intervene into this lawsuit in order to protect its interests related to a contract Texas Sterling was awarded by DHS, acting by and through Customs and Border Protection ("CBP"), related to construction on the southern border wall. *See* 7:21-CV-00420, Dkt. No. 172.

Specifically, in 2017, Texas Sterling was awarded a design-build, multiple award indefinite delivery/indefinite quantity task order contract, identified as Contract Number HSBP1017D00020, and then was subsequently issued task order 70B01C22F00000953 in 2022, for the design and construction of gaps and gates completion, legacy fence removal, and bollard panel completion on the existing border wall in the area of El Paso Zones 1 and 2 (the "Contract"). *Id*. at Ex. 2-3.

On or about March 28, 2024, the CBP Contracting Officer issued Texas Sterling a suspension of work, pursuant to FAR 52.242-14 (the "Suspension"). *See* 7:21-CV-00420, Dkt. No. 172 at Ex. 1. CBP identified the cause of the Suspension as the Preliminary Injunction. *Id*.

On or about September 17, 2024, the CBP Contracting Officer then issued Texas Sterling a termination notice, terminating the Border Wall Contract for convenience, pursuant to FAR 52.246-2, Atl. I ("Termination"). CBP identified the reason for the Termination was to again, comply with the Preliminary Injunction. *Id*.

The Court denied Texas Sterling's motion to intervene on May 29, 2024. *See* Dkt. No. 207. Texas Sterling, along with other border wall contractors and environmental groups, appealed the denial of its motion to intervene. Dkt. No. 211. The United States Court of Appeals for the Fifth Circuit reversed and remanded, holding Texas Sterling's motion to intervene was timely, and it had an interest in the litigation that would be impeded by denying intervention. Dkt. Nos. 259, 260. The Court then vacated the May 29, 2023 Permanent Injunction, and held the Preliminary Injunction remained in effect. Dkt. No. 274.

## II.     ARGUMENT

Federal courts are constitutionally limited to adjudicating only live "Cases" and "Controversies". U.S. Const. art. III, § 2. It is a well settled that federal courts cannot "give opinions upon moot questions" or "declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). Instead, an actual controversy must exist at all stages of litigation, not only "at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). *See also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

A case becomes moot **during** pendency of that case, when events occur that deprive the court of the ability to grant "'any effectual relief whatever' to the prevailing party." *Church of Scientology of Cal.*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). When a lawsuit seeks to enjoin the obligation of funds under a specific appropriation, the funds lapsing, or otherwise becoming unavailable, during the course of the lawsuit deprives the court of the ability to grant relief, and renders the action moot. *See Clarke v. United States,* 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) ("As this case became moot on November 20, 1989 with the lapse of the 1989 Appropriations Act, we vacate the district court's judgment and remand with directions to dismiss."). *See also Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 417 (2d Cir.

4

2015) *W. Virginia Ass'n of Cmty. Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1577 (D.C. Cir. 1984).

By its terms, the Preliminary Injunction enjoined and restrained the Defendants' prospective authority to obligate funds under the Appropriations to implement the Proclamation, in a manner that is inconsistent with the terms of the Appropriations. *Gen. Land Off.*, 722 F. Supp. 3d at 745. In support of Plaintiffs' application for the preliminary injunction, they were required to demonstrate their likelihood of suffering irreparable harm in the absence of preliminary relief. To do so, Plaintiffs alleged they have and would continue to suffer harm through the Defendants' failure to use the Appropriations to construct new border wall *See* 7:21-CV-00420, Dkt. No. 19 at 54.

Congress defines both the amount and the period of availability of federal appropriations. U.S. Const. art. I, § 9, cl. 7. Once an appropriation's period of availability expires, agencies lose authority to incur new obligations under that appropriation. See 31 U.S.C. § 1502(a); *City of Houston, Tex. v. Dep't of Housing & Urban Dev.,* 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("It is an elementary principle of the budget process that, in general, a federal agency's budgetary authority lapses on the last day of the period for which the funds were obligated.").

The Appropriations at issue were available for obligation for five fiscal years and therefore expired no later than September 30, 2025. See Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, § 209(a)(1), 133 Stat. 2317 (2019); Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, § 210, 134 Stat. 1182 (2020) (funds to be obligated within five years). See also 31 U.S.C. § 1552(a). The periods of availability for all challenged Appropriations have expired, and therefore Defendants can no longer obligate funds under those Appropriations. 31 U.S.C. § 1502(a). Expiration of the Appropriations eliminates Defendants' ability to engage in the

enjoined conduct of obligating funds to implement the Proclamation, by redirecting funds originally intended for construction of border wall. It further prevents Defendants from obligating funds to construct new border wall, which is Plaintiffs stated interest in the Appropriations. Therefore, the conduct Plaintiffs have challenged is legally impossible regardless of the continued existence of the Temporary Injunction, and the Temporary Injunction can no longer redress Plaintiffs' alleged injury.

Federal law requires dismissal where intervening events eliminate the possibility that injunctive relief can redress the plaintiff's alleged injury. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Because this Court has been deprived of the ability to grant relief to Plaintiff due to the expiration of the enjoined Appropriations, this case must be dismissed.

### III.   CONCLUSION

For these reasons, Texas Sterling requests the case be dismissed as moot.

Dated: March 9, 2026

        Respectfully submitted,

        SANDERFORD & CARROLL, P.C.

        /s/ *Shaina M. H. Swanson*
        Shaina M. H. Swanson
        Texas State Bar No. 24113500
        1002 Arbor Park Drive
        Suite 100
        Belton, Texas 76513
        Telephone: 254-773-8311
        Facsimile: 254-773-9175
        Email: Shaina@txconstructionlaw.com

        **ATTORNEY IN CHARGE FOR TEXAS STERLING CONSTRUCTION CO.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, I electronically filed a copy of the foregoing document. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Shaina M. H. Swanson*
Shaina M.H. Swanson