**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| THE GENERAL LAND OFFICE OF THE STATE OF TEXAS, and DAWN BUCKINGHAM, M.D., *in her official capacity as Commissioner of the Texas General Land Office*, | |
| Plaintiffs, | |
| v. | Civil Action No.: 7:21-CV-00272 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, *in her official capacity as Secretary of the United States Department. of Homeland Security*, | |
| Defendants, | |
| *and* | |
| TEXAS STERLING CONSTRUCTION CO., et al. | |
| Intervenor-Defendants. | |

| | |
|---|---|
| STATE OF MISSOURI; STATE OF TEXAS, | |
| Plaintiffs, | |
| v. | Civil Action No. 7:21-CV-00420 |
| DONALD J. TRUMP, *in his official capacity as President of the United States of America*; et al., | |
| Defendants, | |
| *and* | |
| TEXAS STERLING CONSTRUCTION CO., et al. | |
| Intervenor-Defendants. | |

1

**INTERVENOR TEXAS STERLING CONSTRUCTION CO.'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

This litigation is based on Plaintiffs request for injunctive relief to redress an injury they allege was caused by the Department of Homeland Security, Customs & Border Protection's ("DHS") inappropriate obligations of Fiscal Year 2020 ("FY20") and Fiscal Year 2021 ("FY21") appropriations. Following the lapse of the challenged Appropriations, this litigation is now moot. While Plaintiffs raise several speculative scenarios in which they argue the Federal Defendants could still use the enjoined Appropriations in a manner inconsistent with this Court's preliminary injunction, Plaintiffs have failed to establish that a live controversy exists, or that Plaintiffs have any legally cognizable interest in this litigation following the lapse in the Appropriations.

## I.     ARGUMENT

As the Defendants have briefed at length, federal courts are constitutionally limited to adjudicating only live "Cases" and "Controversies". U.S. Const. art. III, § 2. Courts recognize that mootness turns on whether effective relief remains available to the prevailing party. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).  Where intervening events render the enjoined conduct legally impossible, continuation of injunctive relief serves no operative function and the case becomes moot. *Id*.  Because the expiration of the Appropriations makes future obligations legally impossible, the enjoined conduct is now legally impossible.

While Plaintiffs concede that the Federal Defendants' no longer have the ability to obligate funds under the challenged Appropriations, Plaintiffs argue that their request for relief "never hinged exclusively on what was 'obligated,' but what is being spent." Pls.' Opp. At 2. However, the Preliminary Injunction specifically dealt with the obligations. The terms of the Preliminary enjoined and restrained the Defendants' prospective authority to **obligate** funds under the Appropriations to implement the Proclamation, in a manner that is inconsistent with the terms of

the Appropriations. *See Gen. Land Off.*, 722 F. Supp. 3d 710, 745 (S.D. Tex. 2024). The Preliminary Injunction did not invalidate those contracts or adjudicate contract remedies. Instead, it regulates prospective implementation of the Proclamation through the obligation of funds.

Under the federal budget process, a "federal agency's budgetary authority lapses on the last day of the period for which the funds were obligated." *City of Houston, Tex. v. Dep't of Housing & Urban Dev.,* 24 F.3d 1421, 1426 (D.C. Cir. 1994). As Plaintiffs stated, unallocated funds remain in an expired account for a period of five years. Pls.' Opp. At 2; *Westchester v. U.S. Dep't of Housing & Urban Dev.,* 778 F.3d 412, 417 n.8 (2d Cir. 2015). However, there is no ability to incur new obligations or implement allocation decisions prospectively related to expired funds. *See* 31 U.S.C. § 1553(a). Rather, expired appropriations remain available only to liquidate obligations that were properly incurred before expiration. *Id. See also Westchester v. U.S. Dep't of Housing & Urban Dev.,* 778 F.3d 412, 419 (2d Cir. 2015).

The availability of expired funds for liquidation does not preserve a live controversy over prospective obligations. Because expiration of appropriations is mandated by statute, the agency does not possess authority to revive or extend the ability to incur new obligations under those appropriations. *See* 31 U.S.C. § 1502(a). Because the Defendants can no longer allocate funds under the challenged Appropriations, the conduct Plaintiffs have challenged is legally impossible regardless of the continued existence of the Temporary Injunction. Therefore, the Temporary Injunction can no longer redress Plaintiffs' alleged injury.

When the Plaintiffs no longer have a legally cognizable interest in the outcome, the case becomes moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Regardless of whether the Plaintiffs disagree with the conduct of the other parties to the dispute, an actual controversy must remain that involves the <u>Plaintiffs</u>' legal rights, or the case is moot. *Id*. Specifically, a plaintiff

3

must identify the existence of "an injury in fact caused by the defendant and redressable by a court order." *United States v. Tex.*, 599 U.S. 670, 676 (2023) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A litigant must possess a "personal stake" in the dispute, as "courts do not opine on legal issues in response to citizens who might 'roam the country in search of governmental wrongdoing.'" *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) *(quoting Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 484 (1982)).

In support of Plaintiffs' application for a temporary injunction, Plaintiffs alleged continued harm through the Defendants' failure to use the Appropriations to construct new border wall. *See* 7:21-CV-00420, Dkt. No. 19 at 54. Because the Federal Defendants no longer have the ability to obligate funds under the challenged Appropriations, Plaintiffs no longer have an injury redressable by a court order. Further, Plaintiffs have identified no justiciable interest they have in what source of funds the federal government uses to settle existing debts to contractors, whether that be from previously obligated FY 20 and FY 21 funds, or through another source. Because this Court has been deprived of the ability to grant relief to Plaintiff due to the expiration of the enjoined Appropriations, this case must be dismissed.

## II.    CONCLUSION

For these reasons, this litigation is moot, and Texas Sterling Construction Co. ("TSC" or "Texas Sterling") requests the Court dismiss this case for lack of subject matter jurisdiction.


[Signature page follows]


4

Dated: April 27, 2026

Respectfully submitted,

SANDERFORD & CARROLL, P.C.

/s/ *Shaina M. H. Swanson*
Shaina M. H. Swanson
Texas State Bar No. 24113500
1002 Arbor Park Drive
Suite 100
Belton, Texas 76513
Telephone: 254-773-8311
Facsimile: 254-773-9175
Email: Shaina@txconstructionlaw.com

**ATTORNEY IN CHARGE FOR TEXAS
STERLING CONSTRUCTION CO.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed a copy of the foregoing document. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Shaina M. H. Swanson*
Shaina M. H. Swanson

5